FILED

'13 JUL 25 P 1:52

1   Kimberly A. Kralowec (Cal. Bar No. 163158)
    THE KRALOWEC LAW GROUP
2   188 The Embarcadero, Suite 800
    San Francisco, CA  94105
3   Telephone:    (415) 546-6800
    Facsimile:    (415) 546-6801
4   kkralowec@kraloweclaw.com

5   Lee S. Shalov (*pro hac vice* application to be filed)
    Brett Gallaway (*pro hac vice* application to be filed)
6   McLAUGHLIN & STERN, LLP
    260 Madison Avenue
7   New York, NY  10016
    Telephone:    (212) 448-1100
8   Facsimile:    (212) 448-0066
    lshalov@mclaughlinstern.com
9   bgallaway@mclaughlinstern.com

10  Louis Ginsberg (*pro hac vice* application to be filed)
    LAW FIRM OF LOUIS GINSBERG, P.C.
11  1613 Northern Blvd.
    Roslyn, NY  11576
12  Telephone:    (516) 625-0105 X.13
    lg@louisginsberglawoffices.com

13
    Attorneys for Plaintiffs and the Putative Classes
14

15

16                  **UNITED STATES DISTRICT COURT**

17                  **NORTHERN DISTRICT OF CALIFORNIA**

18                                          **CV  13  3451**
    AMANDA FRLEKIN and DEAN PELLE, on        Case No.
19  behalf of themselves and all others similarly
    situated,
20                                          **CLASS ACTION COMPLAINT**
                    Plaintiffs,
21                                          **JURY TRIAL DEMANDED**

22      v.

23  APPLE INC., a California corporation,

24                  Defendant.

25

26

27

28
─────────────────────────────────────────
                    COMPLAINT

1    Plaintiffs ("Plaintiffs"), on behalf of themselves and all other similarly situated persons, by and

2    through their undersigned counsel, allege upon personal knowledge as to themselves and upon

3    information and belief as to other matters (which is based on, among other things, their experiences at

4    Defendant's stores, review of Defendant's records, conversations with Defendant's employees and

5    investigation of their counsel), as follows:

6                                              **NATURE OF ACTION**

7        1.      Plaintiffs bring this action on behalf of themselves and all other similarly situated

8    current and former hourly paid and non-exempt Specialists, Lead Specialists and Expert Specialists

9    ("Specialists") and Managers, Senior Managers, Developmental Managers and Business Managers

10   ("Managers," and, together with Specialists, "Apple Hourly Employees") of Defendant Apple Inc.

11   ("Apple" or "Defendant"). The Defendant in this action, by virtue of its management and control over

12   the wages and work of Apple Hourly Employees, is an "employer" under applicable labor law.

13       2.      Apple operates as one of the world's largest global technology companies which

14   designs, manufactures and markets mobile communication and media devices, personal computers,

15   and portable digital music players, and sells a variety of related software, services, peripherals,

16   networking solutions, and third-party digital content and applications. Apple has a presence and retail

17   stores in 13 countries, including a permanent presence in California, and employs approximately

18   72,800 people, 42,400 of who work in Apple's retail segment.

19       3.      A Specialist's duties include customer support relating to retail sales of Apple

20   products and accessories. Specialists are also required to have knowledge of and be able to perform

21   light diagnostic checks on Apple hardware and software. A Manager's duties include overseeing the

22   Specialists and tending to customer-related needs. Managers are non-exempt hourly paid employees

23   who are entitled to overtime compensation.

24       4.      As particularized below, Apple has engaged and continues to engage in illegal and

25   improper wage practices that have deprived Apple Hourly Employees throughout the United States of

26   millions of dollars in wages and overtime compensation. These practices include requiring Apple

27   Hourly Employees to wait in line and undergo two off-the-clock security bag searches and clearance

28   checks when they leave for their meal breaks and after they have clocked out at the end of their shifts.

1    These "personal package and bag searches" are done for the sole benefit of Apple; are a uniform
2    practice and policy in all Apple retail stores nationwide; and are not imposed on Apple's customers.
3    This illegal practice and policy has been known to the Defendant for years and Apple continues to
4    require Apple Hourly Employees to endure these required but uncompensated security checks. For
5    these reasons, Plaintiffs bring this action on behalf of themselves and other Apple Hourly Employees
6    to recover unpaid wages, overtime compensation, penalties, interest, injunctive relief, damages and
7    reasonable attorneys' fees and costs under, among other statutes, the Fair Labor Standards Act (the
8    "FLSA") §§ 201 *et. seq.*, Cal. Lab. Code §§ 203, 226(e), 1194, and 1194.2 (the "CLC"), California
9    Unfair Competition Law, Cal Bus. & Prof Code §§ 17200 *et seq.*, and McKinney's Labor Law (the
10   "NYLL"), §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

12   5.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action
13   involves a federal statute, the FLSA, 29 U.S.C. §216(b).

14   6.    This Court has original jurisdiction over all claims in this action under the Class
15   Action Fairness Act ("CAFA") 28 U.S.C. 1332(d). This is a proposed class action in which: (a) there
16   are 100 or more members in each proposed class; (b) at least some members of each proposed class
17   have a different citizenship from the Defendant; and (c) the claims of the proposed class members
18   exceed $5,000,000.00 in the aggregate.

