KIMBERLY A. KRALOWEC (Cal. Bar No. 163158)
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, Ca 94105
Telephone:    (415) 546-6800
Facsimile:    (415) 546-6801
kkralowec@kraloweclaw.com

LEE S. SHALOV (admitted *pro hac vice*)
BRETT GALLAWAY (admitted *pro hac vice*)
Mclaughlin & Stern, LLP
260 Madison Avenue
New York, Ny 10016
Telephone:    (212) 448-1100
Facsimile:    (212) 448-0066
lshalov@mclaughlinstern.com
bgallaway@mclaughlinstern.com

LOUIS GINSBERG (admitted *pro hac vice*)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, Ny 11576
Telephone:    (516) 625-0105 X.13
lg@louisginsberglawoffices.com

Attorneys for Plaintiffs Amanda Frlekin, Dean Pelle,
Adam Kilker, Brandon Fisher and the Putative Classes

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN and DEAN PELLE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 13-cv-3451-WHA<br><br>**DECLARATION OF LEE S. SHALOV IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, COURT AUTHORIZED NOTICE PURSUANT TO SECTION 216(B) OF THE FLSA, AND APPOINTMENT OF INTERIM COUNSEL** |
| ADAM KILKER and BRANDON FISHER on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Defendant. | CASE NO. 13-cv-3775-WHA |

DECLARATION OF LEE SHALOV
Case No. 13-cv-3451-WHA

I, Lee S. Shalov, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Partner at McLaughlin & Stern, LLP, attorneys for Plaintiffs in these actions. I am in good standing admitted to practice in the State of New York and am admitted *pro hac vice* before this Court. I make this declaration in support of Plaintiffs' Motion for Conditional Certification, Court Authorized Notice Pursuant to Section 216(b) of the FLSA and Appointment of Interim Counsel.

**Procedural History**

2. The action captioned *Frlekin et al. v. Apple Inc.*, Case No. 13-cv-3451-WHA ("the *Frlekin* action") was commenced by Plaintiffs Amanda Frlekin and Dean Pelle on July 25, 2013. The action captioned *Kilker et al. v. Apple Inc.*, Case No. 13-cv-3775-WHA ("the *Kilker* action") was commenced by Plaintiffs Adam Kilker and Brandon Fisher on August 14, 2013. Both actions are brought against Apple, Inc. ("Defendant" or "Apple") alleging FLSA and accompanying state law violations on behalf of hourly employees in Apple retail stores throughout the country.

3. Defendant filed its Answer in the *Frlekin* action on August 16, 2013 and filed its Answer in the *Kilker* action on September 19, 2013. By Order dated September 9, 2013, the Court related the *Kilker* action to the *Frlekin* action pursuant to Local C.R. 3-12.

4. The parties have exchanged initial discovery requests and initial disclosures. Apple has noticed the depositions of Plaintiffs in the *Frlekin* and *Kilker* actions and the depositions of seven opt-ins in the *Frlekin* action. These depositions are scheduled to take place between November 15, 2013 and December 19, 2013. Plaintiffs have noticed the deposition of one New York store manager and are awaiting interrogatory responses identifying the heads of various departments to depose additional Apple employees with information relevant to Apple's bag check policy. Additionally, Plaintiffs' counsel has interviewed numerous Apple employees about their

experiences and lost compensation in connection with Apple's bag check policy, secured declarations and documents from many of these employees and been retained to represent employees in multiple states. Counsel for the parties have also prepared a case management statement and appeared for a case management conference before the Court. Plaintiffs' counsel has also prepared motions to relate and the accompanying motion for collective certification.

5. Plaintiffs in the *Frlekin* and *Kilker* actions are represented by three experienced law firms working together to represent the interests of a nationwide FLSA collective class. The three firms, McLaughlin & Stern, LLC ("McLaughlin"), The Law Offices of Louis Ginsberg, P.C. ("Ginsberg") and The Kralowec Law Group ("Kralowec") have formed a consortium to effectively litigate the actions and represent the interests of all Apple hourly employees who opt-in and are otherwise part of the proposed classes identified in Plaintiffs' complaints.. Attorneys from Mclaughlin, Ginsberg and Krolowec are located on both sides of the country with offices in California and New York. All three firms have extensive experience successfully litigating FLSA collective actions as well as Rule 23 class actions and other forms of complex litigation. I am the McLaughlin partner in charge of this litigation and have been lead or co-lead counsel in commercial class actions for over 25 years, including numerous wage and hour class actions, securities class actions and consumer class actions. These cases, many of which have been venued in California state and federal courts, have generated millions of dollars in recoveries for employees, investors and consumers nationwide. Likewise, Louis Ginsberg, the head of Louis Ginsberg Law Offices, has practiced in the area employment law for the past 25 years. Mr. Ginsberg has represented workers in almost every type of employment dispute, including uncompensated security checks. Finally, Kim Kralowec, founding partner of the Kralowec law group, has successfully practiced plaintiffs' class action litigation for the past 20 years. During her 20-year career as a litigator, Ms. Kralowec has handled numerous wage and hour collective and

