LONNIE C. BLANCHARD, III (SBN 93530)
JEFFREY D. HOLMES (SBN 100891)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone: (213) 599-8255
Fax:        (213) 402-3949
Email:      lonnieblanchard@gmail.com

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax:        (818) 883-4902
Email:      peter@dion-kindemlaw.com

Attorneys for Plaintiff Taylor Kalin, the Classes and Aggrieved Employees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Taylor Kalin, individually and on behalf of all the classes and aggrieved employees, | Case No. 13-CV-04727-WHA |
|---|---|
| Plaintiff, | **Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Requests for Production of Documents** |
| vs. | |
| Apple, Inc., | |
| Defendant. | |

EXHIBIT 8
WIT: Kalin
DATE: 3-18-14
Shelley M. Sailor, CSR 10254

**Request for Production No. 1:** Any and all DOCUMENTS that relate to, refer to, or show communications, oral or written, between you and Apple regarding the allegations of the COMPLAINT, including, but not limited to, policies, training materials, time records, journals, notes, complaints, receipts, work schedules, email communications,

text messages, voicemails, letters, telephone scripts, and correspondence from online forums and/or social networking websites.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 2:** Any and all DOCUMENTS that relate to, refer to or show communications, oral or written, between any other Apple employee and Apple regarding the allegations of the COMPLAINT, including, but not limited to, policies, training materials, time records, journals, notes, complaints, receipts, work schedules, email communications, text messages, voicemails, letters, telephone scripts, and correspondence from online forums and/or social networking websites.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 3:** Any and all communications or correspondence between any current or former Apple employee (including you) and any Apple supervisor relating or referring to the allegations of the COMPLAINT, including email communications, text messages, voicemails, letters, telephone scripts, and correspondence from online forums and/or social networking websites.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 4:** Any and all DOCUMENTS that relate to, refer to or show communications, oral or written, between you and any other named or opt-in plaintiff in this action, including email communications, text messages, voicemails, letters, telephone scripts, and correspondence from online forums and/or social networking websites.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 5:** Any and all communications or correspondence you or your counsel have had with any person (including but not limited to current and/or former employees of Apple) relating or referring to the claims alleged in the COMPLAINT,

including email communications, text messages, voicemails, letters, telephone scripts, and correspondence from online forums and/or social networking websites.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 6:** Any and all DOCUMENTS that show what days and times you actually worked while employed by Apple during the period from October 10, 2009 to the present, including but not limited to time records.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 7:** Any and all DOCUMENTS that show what days and times you were scheduled to work at Apple during the period from October 10, 2009 through your separation, including but not limited to work schedules.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 8:** Any and all DOCUMENTS that relate to your work assignments, job duties and responsibilities, as well as any changes to the same, during your employment with Apple, including, but not limited to, any and all job or performance evaluations and training materials.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 9:** Any and all DOCUMENTS that reflect or relate to evaluations of your performance at Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 10:** Any and all DOCUMENTS that reflect or relate to discipline you received, including but not limited to any warning or counseling, during your employment with Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 11:** Any and all DOCUMENTS that reflect or relate to criticisms or negative comments about your work performance that you received from Apple during your employment with Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 12:** Any and all DOCUMENTS that reflect or relate to commendations, awards or positive comments about your work performance that you received from Apple during your employment with Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 13:** Any and all DOCUMENTS that relate to and/or reflect compensation you received from Apple from October 10, 2009 to the present, including but not limited to wage statements, paychecks or paycheck stubs, and direct deposit slips.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 14:** Any and all DOCUMENTS that relate to, reflect and/or constitute any diaries, journals, summaries, appointment books, client books, memoranda, day planners, or calendar entries of any kind, that refer to your employment with Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 15:** Any and all DOCUMENTS that refer, relate and/or pertain to, or otherwise evidence or memorialize any complaints you made to any employee or agent of Apple about your employment, including but not limited to complaints about personal package and bag searches, technology checks or payment of wages.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 16:** Any and all DOCUMENTS that constitute, relate to and/or substantiate any charges or complaints you filed with any federal, state, or local governmental agencies or entities, including but not limited to, the U.S. Department of Labor, the Equal Employment Opportunity Commission, and/or the Division of Labor Standards Enforcement or California Labor Commissioner regarding Apple or any of Apple's employees or agents.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 17:** Any and all DOCUMENTS that relate to, refer to or show any and all criminal proceedings brought against you at any time.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 18:** Any and all DOCUMENTS that relate to, refer to or show any and all civil lawsuits or other actions brought by or against you within the last ten (10) years, including, but not limited to, any bankruptcies or other civil actions.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 19:** Any and all DOCUMENTS that relate to, refer to or show any and all civil administrative proceedings brought by or against you within the last ten (10) years, including, without limitation, claims for disability benefits, workers' compensation benefits, and/or unemployment benefits.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 20:** Any and all DOCUMENTS regarding or related to recording your work time at Apple including but not limited to, policies about recording all hours worked, reminders about recording all hours worked, and instructions on how to record your time.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 21:** Any and all DOCUMENTS that show, contain and/or reference the dates and times on which you contend you worked time that was not recorded due to you having undergone or waited for a personal package and bag search during your employment with Apple.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 22:** Any and all DOCUMENTS that show, contain and/or reference the dates and times during your employment with Apple on which you contend that Apple failed to pay you correctly for all hours worked due to you having undergone or waited for a personal package and bag search.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 23:** Any and all DOCUMENTS that show, contain and/or reference calculations of the amount of unpaid wages that you believe that Apple owes you due to you having undergone or waited for a personal package and bag search.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 24:** Any and all DOCUMENTS that refer to, support or substantiate your second claim for Violations of the Fair Labor Standards Act as alleged in the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 25:** Print-outs, screen shots or other DOCUMENTS from any internet website, online forum, blog or social networking site (including but not limited to Twitter, Face book, YouTube, MySpace, LinkedIn or Google+) to which or through which you or your counsel have posted any information or communicated regarding or referencing your employment with Apple and/or any information related to any of the claims in the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 26:** Any and all non-privileged DOCUMENTS that constitute and/or reflect statements you and/or others acting on your behalf obtained at any point that reference the claims at issue in the COMPLAINT, including but not limited to declarations, affidavits, completed surveys, completed questionnaires and/or other written statements.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 27:** Any and all photos or audio or video recordings of Apple employees at work or on Apple premises, made by or on your behalf at any time.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 28:** Any and all photos or audio or video recordings of any Apple store or other Apple premises, made by or on your behalf at any time.

**Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Requests for Production of Documents**

7

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 29:** Any and all DOCUMENTS that relate to and/or substantiate the contention that Plaintiff was required to arrive prior to his shift and wait to clock in, as alleged in paragraph 13 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 30:** Any and all DOCUMENTS that relate to and/or substantiate the contention that "the check-in time [took] anywhere from five to 45 minutes or more," as alleged in paragraph 15 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 31:** Any and all DOCUMENTS that relate to and/or substantiate the contention that "Kalin and other Hourly Employees were required to undergo personal package and bag searches before they were permitted to leave the store," as alleged in paragraph 16 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 32:** Any and all DOCUMENTS that relate to and/or substantiate the contention that "Plaintiff and other Hourly Employees were and are required to wait in line for security checks for at least 10-15 minutes each day before leaving for their meal breaks and at the end of their shift after they had already clocked out," as alleged in paragraph 17 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to

locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 33:** Any and all DOCUMENTS that relate to and/or substantiate the contention that "Hourly Employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises," as alleged in paragraph 18 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 34:** Any and all DOCUMENTS that relate to and/or substantiate the contention that "[w]aiting in lines to clock in, waiting in lines to check equipment in, and waiting in line and undergoing security checks were significant, integral, indispensable, not de minimis tasks or requests," as alleged in paragraph 21 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 35:** Any and all DOCUMENTS that relate to and/or substantiate the contention that members of the FLSA Collective Class, as defined in paragraph 27 of the COMPLAINT, are similarly situated within the meaning of 29 U.S.C. 216(b).

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 36:** Any and all DOCUMENTS that relate to and/or substantiate the contention that Plaintiff is an "aggrieved employee" within the meaning of California Labor Code section 2699(c), as alleged in paragraph 65 of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to

locate any non-privileged responsive documents other than those produced by Apple or by other plaintiffs in the related litigation.

**Request for Production No. 37:** Any and all DOCUMENTS you have taken or removed from Apple's premises that refer to personal package and bag searches of employees or that otherwise relate in any way to the allegations in the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

**Request for Production No. 38:** Any and all DOCUMENTS you have downloaded, copied, or otherwise obtained from Apple's computer systems that refer to personal package and bag searches of employees or that otherwise relate in any way to the allegations of the COMPLAINT.

**Response:** Objection. This request seeks documents protected by the attorney-client privilege. Without waiving said objection, responding party has so far been unable to locate any non-privileged responsive documents.

Dated: March 11, 2014          THE DION-KINDEM LAW FIRM

                               *[signature]*

                               BY: _____
                                   PETER R. DION-KINDEM, P.C.
                                   PETER R. DION-KINDEM
                                   Attorneys for Plaintiff Taylor Kalin

---

Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Requests for Production of Documents

## Verification

I have reviewed the foregoing **Plaintiff's Responses to Defendant Apple, Inc.'s Requests for Production of Documents**. They are true and correct to the best of my recollection, knowledge and belief. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 3/11/14

_Taylor Kalin_
Taylor Kalin

# PROOF OF SERVICE

I, Eric Padilla, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3311 East Pico Boulevard, Los Angeles, CA 90023.

