**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant.<br>_____/<br>TAYLOR KALIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-03451 WHA<br>No. C 13-04727 WHA<br><br>**REQUEST FOR RESPONSE** |

*Frlekin* was commenced in July 2013; *Kalin* was commenced in October 2013. A May 2014 order stayed both *Frlekin* and *Kalin* pending *Busk* but stated that "[b]oth sides, however, are expected to continue with discovery as to the California state-law claims." The fact discovery deadline at the time was October 31, 2014. That deadline was then continued to December 1, 2014 (Dkt. Nos. 56, 166, 178).

      The fact discovery deadline was then again continued to March 16, 2015. The motion for class certification is due by May 2015, and trial is set for September 2015 (Dkt. No. 198).

After the stay was lifted, plaintiffs were asked to address jurisdiction along with any motion for leave to file a second amended complaint since they themselves stated that "the Court should determine under 28 U.S.C. [Section] 1367(c)(3) whether it wishes to exercise supplemental jurisdiction over Plaintiffs' California claims or whether Plaintiffs should pursue those claims in California state court" (Dkt. Nos. 211, 214).

On January 9, plaintiffs filed a motion for leave to file a second amended complaint. Plaintiffs did not address jurisdiction. Accordingly, by **JANUARY 16 AT NOON**, plaintiffs shall please file: (1) a brief explaining in detail their position (and any support) on jurisdiction and (2) declarations from all plaintiffs' counsel stating whether they will abide by the current case schedule (Dkt. No. 198). In other words, the Court is concerned that plaintiffs if granted leave to file the proposed second amended complaint will turn around and ask for giant extensions in the case schedule. Any opposition to plaintiffs' motion, due by January 23, should also address the aforementioned points. All existing deadlines remain in place.

Dated: January 9, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE