1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

AMANDA FRLEKIN, TAYLOR KALIN,
11  AARON GREGOROFF, SETH DOWLING,          No. C 13-03451 WHA (lead)
    and DEBRA SPEICHER, on behalf of       No. C 13-04727 WHA (consolidated)
12  themselves and all others similarly situated,

13              Plaintiffs,

14       v.

15  APPLE INC.,                            **ORDER GRANTING MOTION
                                           FOR LEAVE TO FILE SECOND
16              Defendant.                 AMENDED COMPLAINT AND
    _____/   VACATING HEARING**

17

18                            **INTRODUCTION**

19          This putative wage-and-hour class action has been pending for more than eighteen

20  months.  During this time, progress has been made.  More than ten depositions have been taken,

21  numerous interrogatories, requests for production, and requests for admission have been

22  exchanged, and tens of thousands of pages of documents have been produced.  The parties have

23  appeared for a dispositive motion hearing, a conditional certification hearing, and three

24  discovery hearings.  Trial begins in seven months.  Having considered all of the facts and

25  circumstances herein, this order finds that it is appropriate to continue to exercise supplemental

26  jurisdiction over the California state-law claims that remain.  For the reasons stated herein,

27  plaintiffs' largely unopposed motion for leave to file a second amended complaint is **GRANTED**.

28  Defendant's motion to strike paragraph 30 of the pleading is **DENIED**.  The February 19 hearing
    is hereby **VACATED**.

**United States District Court**
For the Northern District of California

**STATEMENT**

In 2013, three putative class action complaints were filed against Apple Inc. in federal court: Amanda Frlekin and Dean Pelle sued in July 2013; Adam Kilker and Brandon Fisher sued in August 2013; and Taylor Kalin sued in October 2013. Plaintiffs alleged various wage-and-hour violations for time spent waiting in security screening lines and undergoing bag checks under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*., California, New York, Massachusetts, and Ohio state law. *Frlekin*, No. 13-3451; *Kilker*, No. 13-3775; *Kalin*, No. 13-4727.

Michael Gauthier then sued Apple in Santa Clara County Superior Court alleging similar grievances. *Gauthier v. Apple Inc.*, No. 1-13-cv-254557 (Santa Clara Cnty. Sup. Ct.). Neither our plaintiffs nor our plaintiffs' counsel are parties to or counsel in the *Gauthier* action.

Our first case management scheduling order set several deadlines. In pertinent part, the fact discovery cutoff was October 31, 2014, and the trial was to begin in February 2015 (Dkt. No. 56).

After oral argument, our February 2014 order postponed ruling on the motions to conditionally certify a FLSA collective action, to appoint interim counsel, and to consolidate the federal actions so that the parties could exchange additional discovery (Dkt. No. 132). The next day, an order in *Gauthier* stayed the case pending our actions. This stay remains in place now, meaning that no significant discovery has occurred in *Gauthier*.

After oral argument, our May 2014 order granted a limited stay pending *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 531 (9th Cir. 2013), *cert. granted*, 134 S. Ct. 1490 (2014), and denied defendant's dispositive motion. The order reminded the parties to continue with discovery as to the California state-law claims for fact discovery was set to close in October 2014. That deadline was then extended to December 1, 2014 (Dkt. Nos. 56, 166, 178).

In November 2014, our plaintiffs filed a discovery letter seeking a substantial amount of electronically-stored information from Apple. Following an in-person meet-and-confer, the parties stated on the record that they had resolved their discovery dispute. In order to turn over the information, however, they sought to further extend the fact discovery deadline.

1    An order followed extending the fact discovery deadline to March 16, 2015.  Our

2   amended case management order stated that the motion for class certification had to be filed by

3   May 11, 2015, and trial would begin in September 2015.  These deadlines remain in place now

4   (Dkt. No. 198).

5    The Supreme Court decided *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. —,

6   135 S. Ct. 513, 515 (2014), in December 2014.  That day, an order lifted our stay and our parties

7   were invited to brief the effect of *Busk* (Dkt. No. 209).

