JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

TODD K. BOYER, Bar No. 203132
tboyer@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, California 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

MICHAEL G. LEGGIERI, Bar No. 253791
mleggieri@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 13cv03451 WHA<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: July 2, 2015<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup<br>Courtroom: 8<br><br>Trial Date: September 14, 2015 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT pursuant to Local Rules 79-5 and 7-11, Defendant Apple Inc. ("Defendant" or "Apple") hereby moves this Court to seal exhibits filed in support of Defendant's Opposition to Plaintiffs' Motion for Rule 23(c)(4) Certification of Particular Issues. This Administrative Motion is made on the following grounds:

The evidence submitted as in support of Apple's Opposition consists of photographs and video DVDs containing evidence of employees and third party customers at Apple's retail stores. These photographs and videos contain confidential business and proprietary information as well as images showing, *inter alia,* the faces of non-parties to this lawsuit.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Todd K. Boyer, the Stipulation of the Parties to Seal, and such other and further evidence and argument as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Pursuant to Local Rules 79-5 and 7-11 of the United States District Court for the Northern District of California, Defendant Apple Inc. ("Defendant" or "Apple") hereby submits this Motion for Administrative Relief to file and maintain under seal exhibits filed in support of Defendant's Opposition to Plaintiffs' Motion for Rule 23(c)(4) Certification of Particular Issues ("Apple's Opposition"), which will be filed in this Court concurrently on May 28, 2015. Exhibits GG[1], HH and II are video DVDs containing confidential video from Apple's retail stores in California. In addition, the exhibits attached to the store leader declarations in Exhibit B (Tabs B-1 through B3, B-6 through B-9, B-11, B-14 through B-16) ("Exhibit B")[2] to the Declaration of Todd K. Boyer contain confidential photographs and video from Apple's retail stores in California.

---

[1] Defendant seeks to file under seal only Exhibit C to Dr. Hall's Report, which is attached to the Declaration of Todd K. Boyer as Exhibit GG. For purposes of this Motion, Defendant will refer to the video exhibit to Dr. Hall's Report (Exhibit C), as Exhibit GG.

[2] Again, Defendant only seeks to seal the photograph and video exhibits to the store leader declarations (Exhibit B to the Declaration of Todd K. Boyer) as follows: Exhibits A-J to the Declaration of Danya Bonnett, Exhibits A-F to the Declaration of Barbara Davis, Exhibits A-H to the Declaration of Niten Kapadia, Exhibits A-G to the Declaration of Megan Melcher, Exhibits A-K to the Declaration of Tyrone Miles, Exhibits A-H to the Declaration of Tom Montanez, Exhibits A-J to the Declaration of Jeannine Nittner, Exhibits A-H to the Declaration of Judee Pratt, Exhibits 1-4 to the

APPLE INC.'S NOTICE OF MOTION AND
ADMINISTRATIVE MOTION TO SEAL
EXHS. ISO DEFT'S OPP TO CLASS CERT

1.

Case No. 13cv03451 WHA

1    As described below, Defendant's request is narrowly tailored and compelling reasons exist to justify sealing the specific records. *See Kamakana v. United States*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that parties seeking to maintain the confidentiality of records supporting dispositive motions must establish "compelling reasons" to file records under seal). Defendant makes this Motion on the grounds that the exhibits filed in support of Apple's Opposition contain confidential and proprietary business information of Apple, as well as private third party information which is protected from public disclosure by the privacy clauses of the United States and California Constitutions.

## II.    FACTUAL BACKGROUND

The parties have negotiated a detailed Stipulated Protective Order, which was granted by the Court on October 3, 2014, subject to certain restrictions. (See Dkt. Nos. 176, 177.) The Stipulated Protective Order provides a procedure for designating certain information as "Confidential." (*Id.*) This designation applies to "confidential, proprietary, and/or commercially sensitive information." (*Id.*)

Exhibits B, GG, HH and II contain photos and video surveillance footage from Apple retail stores in California at which certain of the Plaintiffs or Opt-in Plaintiffs worked during their employment. Exhibit B, GG, HH and II contain photos and video showing employees entering and exiting the aforementioned Apple retail stores, as well as depictions of Apple employees and customers in Apple stores.

## III.    ARGUMENT

### A.    This Court Should Order The Evidence Sealed From Public View On The Ground That It Contains Information Protected By Law From Public Disclosure.

Local Rule 79-5 states that the Court may issue an order to file a document under seal if the requesting party demonstrates: (1) the document, or portions thereof, is "privileged or . . . otherwise entitled to protection under the law" and (2) the request is "narrowly tailored." Here, the confidential and proprietary business information of Apple, as well as the private information and

---

Declaration of Larry Verter, Exhibits A-E to the Declaration of Brenden Watumull, and Exhibits A-I to the Declaration of Jody Yorkey. Defendant will refer to all of the following as "Exhibit B."

