IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER, and TAYLOR KALIN,

    Plaintiffs,

  v.

APPLE INC.,

    Defendant.

No. C 13-03451 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

On May 12, plaintiffs filed an administrative motion to file under seal portions of their class certification motion. The documents sought to be sealed were designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by defendant. Defendant failed to timely file a supporting declaration. By order dated May 22, plaintiffs' motion was denied.

On May 28, defendant filed a motion for leave to seek reconsideration of the denial of plaintiffs' sealing motion and offers no explanation for its tardy response. The Court feels it is generally a mistake to reconsider a gross over-designation of documents. The appropriate response to such conduct is wholesale denial. This is to incentivize litigants to be reasonable with designations in the first instance, rather than to overreach with the expectation that the Court will pare down any improper designations.

In this case, the privacy interests of third parties override these interests. Defendant's current motion (Dkt. No. 263) will be treated as its motion to reconsider.

The documents sought to be sealed are highly relevant to the security policies at issue in this case, and should be available to the absent members of the putative class and the public in general. This order finds that a legitimate privacy interest permits redaction of very limited

portions of the documents sought to be sealed in plaintiffs' motion. Plaintiffs may redact the following documents and any references to the redacted text in their submissions:

| Exh. | Permitted Redaction |
|---|---|
| 12, 50-53, 76, 142, 151, 156, 164 | **GRANTED IN PART**. Plaintiff shall redact only the references to the name of the employees whose conduct is reported. Please replace names with consistent identifying symbols to preserve the coherence of the documents. |
| 73-75, 147 | **GRANTED IN PART**. Plaintiff shall redact only the references to the names of the employees providing feedback or submitting complaints. Please replace names with consistent identifying symbols to preserve the coherence of the documents. |
| 140 | **GRANTED IN PART**. Plaintiff shall redact only the references to the names of the employee subject to the bag search and the employee with whom he or she had a personal conflict. Please replace names with consistent identifying symbols to preserve the coherence of the document. |
| 148 | **GRANTED IN PART**. Plaintiff shall redact only the references to the names of employees that are the subject of this report. Please replace names with consistent identifying symbols to preserve the coherence of the document. |
| 152 | **GRANTED IN PART**. Plaintiff shall redact only the references to the names and identifying information of the employee submitting the complaint and the subject of that complaint. Please replace names with consistent identifying symbols to preserve the coherence of the document. |

All other proposed redactions are **DENIED**.

The clerk shall remove plaintiffs' public filing (Dkt. No. 268) and plaintiffs shall resubmit their motion for class certification in accordance with the above specifications.

**IT IS SO ORDERED.**

Dated: June 2, 2015.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2