KIMBERLY A. KRALOWEC (Cal. Bar No. 163158)
KATHLEEN STYLES ROGERS (Cal. Bar No. 122853)
THE KRALOWEC LAW GROUP
44 Montgomery Street, Suite 1210
San Francisco, California  94104
Telephone:     (415) 546-6800
Facsimile:      (415) 546-6801
*kkralowec@kraloweclaw.com*
*kkralowec@kraloweclaw.com*
*krogers@kraloweclaw.com*

LEE S. SHALOV (admitted *pro hac vice*)
BRETT GALLAWAY (admitted *pro hac vice*)
WADE C. WILKINSON (admitted *pro hac vice*)
Mclaughlin & Stern, LLP
260 Madison Avenue
New York, New York  10016
Telephone:     (212) 448-1100
Facsimile:      (212) 448-0066
*lshalov@mclaughlinstern.com*
*bgallaway@mclaughlinstern.com*

*Attorneys for Plaintiff Amanda Frlekin
and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, TAYLOR KALIN, AARON GREGOROFF, SETH DOWLING and DEBRA SPEICHER, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>     v.<br><br>APPLE INC., a California corporation,<br><br>                              Defendant. | No. C 13-03451 WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED BY DEFENDANT APPLE INC. IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AND SUPPORTING MEMORANDUM OF LAW**<br><br>Date: July 9, 2015<br>Time: Judge: Hon. William H. Alsup<br>Ctrm: 8, 19th Floor |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 9, 2015, or as soon thereafter as this matter may be heard by the Honorable William H. Alsup, in Courtroom 8, 19th Floor, of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, plaintiffs Amanda Frlekin, Debra Speicher, Seth Dowling, Aaron Gregoroff and Taylor Kalin ("Plaintiffs"), on behalf of themselves and all others similarly situated, will and hereby do move the Court for an order striking/excluding the Supplemental Declaration of Dr. Randolph Hall (filed as Exhibit GG (Dkt. No. 257-4) to the Declaration of Todd K. Boyer in Support of Defendant Apple Inc.'s Opposition to Plaintiffs' Motion for Certification of Particular Issues ("Boyer Decl.")("Hall Supp. Rep."),  pursuant to Rules 702 and 403 of the Federal Rules of Evidence ("Rule 702" and "Rule 403," respectively)  and the standards set forth in *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 592-593 (1993).   This motion is based on the accompanying Memorandum of Law, the Declarations of Kathleen Styles Rogers ("Rogers Decl.") and Kimberly A. Kralowec ("Kralowec Decl.") and exhibits thereto, such arguments and authorities as may be presented at the hearing on this motion, and such other matters as the Court might consider.

## RELIEF REQUESTED

Plaintiffs respectfully request an Order striking/excluding the Supplemental Declaration of Dr. Randolph Hall, submitted by Apple in opposition to Plaintiffs' motion for class certification, pursuant to Rules 702 and 403 of the Federal Rules of Evidence and the standards set forth in *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 592-593 (1993).

## MEMORANDUM OF LAW

**I.  INTRODUCTION**

Apple's opposition to Plaintiffs' motion for class certification relies heavily on the "expert"

testimony of Dr. Randolph Hall[1], who did nothing more than view videotape from four Apple retail stores, personally visit three of the four stores, and summarize his observations for the Court. Not only does his report employ no scientific, technical or specialized knowledge, the videotape Dr. Hall relies on was reported by Apple early in this litigation to be wholly irrelevant, as it fails to capture its in-store security searches.  Kralowec Decl., Ex. 1 (Letter from Lara Strauss, counsel for Apple, to Kimberly Kralowec, et al., dated October 16, 2013, p. 4).  Further, Dr. Hall's reliance on video of store exits, ignoring the undisputed evidence that at least two of the four stores he observed conduct security searches on the sales floor rather than store exits (Boyer Decl., Ex. B(1) (Declaration of Danya Bonnett) ¶12, and Boyer Decl., Ex. B(4) (Declaration of Margaret Karn), ¶11 (filed by Apple)), must fatally doom his observations, conclusions and entire report under Rule 702.

Additional, related grounds to exclude Dr. Hall's report are (1) that most of the videotape evidence summarized and relied upon by Dr. Hall is evidence Apple declined to produce in discovery for over two years on the ground that it was not relevant:  "The purpose of store-level security videos is not to record bag checks.  While one of the cameras within a store … may from time to time record a bag check, those records are unpredictable." Kralowec Decl., Ex. 1,[2].[3]  (2) Apple produced the videotape Dr. Hall relies upon just two weeks before the discovery cutoff (Boyer Decl., Ex. FF at 1 & Rogers Decl., Ex. A); and (3) Apple refused to produce a witness to testify about the videotape in response to Plaintiffs' timely and proper deposition notice under Fed. Rules Civ. Proc. R. 30(b)(6).  Rogers Decl., Ex. 2.