19   7.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law
20   wage and hour claims because those claims derive from a common nucleus of operative fact.

21   8.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §
22   1391(b)(1) and (2) because the Defendant is headquartered in this judicial district and a substantial
23   part of the events giving rise to the claims asserted herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

25   9.    This matter is properly assigned to the San Francisco Division of this District pursuant
26   to Civil Local Rule 3-2(c) because Defendant maintains numerous retail stores within the counties
27   comprising the San Francisco Division and employs numerous hourly non-exempt employees at those
28   locations, who, on information and belief, were subjected to Defendant's mandatory personal package

1   and bag search policy challenged by this action. As stated in Defendant's written rules, the mandatory
2   personal package and bag search policy "appl[ies] to all employees of Apple Inc. and participating
3   subsidiaries in the United States." *See* Apple Employee Policies. Therefore, a substantial part of the
4   events or omissions that give rise to the claims occurred within this Division within the meaning of
5   Civil Local Rule 3-2(c).

6                                              **THE PARTIES**

7   **Plaintiffs**

8        **Amanda Frlekin**

9        10.    Plaintiff, Amanda Frlekin, is a resident of Los Angeles, California. Ms. Frlekin was
10   employed by Apple on a full-time basis as a Specialist at its Century City retail store in Los Angeles,
11   California from August 2010 until April 2013. Ms. Frlekin was paid an hourly rate of between $12.10
12   and $15.60. Throughout Ms. Frlekin's employment at Apple, she was required to undergo personal
13   package and bag searches before she was permitted to leave the store for her uncompensated meal
14   breaks and before she was permitted to leave the store after she had clocked out at the end of her
15   shifts. These security checks were significant, integral, indispensable, not a de minimis task or request
16   and done solely for Apple's benefit to prevent employee pilferage. By way of example, during any
17   week of her employment from 2010 through 2013, Ms. Frlekin waited in line to undergo a "personal
18   package and bag search" for at least 5-10 minutes without compensation prior to leaving for all of her
19   uncompensated meal breaks and for at least 10 minutes prior to leaving at the end of all of her shift
20   once she had already clocked out. As a specific example, Ms. Frlekin was required to wait in line for
21   off-the-clock security checks before leaving for her meal break and at the end of her shift for 10–15
22   minutes every day during the week of January 8, 2013 to January 12, 2013. However, because of
23   Defendant's improper uncompensated security check policies as described more fully below, Ms.
24   Frlekin was deprived of wages as required by the FLSA and CLC. During any given week, Ms.
25   Frlekin worked approximately 50 minutes to 1.5 hours of uncompensated overtime. By conservative
26   calculations, this equated over the course of one year to an aggregate amount of approximately $1,500
27   in uncompensated hours worked and overtime.

28

11.     Supervisors employed at Apple retail stores, including Ms. Frlekin's store, had knowledge of and required Plaintiffs to undergo these uncompensated security screenings in accordance with Apple's corporate policy. Supervisors in Ms. Frlekin's California store who were aware of these uncompensated personal package and bag searches include: (1) Danya Bonett, the Store Leader; (2) Erik Kinder, a Senior Manager; (3) Breian Krink, a Senior Store Manager; (4) Heather Harte, a Store Manager; (5) Andrew Chantra, a Store Manager; and (6) Greg Schnieder, a Store Manager. These and other supervisors permitted, required and enforced the corporately derived and mandated security checks and requested that Ms. Frlekin and others similarly situated perform these integral and indispensable duties without proper wages or overtime compensation.

**Dean Pelle**

12.     Plaintiff, Dean Pelle, is a resident of Brooklyn, New York. Mr. Pelle was employed by Apple on a full-time basis as a Specialist at Apple's Lennox Mall retail store in Atlanta, Georgia from 2007 until 2008, then in Apple's Wellington Beach retail store in West Palm Beach, Florida from 2008 until 2009, and finally in Apple's West 14th Street retail store in New York, New York from 2009 until March of 2013. Mr. Pelle was paid an hourly rate of approximately $18.75. Throughout Mr. Pelle's employment at Apple, he was required to undergo personal package and bag searches before he was permitted to leave the store for his uncompensated meal break and before he was permitted to leave the store after he had clocked out at the end of his shift. These security checks were significant, integral, indispensable, not a de minimis task or request and done solely for Apple's benefit to prevent employee pilferage. By way of example, during any week of his employment from 2008 through 2013, Mr. Pelle waited in line to undergo a "personal package and bag search" for at least 5 minutes without compensation prior to leaving for all of his uncompensated meal breaks and for at least 10 minutes prior to leaving at the end of all of his shift once he had already clocked out. As a specific example, Mr. Pelle was required to wait in line for off the clock security checks before leaving for his meal break and at the end of his shift for 10–15 minutes every day during the week of February 19, 2013 to February 23, 2013. As a further specific example, Mr. Pelle was required to wait in line for off the clock security checks before leaving for his meal break and at the end of his shift for 10–15 minutes every day during the week of March 5, 2013 to March 9, 2013. However,

1    because of Defendant's improper uncompensated security check policies as described more fully
2    below, Mr. Pelle was deprived of wages as required by the FLSA and NYLL. During any given
3    week, Mr. Pelle worked approximately 50 minutes to 1.5 hours of uncompensated overtime. By
4    conservative calculations, this equated over the course of one year to an aggregate amount of
5    approximately $1,400 in uncompensated hours worked and overtime.