class actions brought under California state and federal law. Additionally, Ms. Kralowec was named by the *Daily Journal* as one of the Top 100 Labor & Employment Lawyers in California and one of the Top 100 Women Lawyers in California, and received a 2013 *California Lawyer* Attorney of the Year ("CLAY") Award.

6. McLaughlin, Ginsberg and Kralowec have detailed knowledge of applicable FLSA statutes, state labor laws and this Court's rules and procedures. Additionally, McLaughlin, Ginsberg and Kralowec have the financial and human resources to litigate a complex class action of this stature. *See* firm descriptions at www.mclaughlinstern.com, www.louisginsberglawoffices.com/New-York-Employment-Law-Lawyer-Attorney-Attorneys.html, and www.kraloweclaw.com. All three firms are coordinating the allocation of work in the actions to ensure they are efficiently litigated with no duplication of effort. The firms have also demonstrated that they will provide diligent representation of the claims in the actions and are well qualified to be appointed interim lead counsel and Kralowec to be appointed as interim liaison counsel.

**Exhibits**

7. Attached are true and correct copies of the following documents:

   a. **Exhibit A** are true and correct copies of the Declarations of Amanda Frlekin and Dean Pelle in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

   b. **Exhibit B** is a true and correct copy of the Declaration of Adam Kilker in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

c. **Exhibit C** is a true and correct copy of the Declaration of Brandon Fisher in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

d. **Exhibit D** is a true and correct copy of the Declaration of Seth Dowling in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

e. **Exhibit E** is a true and correct copy of the Declaration of Debra Speicher in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

f. **Exhibit F** is a true and correct copy of the Declaration of Elliot Beltzer in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

g. **Exhibit G** is a true and correct copy of the Declaration of Claudia Wright in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

h. **Exhibit H** is a true and correct copy of a "Personal Technology Card" used by Apple Employees to register their personal Apple devices and products.

i. **Exhibit I** is a true and correct copy of Apple's Answer to the Class Action Complaint in the *Frlekin* action.

j. **Exhibit J** is a true and correct copy of the page from the Apple Employee Handbook which outlines Apple's policy and procedure for handling "Employee Package and Bag Searches."

k. **Exhibit K** is a true and correct copy of the page from the Apple Employee Handbook which discusses how Apple policies apply uniformly to all Apple retail store employees in the United States.

l. **Exhibit L** is a true and correct copy of an online article posted in "*ars technica*" dated July 12, 2009 entitled "Bricks in iPod boxes: the retail employee perspective."

m. **Exhibit M** is a true and correct copy of the Declaration of Melody Idakaar in support of the motion to certify the collective class pursuant to 29 U.S.C. 216(b).

n. **Exhibit N** are true and correct copies of internet and web blog postings from Apple employees posted to various websites which discuss the claims alleged in this action.

o. **Exhibit O** is a true and correct copy of an email sent by an Apple retail store employee to the "Leadership Team" on November 5, 2013, questioning the legality of Apple's off-the-clock "tech check" policy.

p. **Exhibit P** is a true and correct copy of the tag along Complaint filed in *Kallin v. Apple, Inc.*, 3:13-cv-04727-WHA.

q. **Exhibit Q** is a true and correct copy of the original Complaint filed in *Frlekin v. Apple, Inc.*, 3:13-cv-03451-WHA.

r. **Exhibit R** is a true and accurate copy of Plaintiffs' proposed form of a notice of pendency and consent to join.

s. **Exhibit S** is a true and correct copy of the page from the Apple Employee Handbook which discusses the importance of clocking in and clocking out consistently so that hourly employees are properly compensated.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 13, 2013
New York, NY

_____
Lee S. Shalov