On March 11, 2014 I served the forgoing documents described as: PLAINTIFF TAYLOR KALIN'S OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, on the interested parties in this action by placing the original thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| JULIE A. DUNNE, Esq.<br>LARA K. STRAUSS, Esq.<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, California 92101.3577 | JOSHUA D. KIENITZ, Esq.<br>LITTLER MENDELSON, P.C.<br>650 California Street, 20th Floor<br>San Francisco, California 94108-2693 |

TODD K. BOYER, Esq.
KARIN M. COGBILL, Esq.
NICOLAS T. KELSEY, Esq.
LITTLER MENDELSON, P.C.
50 W. San Fernando St., 15th Floor
San Jose, CA 95113.2303

[ x ] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] (BY FAX) I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[ ] (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of the addressee.

[ x ] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

EXECUTED on March 11, 2014, Los Angeles, California.

*Eric Padilla*

**Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Requests for Production of Documents**

12

```
 1  LONNIE C. BLANCHARD, III (SBN 93530)
    JEFFREY D. HOLMES (SBN 100891)
 2  THE BLANCHARD LAW GROUP, APC
 3  3311 East Pico Boulevard
    Los Angeles, CA 90023
 4  Telephone: (213) 599-8255
 5  Fax:        (213) 402-3949
    Email:      lonnieblanchard@gmail.com
 6
          [DK]  PETER R. DION-KINDEM (SBN 95267)
 7              THE DION-KINDEM LAW FIRM
                PETER R. DION-KINDEM, P. C.
 8  21550 Oxnard Street, Suite 900
 9  Woodland Hills, California 91367
    Telephone: (818) 883-4900
10  Fax:        (818) 883-4902
    Email:      peter@dion-kindemlaw.com
11
    Attorneys for Plaintiff Taylor Kalin, the Classes
12  and Aggrieved Employees
13
14
15              UNITED STATES DISTRICT COURT
16              NORTHERN DISTRICT OF CALIFORNIA
17
18  Taylor Kalin, individually and on behalf of     Case No. 13-CV-04727-WHA
    all the classes and aggrieved employees,
19                                                  Plaintiff Taylor Kalin's Response to
20             Plaintiff,                           Defendant Apple, Inc.'s
                                                    Interrogatories
21       vs.
22  Apple, Inc.,                                    EXHIBIT 9
23                                                  WIT: Kalin
               Defendant.                           DATE: 3-18-14
24                                                  Shelley M. Sailor, CSR 10254
25
26  Interrogatory No. 1: Identify each and every Apple technology and/or device that you
    owned, had in your control and/or had listed on an Apple technology card at any point
27  from October 10, 2009 to the present, by listing the model name and model number,
    IMEI, serial number, and dates of ownership and/or regular use.
28
```

Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Interrogatories

1

**Response:** Objection. This is compound and not complete in and of itself. Without waiving said objection, I do not still own any technology that was on my technology card. Thus I don't have any details for the devices anymore and have no way to find them.

**Interrogatory No. 2:** For each and every technology and/or device listed in response to Interrogatory No. 1 that is no longer in your possession or that you no longer use regularly, state the date(s) the technology and/or device ceased to be in your possession and/or when you stopped using it regularly, and explain in detail why it is no longer in your possession (*e.g.*, it was sold, lost, discarded, etc.) and/or why you stopped using it regularly.

**Response:** Objection. This is compound and not complete in and of itself. This is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, I do not still own any technology that was on my technology card.

Dated: March 11, 2014                THE DION-KINDEM LAW FIRM

*[signature: Peter Dion-Kindem]*

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorneys for Plaintiff Taylor Kalin

## Verification

I have reviewed the foregoing **Plaintiff's Responses to Defendant Apple, Inc.'s Interrogatories**. They are true and correct to the best of my recollection, knowledge and belief. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 3/11/14

_Taylor Kalin_
Taylor Kalin

**Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Interrogatories**

3

# PROOF OF SERVICE

I, Eric Padilla, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3311 East Pico Boulevard, Los Angeles, CA 90023.

On March 11, 2014 I served the forgoing documents described as: **PLAINTIFF TAYLOR KALIN'S OBJECTIONS AND RESPONSES TO DEFENDANTS INTERROGATORIES**, on the interested parties in this action by placing the original thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| JULIE A. DUNNE, Esq.<br>LARA K. STRAUSS, Esq.<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, California 92101.3577 | JOSHUA D. KIENITZ, Esq.<br>LITTLER MENDELSON, P.C.<br>650 California Street, 20th Floor<br>San Francisco, California 94108-2693 |

TODD K. BOYER, Esq.
KARIN M. COGBILL, Esq.
NICOLAS T. KELSEY, Esq.
LITTLER MENDELSON, P.C.
50 W. San Fernando St., 15th Floor
San Jose, CA 95113.2303

[ x ] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] (BY FAX) I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[ ] (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of the addressee.

[ x ] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

EXECUTED on March 11, 2014, Los Angeles, California.

Eric Padilla

**Plaintiff Taylor Kalin's Response to Defendant Apple, Inc.'s Interrogatories**
4