8    The parties agreed that the claims under the FLSA, Massachusetts (Adam Kilker), New

9   York (Dean Pelle), and Ohio (Brandon Fisher) state law did not survive *Busk*.  The remaining

10   threshold question, plaintiffs stated, was whether to exercise supplemental jurisdiction over the

11   California state-law claims.  Our plaintiffs then asked for an opportunity to file a motion to

12   amend their pleading.

13    Plaintiffs then filed a motion for leave to file a second amended complaint.  Their

14   proposed pleading alleged five claims for relief:  (1) "nonpayment of minimum and overtime

15   wages;" (2) violation of California Business and Professions Code Section 17200, *et seq*.;

16   (3) wage-statement penalties; (4) waiting-time penalties; and (5) penalties pursuant to the Private

17   Attorney General Act, California Labor Code Section 2698, *et seq*. (Dkt. No. 223).

18    A week later, plaintiffs suddenly stated that "this Court should dismiss the remaining

19   California state law claims without prejudice for Plaintiffs to re-file in state court"

20   (Dkt. No. 230).  Nevertheless, plaintiffs' counsel promised that they would "continue to make

21   every effort to abide by the case schedule" (Gallaway Decl. ¶ 3; Blanchard III Decl. ¶ 3;

22   Dion-Kindem Decl. ¶ 4; Ginsberg Decl. ¶ 3; Kralowec Decl. ¶ 3; Rogers Decl. ¶ 3).

23    Apple responded that it does not oppose plaintiffs filing the proposed second amended

24   complaint, except that paragraph 30 should be stricken pursuant to Rule 12(f).

25    On reply, plaintiffs stated that paragraph 30 should remain intact but supplemental

26   jurisdiction over this case should be declined.  This order follows full briefing.

27

28

3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANALYSIS**

**1.    SUPPLEMENTAL JURISDICTION.**

Even though the parties largely agree that plaintiffs should be granted leave to file the proposed second amended complaint, they disagree as to whether supplemental jurisdiction over the California state-law claims should continue since the federal claims have been dismissed. Supplemental jurisdiction shall continue.

Title 28 of the United States Code "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy" as claims in an action in which the district court has original jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). Supplemental jurisdiction is a "doctrine of discretion" based upon considerations of "judicial economy, convenience and fairness to litigants." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). It is a doctrine "designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Even when the federal claims have been eliminated before trial, dismissal of the remaining state-law claims is not mandatory. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

When plaintiffs commenced this action in federal court in July 2013, they invoked original jurisdiction pursuant to the FLSA and the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). At that time, Dean Pelle, a "resident of Brooklyn, New York" was a named plaintiff so there was minimal diversity under CAFA. In December 2014, however, plaintiffs stated that Dean Pelle, among others, should be dismissed because the FLSA and non-California state-law claims did not survive *Busk*. Now, only California state-law claims remain and all plaintiffs are residents of California (Second Amd. Compl. ¶ 8).

Judicial economy, convenience, and fairness, however, counsel in favor of continuing to exercise supplemental jurisdiction in the case. Since our action began more than eighteen months ago, progress has been made. The hard work that has been done includes hearing plaintiffs' motion to conditionally certify a collective action, hearing defendant's dispositive

4

1  motion, hearing three discovery disputes, producing the names and last known addresses for

2  12,426 putative class members, turning over 13,118 pages of electronically-stored information,

3  reviewing 2.5 terabytes of data, producing forty-thousand pages of documents, taking more than

4  ten depositions, serving numerous requests for admission and interrogatories, setting and

5  amending the case schedule, and referring this action to Magistrate Judge Joseph Spero for

6  settlement (Boyer Decl. ¶¶ 6, 10, 12; Supp. Boyer Decl. ¶¶ 4, 5).  In fewer than four months,

7  plaintiffs will move for class certification and trial begins in September 2015.  To dismiss this

8  action so that plaintiffs must "re-file in state court" would only inject needless delay, burden, and

9  expense.