APPLE INC.'S NOTICE OF MOTION AND
ADMINISTRATIVE MOTION TO SEAL          2.                  Case No. 13cv03451 WHA
EXHS. ISO DEFT'S OPP TO CLASS CERT

identities of third parties, is entitled to legal protection under the Federal Rules of Civil Procedure and the United States and California Constitutions.

### 1. Sealing Is Necessary To Protect Trade Secrets And Privacy.

Courts may grant a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. Proc. 26(c)(4)(1)(G); *Chicago Tribune Co. v. Bridgestone/ Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Such orders serve "to prevent harm by limiting disclosure of relevant and necessary information." *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1532 (9th Cir. 1992).

Exhibits B, GG, HH and II contain confidential security information that is unavailable to the public and implicates concerns regarding the internal security of Apple stores. If Exhibits B, GG, HH and II are available to the public, potential wrongdoers could view the photographs and/or watch the videos to obtain non-public information about Apple's security system, including but not limited to observing the camera and video quality and areas of coverage. Information about what areas the surveillance camera and video covers, and by deduction, what areas it does not cover, goes to the core of Apple's confidential business practices and procedures regarding its safety and security measures. Production of this sensitive information, especially without confidentiality protection, would therefore be detrimental to Defendant. For this reason, Defendant requests that the Court keep these photographs and videos under seal and protected from public view.

Exhibits B, GG, HH and II also contain the confidential, private information of third parties who visited Apple's stores in California, as well as the identities of employees who are visible in the photographs and videos. Their identities are confidential and within the scope of privacy protection provided by Article I, Section 1 of the California Constitution. *San Diego Trolley, Inc. v. Superior Court* (2000) 87 Cal.App.4th 1083, 1097; *Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 526 (trial court abused its discretion in allowing the plaintiff to discover a non-party's personnel records). The right to privacy is based in the California and Federal Constitutions and is "fundamental" and "inalienable." *Garstang v. Superior Court* (1995) 39


Cal.App.4th 526, 532. This privacy protection applies to non-parties. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656. Further, these constitutionally-protected privacy interests present further compelling reasons to justify a sealing order given that this private third party information is not relied upon by the parties in support of or in opposition to Plaintiffs' Motion for Class Certification.

If the private identifying information filed with the Court becomes part of the public record, it will unnecessarily infringe upon the constitutional privacy rights of third parties. Defendant has an obligation to protect the privacy of its customers and employees who are not parties to this litigation. *See Board of Trustees*, 119 Cal.App.3d at 525 ("The custodian [of private information] has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of [it] is entitled to expect that his right will be thus asserted."). There can be no dispute that safeguarding legitimate third-party privacy and confidentiality interests constitutes an overriding interest sufficient to overcome the right of public access to the record. *See NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1222, fn. 46.

Further, Defendant's request is narrowly tailored, and no less restrictive means exist to achieve the overriding interest in protecting the confidentiality of the information. Defendant proposes to seal only its evidence which contains confidential security information and the private information of third parties. The evidence at issue is limited to Exhibits B, GG, HH and II. All other exhibits and evidence will remain fully accessible, except as specifically prohibited by the parties' anticipated Stipulated Protective Order. Exhibits B, GG, HH and II are also being concurrently provided to Plaintiffs' counsel, thus Plaintiffs will have full access to these Exhibits.

### 2. The Court Previously Granted Identical Requests By Apple To Seal Evidence.

In conjunction with its opposition to Plaintiffs' Motion for Conditional Certification, Apple submitted an administrative motion to seal Apple security video. (See Dkt. No. 86.) The Court granted Apple's motion on February 19, 2014. (See Dkt. No. 128.) In conjunction Apple's Reply to Plaintiffs' Opposition to its Motion for Summary Judgment or, in the Alternative, Partial

Summary Adjudication, Apple submitted an administrative motion to seal Apple security video. (See Dkt. No. 161.) The Court granted Apple's motion on May 22, 2014. (See Dkt. No. 162.)

## IV.  CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its administrative motion to file and maintain under seal Exhibits B, GG, HH and II filed in support of Apple's Opposition to Plaintiff's Motion for Rule 23(c)(4) Certification of Particular Issues.

Dated:  May 28, 2015

                                        */s/ Todd K. Boyer*
                                        TODD K. BOYER
                                        LITTLER MENDELSON, P.C.
                                        Attorneys for Defendant
                                        APPLE INC.

Firmwide:133787310.1 074600.1003