**II.     ARGUMENT**

---

[1]  Apple cites to the Hall Supp. Rep. on pages 3-7, 15, 21 and 22 of its brief in opposition to Plaintiffs' motion for class certification.

[2]  *See also* "The purpose of security videos at Apple retail stores is not to record bag or personal Apple technology checks.  However, one of the cameras within a store may from time to time record a bag or personal Apple technology check.  In particular, each store has cameras in different locations specific to the particular store.  To the extent bag or personal Apple technology checks occur, they may take place in different locations across the stores, and even in different locations within the same store.  Thus, from time-to-time, a particular security camera may be positioned in a way that happens to record a bag or personal Apple technology check.  (First)Declaration of Steve Smith, dated December 23, 2013 (Dkt.No. 91), ¶ 5.

[3]  Apple also quoted a high cost it proposed to bill to Plaintiffs to maintain this videotape that it asserted was not intended to and did not capture security searches except by chance, so had no evidentiary value.  *Id.*

- 3 -
PLAINTIFFS' MOTION TO STRIKE/EXCLUDE SUPPLEMENTAL DECLARATION OF
DR. RANDOLPH HALL
Case No. 13-cv-3451-WHA

### A. Standards for Admissibility of Expert Opinion Testimony

Expert opinions are admissible under Federal Rule of Evidence 702 "' [i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue'; the witness is qualified 'by knowledge, skill, experience, training, or education'; and (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) (quoting Fed R. Evid. 702). To be reliable, the expert's testimony must reflect scientific knowledge, findings driven by the scientific method, and work product that amounts to "good science." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

Rule 702 and *Daubert* impose "exacting standards of reliability," (*Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000)), and require the trial court to perform a gatekeeping function to exclude any expert opinion that fails to meet these standards. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Apple has the burden of proving the admissibility of Dr. Hall's report by a preponderance of the evidence. *See, MySpace, Inc. v. Graphon Corp.*, 756 F. Supp. 2d 1218, 1234 (N.D. Cal. 2010).

### B. Dr. Hall's Opinions Meet None of the Requirements of Rule 702

The primary "opinions" Dr. Hall presents in his report are his observations of (1) whether the four stores for which he observed video evidence conducted bag or technology checks on the recorded; (2) how long, security checks lasted, included waiting time, and (3) how many employees brought bags or technology to work on that recorded day. Hall Supp. Rep., Ex. B, pp. 1-15 & Appx 1. As discussed below, the evidence Dr. Hall reviewed and his observations and conclusions based on that evidence fail to satisfy any of the requirements for expert testimony under Rule 702.

**1. Dr. Hall's Report Contains No Scientific, Technical or other Specialized Knowledge**

While Plaintiffs do not question Dr. Hall's qualifications as a civil engineer or research specialist, his report does not contain any scientific, technical or other specialized knowledge that will assist the Court or trier of fact in this case, as Rule 702 requires.  Dr. Hall's summary of video evidence and store practices consists of straightforward observations such as any witness could make.  (In fact, labelling his report as an expert report gives it apparent weight it does not possess, an additional reason to strike it as unfairly prejudicial under Rule 403.)

### 2. Dr. Hall's Report is Not Based Upon Sufficient Facts or Data

Second, Dr. Hall's "opinions" fail to meet the requirements of Rule 702 because they are not based "upon sufficient facts or data." *Avila v. Willits Envtl. Remediation Trust*, *supra*, p. 836.

- Dr. Hall bases his conclusions as to whether stores conduct bag and technology checks on his examination of video that Apple admits was not intended to and does not necessarily capture bag and technology checks conducted in its stores, (Kralowec Decl., Ex. A (Strauss letter), p. 4; and (First) Smith Decl., ¶ 5);

- Dr. Hall observed video footage of store <u>exits</u> to reach his conclusions about security searches for three of the four stores addressed in his report (The Grove, Century City and Carlsbad) (Hall Supp. Rep., pp. 9, 10,11)[4], despite the undisputed fact that security searches occur on the sales floor and other locations within at least two of these stores, not at store exits (*see, e.g.*, Boyer Decl. Ex. B(1) (Bonnett Decl.), ¶11; Boyer Decl., Ex. B(4) (Karn Decl.), ¶12);

- Dr. Hall's report also does not consider the declarations filed by putative class members who worked in the stores he observed, stating that they underwent bag and technology checks.  See, *e.g,* exhibits to Declaration of Lee Shalov (Dkt. No. 268-2) and attached Declarations of Hagen (Ex. 103, ¶8), Nilsson (Ex. 100, ¶ 6); Kalin, (Ex. 112 ¶¶94-98).

---

[4] Dr. Hall also viewed some footage of the manager's office at the Carlsbad store, but apparently not the sales floor (the "Red Zone"), where employees bags are checked, according to the Declaration of Margaret Karn (¶12) (filed at Boyer Decl., Ex. B(4)) although  Dr. Hall states he read that declaration.  Hall Supp. Rep., p. 11.

- 5 -
PLAINTIFFS' MOTION TO STRIKE/EXCLUDE SUPPLEMENTAL DECLARATION OF
DR. RANDOLPH HALL
Case No. 13-cv-3451-WHA

- Dr. Hall viewed only six hours of footage from the San Francisco store and fewer hours for each of the other stores, over the almost five years of the putative class period, (although, given the lack of relevance of the video footage, this is unimportant).

- Dr. Hall's observations regarding The Grove store (Hall Supp. Rep., pp. 9-10) fail to account for the issue of uncompensated security searches at the end of closing shifts, when evidence shows that the offsite breakroom is closed.  Dr. Hall's report also does not reach security search practices at The Grove or the San Francisco flagship store during the putative class period, prior to the opening of the offsite breakrooms.

- Dr. Hall's conclusion that "Employees at the San Francisco store may – and do – simply bypass the bag and technology process altogether by … simply choosing to walk out the door without stopping for a check (even if the employee is carrying a bag) (Hall Supp. Rep., p. 2), ignores Dr. Hall's own observation that 49% of employees he observed were carrying no bags or technology when exiting the San Francisco Apple store (where security guards perform checks at the store employee exit), and 50% left the store without a check.  That percentage that left the store without a check is roughly the same percentage that brought no bags or technology to work.  Allowing for a 1% margin of error in Dr. Hall's ability to see all bags in the videotape he was observing, it appears that roughly all employees who carried bags and technology stopped for security checks.  His conclusion that employees "bypass … the process" (and suggestion that many employees do) does not follow from his own observations.

- Dr. Hall admits that it was impossible for him to determine, from the video he viewed for some stores, whether the people seen exiting the stores were customers or employees (Hall Supp. Rep., pp. 10, 12 (number of people exiting the store exceeded the number of employees punching out));

- In addressing how many employees left the four Apple stores with bags, Dr. Hall ignores testimony in declarations he says he reviewed regarding bags stored in offsite breakrooms (s*ee, e.g.,* Boyer Decl, Ex. B(4) (Karn Decl.), ¶12).
- Dr. Hall addresses security checks in only 4 of Apple's 52 California retail stores (Hall Supp. Rep., p. 1).

Dr. Hall's failure to account correctly or at all for the above facts and data in his report renders it inadmissible under Rule 702.

### 3. Dr. Hall's Report is not the Product of Reliable Principles and Methods

For all the same reasons listed above, Dr. Hall's testimony is not "the product of reliable principles and methods." *Avila v. Willits Envtl. Remediation Trust*, *supra*, p. 836.  Dr. Hall employed no principles and methods other than mere observation and summary to reach his conclusions, and his observations ignore the critical points raised above.  His report ignores and fails to account for facts and data including that security checks were conducted on sales floors, not exits, in most of the observed stores, and it relies on video evidence Apple admits does not capture or reflect the information Dr. Hall purports to study, that is, how often security checks were conducted and how long they took.

### 4. Dr. Hall's Report does not Apply the Principles and Methods Reliably to the Facts of this Case

Dr. Hall did not apply his principles and methods (observation and summary) reliably to the facts of this case. *Avila v. Willits Envtl. Remediation Trust*, *supra*, p. 836.  As noted, his report is based on video evidence that Apple admits is not intended to and does not capture bag and technology checks in its stores, and he ignores the undisputed fact that bag and technology searches are conducted on the <u>sales floor</u>, while he observed store exits.  These flaws and all those enumerated in the bulleted list above fatally undermine the entirety of Dr. Hall's summary conclusions, including Dr. Hall's chart with "Summary Statistics" of the times employees waited for bag checks (cited on p. 7 of Apple's brief in opposition to Plaintiffs' motion for class

certification (Dkt. No. 255) for the proposition that wait and check times were *de minimis*), as well as Dr. Hall's following conclusion:

> There is no observable regular bag/technology process at The Grove, Century City or Carlsbad stores. The vast majority of exiting employees, even during the busiest times, left these three stores without stopping, waiting for, or undergoing a check.

Hall Supp. Rep., Ex. B, p. 1.

Dr. Hall's report in this case fails to meet the requirements of Rule 702 and should be excluded.

### III. CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully submit that Apple cannot meet its burden to prove admissibility of the Supplemental report of Dr. Hall. Plaintiffs request that the Court exclude Dr. Hall's Supplemental Report in its entirety pursuant to Rules 702 (and 403) of the Federal Rules of Evidence.

DATED: June 4, 2015

Respectfully submitted,

By: */s/ Kathleen Styles Rogers*

THE KRALOWEC LAW GROUP
Kimberly A. Kralowec
Kathleen Styles Rogers

MCLAUGHLIN & STERN, LLP
Lee S. Shalov
Brett Gallaway

Attorneys for Plaintiff Amanda Frlekin, *et al.* and the Putative Class