6        13.    Supervisors employed at Apple retail stores, including Mr. Pelle's store, had
7    knowledge of and required that Apple Hourly Employees undergo these uncompensated security
8    screenings.   Supervisors who were aware of these uncompensated "personal package and bag
9    searches" include: (1) Arik Nagel, a Developmental Manager from the West 14th Street store location
10   in New York; (2) Anthony Allicock, a Developmental Manager from the West 14th Street store
11   location in New York; and (3) Peter Jordan, a Senior Manager from the West 14th Street store
12   location in New York. These supervisors, along with numerous others permitted, required and
13   enforced the corporately derived and mandated security checks and requested that Mr. Pelle and
14   others similarly situated perform these integral and indispensable duties without proper straight wages
15   or overtime compensation.

16       **Defendant**

17       14.    Apple is a publically traded company which conducts business throughout the United
18   States and abroad. It was established and incorporated under the laws of California and has its
19   principal headquarters in California.

20       15.    Apple designs, manufactures and markets mobile communication and media devices,
21   personal computers, and portable digital music players, and sells a variety of related software,
22   services, peripherals, networking solutions, and third-party digital content and applications. Apple
23   employs approximately 72,800 people, 42,400 of whom work in Apple's retail segment.
24   Additionally, Apple operates out of 13 countries, has approximately 390 retail stores and generated
25   net sales of $156.5 billion in 2012.

26       16.    The wages and hours and all of Defendant's related employee compensation policies
27   are and were centrally and collectively dictated, controlled, and ratified. As such, Defendant had the
28   power to control the wage policies and practices described herein through its oversight of day-to-day

1 | operating procedures, control over employee work schedules, ability to determine employees' rate of
2 | pay, and ability to control Apple's record keeping practices. As such, Defendant is the "employer" –
3 | single, joint or otherwise – of Plaintiffs and other members of the proposed classes described below.

4 | ## FACTUAL ALLEGATIONS

5 | ### Background

6 | 17. Apple has thousands of hourly paid non-exempt Specialists and Managers. Each
7 | Specialist and Manager is employed at a specific Apple retail store, including Plaintiff Amanda
8 | Frlekin's Century City store location in California.

9 | 18. Each Apple retail store has numerous managers who are responsible for overseeing the
10 | Specialists and assigning daily tasks. These Managers, who are hourly paid, non-exempt employees,
11 | are subject to the same "personal package and bag searches" as those conducted upon Specialists and
12 | are members of the putative class that Plaintiffs seek to represent. However, Supervisors and others
13 | with executive positions who are paid fixed salaries are not members of the classes that Plaintiffs seek
14 | to represent in this action.

15 | 19. Apple hired Plaintiffs and promised to pay hourly wages for their work. On average,
16 | full-time Specialists are paid between minimum wage and $18.75 per hour and have a standard work
17 | week of 40 hours. Moreover, each full-time employee is entitled to a daily unpaid meal break of one
18 | hour.

19 | 20. Apple Hourly Employees are required to clock in when they arrive at work, clock out
20 | when they go on a meal break, clock in when they return from a meal break and clock out when they
21 | leave for the day. The time-keeping system and the procedures for using it are the same at each Apple
22 | retail store. In this regard, Apple uses time tracking software developed by Kronos Inc. The software
23 | requires Apple Hourly Employees to enter a username and password to clock in and clock out each
24 | day.

25 | #### Apple's Personal Package and Bag Check Policy Deprives Employees of Compensation When They Perform Services For The Defendant's Benefit

26 |
27 | 21. Pursuant to a uniform nationwide policy originated by Apple, "[a]ll employees,
28 | including managers and Market Support employees, are subject to personal package and bag
searches." *See* Apple Employee Conduct Manual. If an Apple Hourly Employee refuses to submit to

1    this security screening or deviated from the corporate policy in any way, it "could result in

2    disciplinary action, up to and including termination." *See* Apple Employee Policies. Apple Hourly

3    Employees were and are required to wait in line and be searched for potential or possible store items

4    or merchandise taken without permission and/or other contraband. Thus, at the discretion and control

5    of the Defendant and solely for its benefit, Plaintiffs and other Apple Hourly Employees were and are

6    required to wait in line for security checks for at least 10–15 minutes each day before leaving for their

7    meal break and at the end of their shift after they had already clocked out. This daily 10–15 minute

8    uncompensated waiting time during security checks was done in order to undergo searches for

9    possible contraband and/or pilferage of inventory. Because such screening is designed to prevent and

10    deter employee theft, a concern that stems from the nature of the employee's work (specifically, their

11    access to high value electronics and merchandise), the security checks and consequential wait time are

12    necessary to the employee's primary work as retail Specialists and done solely for Apple's benefit.

13       22.    A large number of Specialists and Managers leave for lunch at the same time and/or

14    end their shift at the same time. This creates lengthy lines and backups for managers, members of the

15    security team and others authorized to conduct security screenings who are often times engaged in

16    other job related duties. As a result, Apple Hourly Employees are forced to wait in these lines and

17    undergo lengthy off-the-clock security screenings before they are allowed to leave the premises. This

18    work, done primarily for the employer's benefit, is time which Apple Hourly Employees should be,

19    but are not compensated for, both straight hours and overtime hours worked in excess of 40 in a week

20    or, in California, in excess of 8 in a day.

21       23.    Apple's corporate employee conduct policy mandates and requires that Specialists

22    "[f]ind a Manager or member of the security team (where applicable) to search [their] bags and

23    packages before [they] left the store." *See* Apple Employee Conduct Manual. Additionally, the

24    policy forbids Specialists and Managers from leaving the store "prior to having [their] personal

25    package or bag searched by a member of management or the security team (where applicable)." *Id.*

26    Furthermore, these policies are uniform throughout every Apple retail store and "apply to all

27    employees of Apple Inc. and participating subsidiaries in the United States." *See* Apple Employee

28    Policies. Thus, these uncompensated wait times and security screenings unlawfully deprive all

1 | Specialists in Apple's retail stores throughout the country of proper compensation.

2 | **FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

3 | 24.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

4 | 25.     Plaintiffs, Amanda Frlekin and Dean Pelle, bring the FLSA collective claim described

5 | below on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. §§ 207

6 | and 216(b), specifically, on behalf of:

7
8
9
10 | All Apple Hourly Employees who worked in an Apple, Inc. retail store in the United States, who are or were employed within the three years preceding the filing of this action by the Defendant, and who were: (a) not compensated for off-the-clock time spent waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

11 | 26.     Excluded from the FLSA Collective Class are Defendant, its legal representatives,

12 | officers, directors, assigns, and successors, or any individual who has or had a controlling interest in

13 | Apple.  Also excluded are persons and entities who submit timely and otherwise proper requests for

14 | exclusion from the FLSA Collective Class.

15 | 27.     Plaintiffs are unable to state the exact number of class members without discovery of

16 | Defendant's books and records but estimate the class to exceed several thousand individuals.

17 | 28.     Defendant improperly benefited from Plaintiffs' and the FLSA Collective Class

18 | members' uncompensated work while waiting in lengthy security check lines and undergoing personal

19 | package and bag searches.  Defendant also failed to pay Plaintiffs and members of the FLSA

20 | Collective Class time-and-one-half their regular rate of pay for hours worked beyond forty hours in a

21 | workweek.

22 | 29.     Defendant's unlawful conduct has been widespread, repeated and consistent.

23 | Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to

24 | Plaintiffs and the FLSA Collective Class.

25 | 30.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and

26 | the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class.

27 | There are numerous similarly situated, current and former employees of the Defendant who have been

28 | denied wages in violation of the FLSA who would benefit from the issuance of a Court-supervised

1   notice of the present lawsuit and the opportunity to join in the action. Those similarly situated

2   employees are known to Defendant and are readily identifiable through Defendant's records.

3   ## CALIFORNIA STATE LAW CLASS ACTION ALLEGATIONS

4       31.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

5       32.    Plaintiff Amanda Frlekin brings the California state claims described below on behalf

6   of herself and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf

7   of a Class consisting of:

8       All Apple Hourly Employees who worked in an Apple, Inc. retail store in the State of
9       California, who are or were employed within the four years preceding the filing of this
    action by the Defendant, and who were: (a) not compensated for off-the-cock time
10       spent waiting in security screening lines and undergoing personal package and bag
    searches before being allowed to leave the premises; and/or (b) were not fully
11       compensated for this time worked over eight hours per day and/or forty hours per week
    at overtime rates (the "California Class").

12       33.    Excluded from the California Class are Defendant, its legal representatives, officers,

13   directors, assigns, and successors, or any individual who has or had a controlling interest in Apple.

14   Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion

15   from the California Class.

16       34.    Apple operates numerous facilities and employs thousands of Apple Hourly

17   Employees in California and systematically fails and refuses to pay them for all compensable hours

18   worked. The members of the California Class are so numerous that joinder of all members in one

19   proceeding is impracticable.

20       35.    Plaintiff's claims are typical of the claims of other California Class members because

21   they were hourly-wage, non-exempt employees who were not compensated for work performed at the

22   employer's request while waiting in lengthy security check lines and undergoing personal package and

23   bag searches. Plaintiffs and other California Class members have sustained similar types of damages

24   as a result of Defendant's failure to comply with the CLC. Plaintiffs and other California Class

25   members have been injured in that they have been uncompensated or under-compensated due to

26   Defendant's common policies, practices, and patterns of conduct.

27

28

36.     Plaintiffs will fairly and adequately protect the interests of the California Class. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiffs and the California Class.

37.     Common questions of law and fact exist as to the California Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a)     Whether Defendant failed and/or refused to pay Plaintiffs and the California Class for all of the compensable time that they worked for Defendant while waiting in lengthy security check lines and undergoing personal package and bag searches in violation of the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200 *et seq.*, and the CLC and related regulations (CLC §§ 510, 1194, and 1197 and Cal Wage Order No. 4);

(b)     Whether Defendant failed to keep true and accurate time records for all hours worked by their employees as required by CLC § 226;

(c)     Whether Defendant correctly compensated members of the California Class for hours worked in excess of forty per workweek;

(d)     Whether Defendant correctly compensated members of the California Class for hours worked in excess of eight per day;

(e)     Whether Defendant engaged in a pattern and/or practice in California of forcing, coercing, and/or permitting Plaintiffs and California Class members to perform work for Defendant's benefit which was not compensated;

(f)     Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

(g)     Whether Defendant failed to comply with CLC §§ 201 and 202 *et seq.* and is thus subject to a waiting time penalty under CLC § 203; and

(h)     The nature and extent of class-wide injury and the measure of damages for those injuries.

1       38.    Class action treatment is superior to any alternatives for the fair and efficient

2   adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly

3   situated persons to prosecute their common claims in a single forum simultaneously, efficiently and

4   without the duplication of effort and expense that numerous individual actions would entail.

5   Individual class members' damages are inadequate to justify the costs of prosecuting their claims in

6   any manner other than a class action. No difficulties are likely to be encountered in the management

7   of this class action that would preclude its maintenance as a class action, and no superior alternative

8   exists for the fair and efficient adjudication of this controversy. Members of the California Class are

9   readily identifiable from Defendant's own records.

10       39.    Prosecution of separate actions by individual members of the California Class would

11   create the risk of inconsistent or varying adjudications with respect to individual members of the

12   California Class that would establish incompatible standards of conduct for the Defendant.

13       40.    Without a class action, Defendant will retain the benefit of its wrongdoing and will

14   continue a course of action that will result in further damages to Plaintiffs and the California Class.

15                                 **NEW YORK CLASS ACTION ALLEGATIONS**

16       41.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

17       42.    Plaintiff, Dean Pelle, brings the New York state claims described below on his own

18   behalf and as a class action pursuant to Federal Rule 23 on behalf of a Class consisting of:

19           All Apple Hourly Employees who worked in an Apple, Inc. retail store in the State of
        New York, who are or were employed within the six years preceding the filing of this

20           action by the Defendant, and who were: (a) not compensated for off-the-clock time
        spent waiting in security screening lines and undergoing personal package and bag

21           searches before being allowed to leave the premises; and/or (b) were not fully
        compensated for this time worked over forty hours per week at overtime rates (the

22           "New York Class").

23       43.    Excluded from the New York Class are Defendant, its legal representatives, officers,

24   directors, assigns, and successors, or any individual who has or had a controlling interest in Apple.

25   Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion

26   from the New York Class.

27       44.    Apple operates numerous facilities and employs thousands of Apple Hourly

28   Employees in New York State and systematically fails and refuses to pay them for all compensable

1   hours worked. The members of the New York Class are so numerous that joinder of all members in
2   one proceeding is impracticable.

3       45.    Plaintiff's claims are typical of the claims of other New York Class members because
4   they were hourly-wage employees who were not compensated for work performed at the employer's
5   request while waiting in lengthy security check lines and undergoing personal package and bag
6   searches. Plaintiff and other New York Class members have sustained similar types of damages as a
7   result of Defendant's failure to comply with the NYLL. Plaintiff and other New York Class members
8   have been injured in that they have been uncompensated or under-compensated due to Defendant's
9   common policies, practices, and patterns of conduct.

10      46.    Plaintiffs will fairly and adequately protect the interests of the New York Class.
11  Plaintiffs have retained counsel competent and experienced in complex class action and wage and
12  hour litigation. There is no conflict between Plaintiff and the New York Class.

13      47.    Common questions of law and fact exist as to the New York Class that predominate
14  over any questions solely affecting them individually and include, but are not limited to, the
15  following:

16          (a)    Whether Defendant failed and/or refused to pay Plaintiffs and the New York
17                 Class for all of the compensable time that they worked for Defendant while
18                 waiting in lengthy security check lines and undergoing personal package and
19                 bag searches;

20          (b)    Whether Defendant failed to keep true and accurate time records for all hours
21                 worked by their employees as required by New York Labor Law §§ 190 *et seq.*
22                 and 654 *et seq.*;

23          (c)    Whether Defendant correctly compensated members of the New York Class
24                 for hours worked in excess of forty per workweek;

25          (d)    Whether Defendant failed to comply with the posting and notice requirements
26                 of the NYLL;

27          (e)    Whether Defendant engaged in a pattern and/or practice in New York of
28                 forcing, coercing, and/or permitting Plaintiff and New York Class members to

1       perform work for Defendant's benefit which was not compensated;

2           (f)     Whether Defendant's policy of failing to pay workers was instituted willfully

3                   or with reckless disregard of the law; and

4           (g)     The nature and extent of class-wide injury and the measure of damages for

5                   those injuries.

6       48.     Class action treatment is superior to any alternatives for the fair and efficient

7   adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly

8   situated persons to prosecute their common claims in a single forum simultaneously, efficiently and

9   without the duplication of effort and expense that numerous individual actions would entail.

10   Individual class members' damages are inadequate to justify the costs of prosecuting their claims in

11   any manner other than a class action.  No difficulties are likely to be encountered in the management

12   of this class action that would preclude its maintenance as a class action, and no superior alternative

13   exists for the fair and efficient adjudication of this controversy.  Members of the New York Class are

14   readily identifiable from Defendant's own records.

15       49.     Prosecution of separate actions by individual members of the New York Class would

16   create the risk of inconsistent or varying adjudications with respect to individual members of the New

17   York Class that would establish incompatible standards of conduct for the Defendant.

18       50.     Without a class action, Defendant will retain the benefit of its wrongdoing and will

19   continue a course of action that will result in further damages to Plaintiffs and the New York Class.

20                           **FIRST CLAIM FOR RELIEF**

21                       **Violations of the Fair Labor Standards Act**

22               **(On Behalf of All Plaintiffs and the FLSA Collective Class)**

23       51.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

24       52.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged

25   in interstate commerce and/or in the production of goods for commerce, within the meaning of the

26   FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ,

27   employees, including Plaintiffs and each of the members of the FLSA Collective Class.

28

53.     Plaintiffs consent in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of Plaintiffs' Opt-in forms.  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

54.     The FLSA requires each covered employer such as the Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.  The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

55.     Plaintiffs and the members of the FLSA Collective Action were and are entitled to be paid minimum wage and overtime compensation for all hours worked.

56.     Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiffs and the members of the FLSA Collective Class for all of their hours worked in excess of 40 hours per week.  Plaintiffs do not assert any claims for "Gap Time" (uncompensated work performed under 40 hours per week) under the FLSA.

57.     By failing to compensate Plaintiffs and the members of the FLSA Collective Class for minimum wage and overtime compensation, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*.

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek damages in the amount of their unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

60.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek recovery of attorney's fees and costs, to be paid by the Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**Violations of the California Labor Code – Nonpayment of Minimum and Overtime Wages
(Cal. Lab. Code §§ 1194, 1194.2)**

**(On Behalf of Plaintiff Amanda Frlekin and the California Class)**

61.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

62.     Plaintiff Amanda Frlekin and members of the California Class were employees of Apple, while Apple was the employer of Plaintiffs and members of the California Class within the meaning of the California Labor Code and Wage Order 4.

63.     Defendants have willfully failed to pay the minimum and overtime wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff Frlekin and members of the California Class.

64.     Plaintiff Frlekin and members of the California Class were entitled to be paid no less than minimum wage for all hours worked up to forty in a workweek, and overtime compensation at not less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours per day and/or forty hours in a workweek pursuant to Cal. Lab. Code § 510.

65.     Apple was not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the California Class' unpaid minimum or overtime wages sought in this lawsuit.

66.     Apple was not authorized by Plaintiff or any California Class members to withhold, divert or deduct any portion of their unpaid minimum or overtime wages sought in this lawsuit.

67.     Pursuant to Cal. Lab. Code § 1194, employers such as Defendant who fail to pay an employee minimum or overtime wages in conformity with California law shall be liable to the employee for those unpaid wages, plus interest, reasonable attorneys' fees, and costs of suit. Pursuant to Cal. Lab. Code § 1194.2, employers such as Defendant who fail to pay an employee at least the minimum wage for all hours worked shall be liable to the employee for liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

68.     Apple has violated the CLC by failing to pay Plaintiff and the members of the California Class minimum wages for all compensable time and by failing to pay Plaintiff and the members of the California Class for overtime payable at one and one-half times the employees' regular rates of pay.

69.     Plaintiff, on behalf of herself and the California Class, seeks the amount of underpayments based on Defendant's failure to pay wages of at least the minimum wage and uncompensated overtime for all hours worked, as provided by the CLC, plus interest, liquidated

1  damages, attorneys' fees, costs, and such other legal and equitable relief as the Court deems just and

2  proper.

3  ## THIRD CLAIM FOR RELIEF

4  ### Violations of the California Unfair Competition Law
   ### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

5  **(On Behalf of Plaintiff Amanda Frlekin and the California Class)**

6  70.  The preceding paragraphs are incorporated by reference as if fully set forth herein.

7  71.  The California Unfair Competition Law ("UCL") prohibits Defendant from engaging

8  in unfair competition, which means "any unlawful, unfair or fraudulent business act or practice." Cal.

9  Bus. & Prof. Code §§ 17200 *et seq.*

10  72.  Defendant's conduct alleged above constitutes an "unlawful" business act or practice

11  within the meaning of the UCL because it violates each of the following laws:

12      (a)  Cal. Lab. Code § 1197 (requiring payment of at least minimum wage for all

13          hours worked);

14      (b)  Cal. Lab. Code § 510 (requiring payment of overtime at the rate of one-and-

15          one-half times the employee's regular rate of pay for all hours worked in

16          excess of eight in a day or 40 in a week);

17      (c)  Cal. Lab. Code §§ 201 and 202 (requiring timely payment to employees who

18          have been discharged or quit of all wages earned and unpaid);

19      (d)  IWC Wage Order 4 (8 Cal. Code Regs. § 11040); and

20      (e)  The FLSA.

21  73.  Plaintiff Frlekin lost money or property as a result of Defendant's unlawful conduct,

22  because if Defendant had complied with the law, Plaintiff Frlekin would have been timely paid at least

23  minimum wage for all time spent waiting in lengthy security check lines and undergoing personal

24  package and bag searches, and she would have been paid overtime for all such time worked that

25  exceeded eight hours in a day or forty hours in a week.

26  74.  Plaintiff Frlekin and members of the California Class are entitled to restitution of all

27  sums Defendant may have acquired by means of Defendant's unlawful conduct, as well as injunctive

28  relief, costs of suit, and such other relief as the Court may deem proper.

- 16 -
COMPLAINT

## FOURTH CLAIM FOR RELIEF

### Violations of California Labor Code – Wage Statement Penalties
### (Cal. Lab. Code § 226)

### (On Behalf of Plaintiff Amanda Frlekin and the California Class)

75.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

76.    Cal. Labor Code § 226(a) requires every employer, including Defendant, to furnish each employee, semimonthly or at the time of each payment of wages, an accurate itemized wage statement, in writing, showing the total hours worked by the employee and the net wages earned. Similarly, Wage Order 4 requires employers to keep accurate information regarding each employee, including time records showing when the employee begins and ends each work period, and total hours worked in the payroll period. 8 Cal. Code Regs. § 11040, ¶7(A).

77.    Defendant violated section 226(a) and Wage Order 4 by failing to maintain accurate records and by failing to furnish each employee with accurate itemized wage statements either semimonthly or for each pay period that reflected all time spent waiting in line for security checks and undergoing personal package and bag searches.  Defendant's refusal to properly record this time, to include it in its itemized wage statements, or to properly pay its employees for this time was willful and intentional. As a result of these violations, Plaintiff and members of the California Class suffered injury because they were not paid for all hours worked.

78.    Pursuant to Cal. Labor Code § 226(e), Plaintiff and each member of the California Class is entitled to a penalty in the amount of $50 for the initial pay period in which a violation occurred, and a penalty of $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, as well as costs of suit and attorneys' fees. Pursuant to Cal. Labor Code § 226(f), each currently-employed member of the California Class is entitled to injunctive relief to ensure Defendant's compliance with section 226.

## FIFTH CLAIM FOR RELIEF

### Violations of California Labor Code – Waiting Time Penalties
### (Cal. Lab. Code §§ 201, 202, 203)

### (On Behalf of Plaintiff Amanda Frlekin and the California Class)

79.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

- 17 -

1    80.    Cal. Lab. Code § 203 states that if an employer willfully refuses to pay, without
2  abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee
3  who is discharged or who quits, the employee's wages shall continue as a penalty for up to 30 days
4  from the due date, until paid or until an action to recover those wages is commenced.

5    81.    Plaintiff Frlekin and members of the California Class who are no longer employed by
6  Defendant were entitled to timely payment, upon cessation of their employment, of at least minimum
7  wage for all time spent waiting in line for security checks and undergoing personal package and bag
8  searches, and to overtime wages for such time that exceeded 8 hours in a day or 40 hours in a week.
9  Defendant's refusal to timely pay such wages was willful.  Defendant knew or should have known that
10  such wages were due and payable to Plaintiff and the California Class, yet failed to pay them in a
11  timely manner, as required by sections 201 and 202.  Those wages remain unpaid.

12    82.    Pursuant to Labor Code section 203, Plaintiff and each member of the California Class
13  who is no longer employed by Defendant is entitled to a penalty in the amount of his or her daily wage
14  multiplied by 30 days.

15                                **SIXTH CLAIM FOR RELIEF**

16              **Violations of New York Labor Law – Nonpayment of Straight Wages**

17                 **(On Behalf of Plaintiff Dean Pelle and the New York Class)**

18    83.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

19    84.    Pursuant to New York Labor Law §§ 190, 191, 193, 198 and 652, Defendant has
20  willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint
21  to Plaintiff Dean Pelle and the New York Class in violation of New York Labor Law §§ 190, 191,
22  193, 198 and 652 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

23    85.    Defendant was not and is not permitted by state or federal law, or by order of a court
24  of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the New York Class'
25  wages that concern this lawsuit.

26    86.    Defendant was not authorized by Plaintiff or any New York Class members to
27  withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

28

                                          - 18 -

87.     Pursuant to New York Labor Law § 198, employers such as the Defendant who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

88.     Defendant has violated the New York Labor Law by failing to pay Plaintiff and the members of the New York Class for all compensable time and by failing to pay Plaintiff and the members of the New York Class for the straight time worked at the established rate.

89.     Plaintiff, on behalf of himself and the New York Class, seek the amount of underpayments based on Defendant's failure to pay straight wages of at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF

### Violations of New York Labor Law – Unpaid Overtime

### (On Behalf of Plaintiff Dean Pelle and the New York Class)

90.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

91.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to the Defendant and protect Plaintiff and the members of the New York Class.

92.     Defendant has failed to pay Plaintiff and members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

93.     By Defendant's knowing and/or intentional failure to pay Plaintiff and the members of the New York Class overtime wages for hours worked in excess of forty hours per week, it has willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

94.     Due to Defendant's violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from the Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, all Plaintiffs, individually and on behalf of the FLSA Collective Class, seek the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs as the Representatives of the FLSA Collective Class;

C.      Appointment of Plaintiffs' counsel as Lead Counsel for the FLSA Collective Class;

D.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and injunctive relief requiring termination or modification of the unlawful practices challenged in this Complaint, including Defendant's improper requirement that Apple Hourly Employees wait in lengthy security check lines and undergo personal package and bag searches without compensation for their time;

E.      An award of damages, according to proof, including but not limited to unpaid overtime wages and lost benefits, to be paid by the Defendant;

F.      An award of costs incurred herein, including expert fees;

G.      An award of attorneys' fees pursuant to 29 U.S.C. § 216;

H.      An award of pre-judgment and post judgment interest, as provided by law; and

I.      All such other relief as this Court shall deem just and proper.

1        **WHEREFORE**, Plaintiff Amanda Frlekin, individually and on behalf of the California Class,

2   seeks the following relief:

3        A.      Certification of this action as a class action pursuant to Federal Rule 23 and the

4   appointment of Plaintiffs as the representative of the California Class and Plaintiffs' counsel as Lead

5   Counsel for the California Class;

6

7        B.      An award to Plaintiff and members of the California Class of damages for the amount

8   of unpaid minimum wages in addition to interest subject to proof;

9        C.      An award to Plaintiff and members of the California Class of damages for the amount

10  of unpaid overtime in addition to interest subject to proof;

11       D.      An award to Plaintiff and members of the California Class of any waiting time

12  penalties under § 203 *et seq*. of the CLC;

13

14       E.      An award to Plaintiff and members of the California Class of any itemized wage

15  statement penalties under § 226 of the CLC;

16       F.      An award to Plaintiff and members of the California Class of restitution under the

17  UCL;

18       G.      An award to Plaintiff and the members of the California Class of reasonable attorneys'

19  fees and costs pursuant to the CLC;

20       H.      An award of pre- and post-judgment interest on all monetary relief prayed for above,

21  as may be permitted by law;

22

23       I.      An award of attorneys' fees pursuant to sections 226(e) and 1194 of the CLC and/or

24  pursuant to Cal. Code of Civ. Procedure section 1021.5;

25       J.      An award of costs of suit;

26       K.      A declaratory judgment that the practices complained of herein are unlawful under the

27  CLC and/or the UCL, and injunctive relief requiring termination or modification of the unlawful

28

1    practices challenged in this Complaint, including Defendants' improper requirement that Apple

2    Hourly Employees wait in lengthy security check lines and undergo personal package and bag

3    searches without compensation for their time;

4         L.      All such other relief as this Court shall deem just and proper.

5
         **WHEREFORE,** Plaintiff Dean Pelle, individually and on behalf of the New York Class,
6
7    seeks the following relief:

8         A.      Certification of this action as a class action under Rule 23 and the appointment of

9    Plaintiff as the representatives of the New York Class and Plaintiff's counsel as Lead Counsel for the

10   New York Class;

11
          B.      An award to Plaintiff and members of the New York Class of damages for the amount
12
     of unpaid straight wages in addition to interest subject to proof;
13

14        C.      An award to Plaintiff and members of the New York Class of damages for the amount

15   of unpaid overtime in addition to interest subject to proof;

16        D.      An award to Plaintiff and members of the New York Class of reasonable attorneys'

17   fees and costs pursuant to the NYLL;

18        E.      A declaratory judgment that the practices complained of herein are unlawful under the

19   NYLL, and injunctive relief requiring termination or modification of the unlawful practices

20
     challenged in this Complaint, including Defendant's improper requirement that Apple Hourly
21
22   Employees wait in lengthy security check lines and undergo personal package and bag searches

23   without compensation for their time;

24        F.      All such other relief as this Court shall deem just and proper.

25

26

27

28

                                              - 22 -
                                          COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all

issues so triable.

DATED: July 25, 2013

By: _____

Kimberly A. Kralowec

Kimberly A. Kralowec (Cal. Bar No. 163158)
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone:     (415) 546-6800
Facsimile:      (415) 546-6800
*kkralowec@kraloweclaw.com*

Lee S. Shalov
Brett Gallaway
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone:     (212) 448-1100
Facsimile:      (212) 448-0066
*lshalov@mclaughlinstern.com*
*bgallaway@mclaughlinstern.com*

Louis Ginsbeg
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, NY 11576
Telephone:     (516) 625-0105
*lg@louisginsberglawoffices.com*

Attorneys for Plaintiffs and the Putative Classes

# EXHIBIT A

I consent to be a party plaintiff in a lawsuit against Apple Inc. and/or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Law Firm of Louis Ginsberg, P.C. and McLaughlin & Stern, LLP to represent me in such a lawsuit.

06/21/2013

Signature                                          Dated

Amanda-Faith Frlekin
Full Legal Name (print)

REDACTED

Address

REDACTED

City, State                                        Zip Code

I consent to be a party plaintiff in a lawsuit against Apple Inc. and or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Law Firm of Louis Ginsberg, P.C. and McLaughlin & Stern, LLP to represent me in such a lawsuit.

Signature                    Dated 5/29/13

Full Legal Name (print)

REDACTED

Address

REDACTED

City, State                  Zip Code