10      Contrary to plaintiffs, judicial economy would not favor seeking to prosecute our earlier-

11  filed claims on a "coordinated basis" with the currently stayed *Gauthier* action in Santa Clara

12  Superior Court.  *First*, our plaintiffs sued in July 2013, whereas Gauthier sued in October.

13  *Second*, *Gauthier* was stayed pending our federal action.  No significant discovery has occurred

14  in *Gauthier* whereas our state-law claims have been pending for more than eighteen months.

15  *Our action has never been stayed as to the California state-law claims*.  Our stay order reminded

16  the parties to "continue with discovery as to the California state-law claims."  Thousands of

17  pages of discovery have been turned over.  *Third*, there is no evidence in the record that our

18  plaintiffs could promptly litigate in state court without some delay and additional expense.  Our

19  plaintiffs sued in federal court and are not named parties in *Gauthier*.  Moreover, it is not readily

20  apparent that our plaintiffs would find Santa Clara Superior Court more convenient since

21  plaintiffs' proposed pleading alleged that "a substantial part of the events or omissions that give

22  rise to [plaintiffs'] claims" occurred within "the San Francisco Division" of our district and

23  plaintiff Taylor Kalin was employed in the San Francisco Apple store (Second Amd.

24  Compl. ¶ 7).

25      Furthermore, plaintiffs' argument that a "California state court would *potentially* be in a

26  better position to determine the state law claims in this action" is rejected because a state court

27  judge stayed the *Gauthier* action pending our action (Supp. Br. 4) (emphasis added).  Our

28

United States District Court
For the Northern District of California

plaintiffs and putative class members would be better off leveraging the hard work that has been completed in this action rather than start anew in state court.

Accordingly, at this point, it makes more sense to continue to exercise supplemental jurisdiction over plaintiffs' state-law claims.

### 2.   MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

It is undisputed that plaintiffs should be granted leave to file the second amended complaint, except for one paragraph addressed in the section below.  The proposed pleading mainly seeks:  (1) to add three named plaintiffs; (2) to add specific examples of dates and times plaintiffs were required to wait in line; and (3) to consolidate the allegations in the *Frlekin* and *Kalin* actions into one consolidated complaint.  Plaintiffs' counsel promise that they "will continue to make every effort to abide by the case schedule" (Gallaway Decl. ¶ 3; Blanchard III Decl. ¶ 3; Dion-Kindem Decl. ¶ 4; Ginsberg Decl. ¶ 3; Kralowec Decl. ¶ 3; Rogers Decl. ¶ 3).

Since Apple, with one exception (below), does not object to allowing plaintiffs leave to file the proposed pleading and time remains in the fact discovery period, this order finds that good cause has been shown to grant leave for plaintiffs to file the proposed second amended complaint.

### 3.   PARAGRAPH 30.

The one exception is paragraph 30, which Apple moves to strike under Rule 12(f). Paragraph 30 excerpts an email from an Apple employee in New York to the Apple "leadership team" in New York (Supp. Boyer Decl. ¶ 3).  Apple argues that this paragraph is not related to the California stores at issue now.

Plaintiffs respond that paragraph 30 alleges that Apple has a "uniform policy of conducting off the clock bag and tech checks" and that Apple knew its screening policy was "improper" in light of the email sent.

Apple's motion to strike paragraph 30 is **DENIED**.  Contrary to Apple, paragraph 30 is not "redundant, immaterial, impertinent, or scandalous matter."  This ruling, of course, is without prejudice to a timely-made evidentiary objection.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons stated herein, plaintiffs' motion for leave to file a second amended complaint is hereby **GRANTED**. Defendant's motion to strike paragraph 30 is **DENIED**. All existing deadlines remain in place. Both sides shall make a good faith effort to promptly cooperate in discovery. Apple shall file a response to the second amended complaint by **FEBRUARY 16 AT NOON**. The February 19 hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:   February 2, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE