# EXHIBIT A

**From:**          Boyer, Todd K. <TBoyer@littler.com>
**Sent:**          Tuesday, June 02, 2015 2:50 PM
**To:**           Kathleen S. Rogers
**Cc:**           Dunne, Julie A.; Leggieri, Michael G.; Chad A. Saunders; Lee Shalov; Gallaway, Brett
**Subject:**      Frlekin v. Apple - motion to strike

Kate:

I note in your opposition to our motion to seal that Plaintiffs intend to file a "Motion to Strike the Declaration of Dr. Randolph Hall . . . on several grounds including . . . refusing to produce store surveillance video in discovery." (p. 2 fn. 1).  Apple is aware of no authority under the Northern District Local Rules that would allow a separate motion to strike Apple's evidence.  Moreover, such a motion would circumvent Local Rule 7-3(c) which states that any "evidentiary or procedural objections must be contained within the reply brief."

Additionally, your statement that Apple "refus[ed] to produce store surveillance video in discovery" is untrue and notably unsupported in your brief.

Please provide us with the authority that allows evidentiary objections to be filed as a separate motion to strike as we are aware of none, especially given Local Rule 7-3(c).

**Todd K. Boyer,** Shareholder
408.795.3410 direct  408.505.0617 mobile   408.288.5686 fax   tboyer@littler.com
50 West San Fernando Street, 15th Floor | San Jose, CA 95113-2434

 | littler.com
Employment & Labor Law Solutions Worldwide

# EXHIBIT B



Littler Mendelson, PC
501 W. Broadway
Suite 900
San Diego, CA  92101.3577

Lara K. Strauss
619.515.1821 direct
619.232.0441 main
lstrauss@littler.com

October 16, 2013

**VIA EMAIL AND REGULAR MAIL**

Kimberly A. Kralowec
The Kralowec Law Group
188 The Embarcadero, Suite 800
San Francisco, CA 94105

Louis Ginsberg
Law Firm of Louis Ginsberg, P.C.
1613 Northern Boulevard
Roslyn, NY 11576

Lee S. Shalov
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Re:     *Frlekin et al. v. Apple Inc.*
        *Kilker et al. v. Apple Inc.*

Dear Counsel:

I am writing to memorialize and follow up on the discussions we had about e-discovery and several other case management issues during our September 26 case management conference.

**Scope of Class and Preservation Obligations**

As you know, this case is at the early stages.   Plaintiffs have not yet filed a motion for conditional class certification under 216(b) of the FLSA or certification under Rule 23.   Only a limited number of individuals have opted in.   In other words, the action currently involves the limited named plaintiffs and opt-ins and is not yet nationwide in scope given the procedural posture.

The alleged common policy causing employees to wait in line at retail stores for bag checks also has no factual foundation.   In fact, a number of stores do not conduct bag checks at all or do

littler.com

Firmwide:123346044.5 043907.1181

October 16, 2013
Page 2

so only in limited circumstances.  Further, a determination of how long a bag check occurred and where it took place may depend on a wide variety of factors.

Any discussion about discovery and preservation obligations must take these issues into account.

**Plaintiffs' Identification of What They Believe Are Relevant Sources of Evidence From Apple and Retention Issues**

We asked you to identify what information and records Plaintiffs believe may be relevant to the action.  You identified the following information/records with the caveat that additional records or data may be identified at a later date:

- The number and identity of non-exempt, hourly employees at Apple retail stores in the United States.

- Apple policies regarding personal package and bag searches, including personal technology checks, applicable to non-exempt, hourly employees as that term is defined in Plaintiffs' two lawsuits (*Frlekin, et al v. Apple* and *Kilker, et al v. Apple*).

- Data sufficient to show the amount of compensation and benefits owed, if any, to non-exempt, hourly employees as a result of off-the-clock bag searches.  We noted that this request assumes non-exempt, hourly employees are entitled to any compensation and benefits as a result of searches, and that the requests are damages-based and premature at this time.  You clarified that this request was for the amount of wages paid to employees as well as the value of benefits, if any, measured on a time basis.  You indicated that a sampling might suffice.

- Complaints made by non-exempt, hourly employees to Apple management regarding off-the-clock bag searches.  The term "Apple management" refers to complaints to the HR Helpline, Business Conduct Helpline, or other complaint systems Apple offers to employees and complaints sent via email.

- Video from Apple retail stores showing bag searches of non-exempt, hourly employees.

- Company-wide timekeeping policies and instructions.

- Documents reflecting Apple senior management's knowledge about bag searches of non-exempt, hourly employees, which refers to communications (in hard copy or sent electronically) to senior management in human resources, loss prevention, payroll and corporate compliance about the bag check policy and complaints about the bag check policy.

October 16, 2013
Page 3

On a broader level, you identified the following electronically-stored information ("ESI") sources for further discussion with respect to retention obligations: (1) Apple's email systems; (2) Apple's security video system; (3) Apple's complaint system(s); and (4) Apple's timekeeping system.

As noted above, Apple generally disagrees with Plaintiffs about the scope of relevant evidence in the case at this time. Nevertheless, Apple is taking extensive steps to preserve information relevant to this litigation, including via issuing litigation holds to hundreds of employees, including human resources and loss prevention employees who may have knowledge about bag check policies, payroll employees and market directors and store leaders (this list is meant to offer examples only).[1]

All recorded time feeds into the same timekeeping system and is being retained in the normal course of business and in connection with the litigation. Apple also retains and will continue to retain relevant information reported to its HR Helpline and Business Conduct Helpline.

With respect to email, as you know, a demand to generally preserve information from Apple's email system – especially in light of the scope issues noted above – is overly broad and unworkable. We also do not view this as an email intensive case, especially because the records from the timekeeping system and HR Helpline addressed above are a more likely source of relevant data for purposes of addressing the parties' primary claims and defenses. Moreover, the primary activity at issue – bag checks – is not an activity that involves emails. Having said that, we agreed to have a further dialogue about a methodology for preserving and/or searching email. To facilitate that dialogue, please provide us with a list of any key custodians (by title or position) that Plaintiffs have identified. Please also be prepared to discuss your position on cost sharing during our next conference on these issues.

With respect to store-level video, as we discussed and want to confirm:

- The purpose of store-level security video is generally for safety and loss prevention incidents. Because of this, video is generally only used for discrete safety or loss prevention events, and usually within a short period after such incidents take place. Thus, the security videos are not maintained for a long period of time in the normal course of business.

---

[1] As we discussed, Apple intends to approach eDiscovery issues in a transparent and cooperative manner, consistent with the Federal Rules of Civil Procedure addressing ESI. We understand that Plaintiffs will approach ESI issues in the same manner, including with respect to Plaintiffs' ESI. Apple does so, however, without waiving any protections of the attorney-client privilege and the attorney work product doctrine, including with respect to its preservation strategies and activities. *See e.g., Muro v. Target*, 2007 WL 3254463 (N.D.Ill. Nov. 2, 2007).

October 16, 2013
Page 4

- The purpose of store-level security videos is not to record bag checks. While one of the cameras within a store (see next bullet) may from time to time record a bag check, those records are unpredictable.

- Each store has cameras in different locations specific to the particular location. To the extent bag checks occur, they may take place in different locations across the stores, and even in different locations within the same store. Thus, while a particular camera may be positioned in a way that happens to pick up a bag check, there is no simple way to monitor or record video only for bag checks.

- Apple has undertaken the expense (discussed below) to preserve the security videos at the retail stores at which the named-plaintiffs worked on a going forward basis. In particular, Apple is preserving the security videos from the following retail stores at which the named-plaintiffs worked: (a) R006 Lenox (REDACT cameras); (b) R024 Wellington Green (REDACT cameras); (c) R250 West 14th Street (REDAC cameras); (d) R108 Century City (REDACTED cameras); (e) R009 Easton Town Center; (f) R123 Green Hills; (g) R232 Natick Collection; and (h) R021 CambridgeSide.

- To date (these costs will increase as the hard drives that store the video – discussed below – need to be replaced on a periodic basis), the cost to retain the video at just these eight stores is [$REDACTED].

- Apple has reviewed approximately **60 hours** of security video from the retail stores at which the named-plaintiffs worked, and identified a total of **5** bag searches. REDACTED REDACTED

- Apple's retail store security video is captured in digital format (*i.e.*, computer based rather than on tapes) using an REDACTED system.

- Depending on the store REDACTED ', the hard drives can only retail approximately REDACTED days per store. REDACTED REDACTED

- To retain the video footage for longer than REDACTED days, REDACTED REDACTED

- REDACTED it costs approximately $REDACTED to replace the unit. Thus: (a) to maintain one year of video at a single retail store, it would cost approximately $REDACTED (365 days in a year/REDACTI days video storage capacity per hard

October 16, 2013
Page 5

drive = 4 x $REDACTED per hard drive); and (b) because Apple has approximately 250 retail stores in the United States, it would cost approximately over $REDACTED ($REDACTED) to retain one year of video for all of its retail stores in the United States.

# REDACTED

Given all of the above, it is evident that the substantial burdens and costs (over $REDACTED dollars per year for all U.S. retail stores) outweighs the marginal utility of preserving this data. *See* Fed. R. Civ. P. 26(B)(2)(C).

Having said all of that, we still invited a dialogue about options for possible retention of security video, including one in which the parties jointly select a sample of retail stores (including if they can be identified stores that have cameras focused on an area in which bag checks are known to take place) and agree on reasonable period for which video will be retained, as well as a cost-allocation/sharing protocol.  We look forward to hearing your  thoughts on those issues.

We also explained that in light of the issues noted above, Apple is not retaining security video for all of its retail stores.  While the parties continue their discussions about these issues, Apple is only undertaking the costs to continue preserving the security videos on a going-forward-basis for the eight stores (identified above) where the named-plaintiffs worked.

You agreed to discuss the video retention issues and notify us of your position so we can hopefully reach an agreement on a reasonable protocol that provides the parties sufficient retail store-level security video evidence for purposes of arguing their claims and defenses in the case without spending disproportionate amounts of money to do so.  We also noted that if the parties could not promptly reach agreement on these issues, we would ask the court to weigh in.

You also suggested that we have further discussions about ESI issues and retention on October 17, the date of the scheduling conference.  We agreed with that approach and are planning on meeting with you after the conference.

**Apple's Identification of What It Believes is Relevant Evidence From Plaintiffs and Retention Issues**

We asked what information and documents Plaintiffs have related to their employment at Apple and claims.  We specifically asked about the following:

October 16, 2013
Page 6

- Records (either kept electronically or in hard copy) showing hours worked and time spent undergoing bag checks, including records used to support the specific allegations in Plaintiffs' Complaints about how many minutes they spent on bag checks;

- Plaintiffs' own video, photographs or other images showing bag checks; and

- Communications about bag checks and any other allegations in the complaints, including emails and postings/communications though social media.

You indicated that you do not know exactly what records Plaintiffs have, but have confirmed that you have directed Plaintiffs to preserve anything and everything they have related to the allegations in their Complaints. We appreciate the representation. However, please understand that e-discovery is a two way street, and that preservation burdens apply to plaintiffs as strongly as defendants. Indeed, Plaintiffs' duty to preserve is often triggered first. *See e.g.*, *The Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC,* 2010 WL 184312 (S.D.N.Y. Jan. 15, 2010) ("A plaintiff's duty [to preserve] is more often triggered before litigation commences, in large part, because plaintiffs control the timing of litigation"; issuing adverse inference instruction against Plaintiffs that failed to issue written litigation holds).

We believe that proper preservation by Plaintiffs involves, at a minimum:

- Issuance of written litigation holds to relevant custodians that provide specific guidance about the types of documents and data that need to be retained;

- An inquiry into whether each Plaintiff used the types of data sources identified above, and an investigation into whether such data sources contain relevant data; and

- Appropriate oversight by counsel in the preservation process

Likewise, while we look forward to discussing the scope of preservation in greater detail, we want to underscore that if Plaintiffs intend to take the position that the scope of preservation is nationwide, this scope naturally applies to Plaintiffs (and potential Plaintiffs)[2] as well.

**Clarification on Scope of FLSA Claim**

We noted that it was not clear to us if Plaintiffs' "wage" claim under the FLSA was intended to allege a minimum wage claim. You clarified that Plaintiffs' FLSA claim for an unpaid "wage" is intended to refer to unpaid minimum wages.

---

[2] While there are currently only four named Plaintiffs in the case, the preservation obligation also extends to other potential Plaintiffs, including potential opt-ins.

October 16, 2013
Page 7

**Potential Conflict Within The Class**

We asked if Plaintiffs meant to include managers in the putative classes. We pointed out the conflict of interest between managers and non-management employees given that managers conduct bag searches and are responsible for ensuring employees record all hours worked. *See Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) ("The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel."). As Judge Alsup noted in denying class certification in *Howard v. Gap, Inc.*, 2009 U.S. Dist. LEXIS 105196 at *17, n.3 (N.D. Cal. 2009):

> In addition, there is a conflict of interest among proposed class members. The proposed class definition refers to "all non-exempt employees." This includes managers, such as store managers, who allegedly instructed employees that Gap clothes were required (an instruction Gap contends violates their policy). Thus, plaintiff seeks to represent not only non-exempt managers who purportedly gave these instructions but also employees who allegedly relied on them.

*See also Hughes v. WinCo Foods*, 2012 U.S. Dist. LEXIS 2469 at *24 (C.D. Cal. 2012) ("Thus, because Plaintiffs assign partial responsibility for labor law violations to their supervisors, and simultaneously seek to represent said supervisors, there is a conflict of interest. It raises sufficient concerns about adequacy of representation to make the class, as currently defined, inappropriate.").

You confirmed Plaintiffs' putative classes do include managers. You indicated that you do not believe the putative class as pled creates a conflict, but would look into the issue in more detail.

**Discovery Needed For Conditional Class Certification**

You indicated that Plaintiffs anticipated filing a conditional class certification motion under the federal Fair Labor Standard Act ("FLSA") claim, followed by a separate Rule 23 motion for class certification. Plaintiffs anticipate filing a motion for conditional class certification on the FLSA claim in approximately two months. Plaintiffs will need the following discovery to prepare that motion: (a) requests for production of documents; (b) interrogatories; and (c) approximately two depositions of a retail operations witness and a human resource witness.

We indicated that we would need Plaintiffs' and the opt-ins' depositions – preferably in November – and responses to an initial round of written discovery responses.

**Email Service**

You proposed electronic service of discovery and pleadings. We agreed to check with Apple, but explained that we generally prefer regular service by personal delivery, mail or overnight mail with a courtesy copy sent via email.

October 16, 2013
Page 8

Please let us know if we have mischaracterized any of our discussions or if you have any questions or clarifications before our conference tomorrow.

Sincerely,

Lara K. Strauss
LKS/pg

cc:    Julie Dunne, Esq. (via email only)
       Todd Boyer, Esq. (via email only)

# EXHIBIT C

JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LARA K. STRAUSS, Bar No. 222866
lstrauss@littler.com
MICHAEL G. LEGGIERI, Bar No. 253791
mleggieri@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone:    619.232.0441
Facsimile:    619.232.4302

TODD K. BOYER, Bar No. 203132
tboyer@littler.com
KARIN M. COGBILL, Bar No. 244606
kcogbill@littler.com
NICOLAS T. KELSEY, Bar No. 246060
nkelsey@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, California 95113.2303
Telephone:    408.998.4150
Facsimile:    408.288.5686

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA FRLEKIN and DEAN PELLE, on behalf of themselves and all others similary situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., a California corporation,<br><br>Defendant. | Case No.  CV 13-3451 WHA<br><br>ASSIGNED TO THE HONORABLE WILLIAM H. ALSUP<br><br>**DEFENDANT APPLE INC.'S FED. R. CIV. P. 26(a) INITIAL DISCLOSURES**<br><br>Complaint Filed:  July 25, 2013 |

Defendant Apple Inc. ("Apple" or "Defendant") sets forth these initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). These initial disclosures are based on the information reasonably available to Apple at this time. Apple reserves the right to supplement its initial disclosures, if necessary, as new information is uncovered during the course of this litigation and through discovery. The following initial disclosures are provided without prejudice to Apple's right to use additional evidence, witnesses, and documents to establish its claims.

Further, said disclosures are made without the waiver of any and all privileges provided by law, including without limitation, the attorney-client privilege and the attorney work-product doctrine. Apple reserves the right not to disclose information subject to privilege, work-product, or privacy and reserves all objections as to the discoverability, admissibility, and/or relevance of any and all documents disclosed pursuant to these initial disclosures.

**A.** **Individuals Likely To Have Knowledge Of Discoverable Information That Apple May Use To Support Its Defenses Against Plaintiffs.**

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| Plaintiff Amanda Frlekin<br><br>c/o Plaintiffs' Counsel | Plaintiff Frlekin presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, her allegations that Apple subjected her and other employees to employee package and bag checks and/or technology card checks, and that she spent uncompensated time undergoing and waiting for these checks. |
| Plaintiff Dean Pelle<br><br>c/o Plaintiffs' Counsel | Plaintiff Pelle presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, his allegations that Apple subjected him and other employees to employee package and bag |

TLER MENDELSON, P.C.<br>J. San Fernando, 15th Floor<br>an Jose, CA 95113-2303<br>408.998.4150

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Debra Speicher<br><br>c/o Plaintiffs' Counsel | Plaintiff Speicher presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected her and other employees to employee package and bag checks and/or technology card checks, and that she spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Elliot Beltzer<br><br>c/o Plaintiffs' Counsel | Plaintiff Beltzer presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Aaron Gregoroff<br><br>c/o Plaintiffs' Counsel | Plaintiff Gregoroff presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for |

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | these checks. |
| Opt-in Plaintiff Melody Idakaar<br><br>c/o Plaintiffs' Counsel | Plaintiff Idakaar presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected her and other employees to employee package and bag checks and/or technology card checks, and that she spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Brandon Fisher<br><br>c/o Plaintiffs' Counsel | Plaintiff Fisher presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Seth Dowling<br><br>c/o Plaintiffs' Counsel | Plaintiff Dowling presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Adam Kilker | Plaintiff Kilker presumably has discoverable information |

TLER MENDELSON, P.C.<br>¥ San Fernando, 15th Floor<br>an Jose, CA 95113-2303<br>408.998.4150

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| c/o Plaintiffs' Counsel | about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff John Meyer<br><br>c/o Plaintiffs' Counsel | Plaintiff Meyer presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, and that he spent uncompensated time undergoing and waiting for these checks. |
| Opt-in Plaintiff Taylor Kalin<br><br>c/o Plaintiffs' Counsel | Plaintiff Kalin presumably has discoverable information about the allegations in Plaintiffs' complaint, including but not limited to, allegations that Apple subjected him and other employees to employee package and bag checks and/or technology card checks, that he spent uncompensated time undergoing and waiting for these checks, and that he spent uncompensated time waiting to clock in and waiting to check-in Company devices. |
| Person(s) most knowledgeable on the subjects listed | Person(s) most knowledgeable has discoverable information about Apple's policies, practices and |

1LER MENDELSON, P.C.<br>/ San Fernando, 15th Floor<br>an Jose, CA 95113 2303<br>408 998 4150

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| c/o Littler Mendelson | procedures regarding employee package and bag checks and/or technology card checks of employees as well as information about Apple's policies, practices and procedures regarding technology checks. |
| Person(s) most knowledgeable on the subjects listed<br><br>c/o Littler Mendelson | Person(s) most knowledgeable has discoverable information about the job duties at issue and what is necessary to perform the duties of hourly retail positions to Apple's expectations. |
| Person(s) most knowledgeable on the subjects listed<br><br>c/o Littler Mendelson | Person(s) most knowledgeable has discoverable information about Apple's policies, practices and procedures regarding paying hourly employees for all hours worked and prohibiting hourly employees from working off the clock. |
| Brian Krinek<br><br>Senior Manager<br><br>c/o Littler Mendelson | Mr. Krinek has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all |

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

TLER MENDELSON, P.C.
v. San Fernando, 15th Floor
an Jose, CA 95113.2303
408.998.4150

| Name, Address, and Telephone Number | Subject of Information |
| --- | --- |
| | hours worked. |
| Danya Bonnett<br>Store Leader<br>c/o Littler Mendelson | Ms. Bonnett has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Eric Kinder<br>Senior Manager<br>c/o Littler Mendelson | Mr. Kinder has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |

TLER MENDELSON, P.C.<br>/ San Fernando, 15th Floor<br>an Jose, CA 95113-2303<br>408.998.4150

Case No. CV 13-3451 WHA

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| Heather Hart<br>Manager<br>c/o Littler Mendelson | Ms. Hart has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Andrew Chantra<br>Manager<br>c/o Littler Mendelson | Mr. Chantra has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Greg Snyder | Mr. Snyder has discoverable information about employee package and bag check practices, technology |

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

TLER MENDELSON, P.C.
V. San Fernando, 15th Floor
an Jose, CA 95113-2303
408.998.4150

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| Product Support Supervisor<br><br>c/o Littler Mendelson | card check practices, scheduling practices and timekeeping practices at Apple's Century City store in Los Angeles, California; time Plaintiff Frlekin, Opt-in Plaintiff Speicher, and other employees spent, if any, undergoing and waiting for employee package and bag checks; and communications with employees at the Century City store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Anthony Allicock<br><br>Developmental Manager<br><br>c/o Littler Mendelson | Mr. Allicock has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, undergoing and waiting for employee package and bag checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and recording all hours worked. |
| Arik Nagel<br><br>Developmental Manager<br><br>c/o Littler Mendelson | Mr. Nagel has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, undergoing and waiting for employee package and bag |

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | checks and/or technology card checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Peter Jordan<br><br>Senior Manager<br><br>c/o Littler Mendelson | Mr. Jordan has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Adam Bedell<br><br>Manager<br><br>c/o Littler Mendelson | Mr. Bedell has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Carlsbad store in Carlsbad, California; time Opt-in Plaintiff Gregoroff, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Carlsbad store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
| --- | --- |
| Chris Chatham<br><br>Manager<br><br>c/o Littler Mendelson | Mr. Chatham has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Carlsbad store in Carlsbad, California; time Opt-in Plaintiff Gregoroff, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Carlsbad store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Megan Karn<br><br>Store Leader<br><br>c/o Littler Mendelson | Ms. Karn has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Carlsbad store in Carlsbad, California; time Opt-in Plaintiff Gregoroff, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Carlsbad store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Andrea Lettus<br><br>Senior Manager<br><br>c/o Littler Mendelson | Ms. Lettus has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's The Forum Shops store in Las Vegas, Nevada; time Opt- |

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

TLER MENDELSON, P.C.
/. San Fernando, 15th Floor
an Jose, CA 95113.2303
408.998.4150

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | in Plaintiff Gregoroff, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at The Forum Shops store in Las Vegas regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Leonard Endellicate<br><br>Manager<br><br>c/o Littler Mendelson | Mr. Endellicate has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's The Forum Shops store in Las Vegas, Nevada; time Opt-in Plaintiff Gregoroff, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at The Forum Shops store in Las Vegas regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Megan Melcher<br><br>Flag Leader<br><br>c/o Littler Mendelson | Ms. Melcher has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's The Grove store in Los Angeles, California; time Opt-in Plaintiff Dowling, and other employees spent, if any, undergoing and waiting for employee package and bag |

| Name, Address, and Telephone Number | Subject of Information |
| --- | --- |
| | checks and/or technology card checks; and communications with employees at The Grove store in Los Angeles regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Lauren Feist<br><br>Human Resources Manager<br><br>c/o Littler Mendelson | Ms. Feist has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's The Grove store in Los Angeles, California, where Opt-in Plaintiff Dowling worked; time employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at The Grove store in Los Angeles regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Jean Roh<br><br>Human Resources Manager<br><br>c/o Littler Mendelson | Ms. Roh has information about Opt-in Plaintiff Dowling's employment and separation from Apple and may also have information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's The Grove store in Los Angeles, California. |
| Larry Verter | Mr. Verter has information about employee package and |

TLER MENDELSON, P.C.<br>V. San Fernando, 15th Floor<br>an Jose, CA 95113 2303<br>408.998.4150

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| Flag Market Leader<br><br>c/o Littler Mendelson | bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's San Francisco (Stockton St.) store in San Francisco, California; time Opt-in Plaintiff Kalin, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the San Francisco (Stockton St.) store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| David Kamilar<br><br>Flag Leader<br><br>c/o Littler Mendelson | Mr. Kamilar has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Fifth Avenue store in New York, New York; time Opt-in Plaintiffs Beltzer, Idakaar and Meyer, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Fifth Avenue store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Marykate Gallagher<br><br>Store Leader | Ms. Gallagher has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's |

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| c/o Littler Mendelson | Fifth Avenue store in New York, New York; time Opt-in Plaintiffs Beltzer, Idakaar and Meyer, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Fifth Avenue store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Steven Halter<br><br>Human Resources Manager<br><br>c/o Littler Mendelson | Mr. Halter has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's Fifth Avenue store in New York, New York; time Opt-in Plaintiffs Beltzer, Idakaar and Meyer, and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the Fifth Avenue store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Gina Haney<br><br>Store Leader<br><br>c/o Littler Mendelson | Ms. Haney has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, |

Case No. CV 13-3451 WHA

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

TLER MENDELSON, P.C.
¼ San Fernando, 15th Floor
an Jose, CA 95113.2303
408.998.4150

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Tommy Hines<br><br>Market Human Resources Manager<br><br>c/o Littler Mendelson | Mr. Hines has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and/or technology card checks, and recording all hours worked. |
| Bryan Nakamoto<br><br>Acting Flag Leader<br><br>c/o Littler Mendelson | Mr. Nakamoto has information about employee package and bag check practices, technology card check practices, scheduling practices and timekeeping practices at Apple's West 14th Street store in New York, New York; time Plaintiff Pelle and other employees spent, if any, undergoing and waiting for employee package and bag checks and/or technology card checks; and communications with employees at the West 14th Street store regarding employee package and bag checks and/or |

| Name, Address, and Telephone Number | Subject of Information |
|---|---|
| | technology card checks, and recording all hours worked. |

**B.     Categories Of Documents In Apple's Possession, Custody, Or Control That Apple May Use To Support Its Defenses.**

1.      Named Plaintiffs' and Opt-in Plaintiffs' personnel records, time records, and payroll records.  These documents are in the possession of Apple.

2.      Documents reflecting scheduled work hours in the stores in which the named Plaintiffs and Opt-ins Plaintiffs worked.  These documents are in the possession of Apple.

3.      Documents reflecting time punch records in the stores in which the named Plaintiffs and Opt-in Plaintiffs worked.  These documents are in the possession of Apple.

4.      Documents reflecting Apple's policies, practices, procedures and communications about employee package and bag checks, and/or technology card checks.  These documents are in the possession of Apple.

5.      Documents reflecting Apple's policies, procedures, and communications regarding the payment for all hours worked, the prohibition of off-the-clock work and instructions and reminders about recording all hours worked.  These documents are in the possession of Apple.

6.      Documents reflecting the physical layout of the stores in which the named Plaintiffs and Opt-in Plaintiffs worked.  These documents are in the possession of Apple.

7.      Sample store-level security video recordings from the stores in which the named Plaintiffs formerly worked.[1]

8.      To the extent that Plaintiffs are able to proceed on behalf of a class, which Apple disputes, payroll and time records for class members who claim that they were not paid for all

---

[1] As Apple's counsel previously discussed with Plaintiffs' counsel, Apple denies that it has any obligation to retain all store-level security video.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Apple has, however, invited Plaintiffs' counsel to engage in a dialogue about options for possible retention of security video, including one in which the parties jointly select a sample of retail stores (including, if they can be identified, stores that have cameras focused on an area in which bag checks are known to take place) and agree on reasonable period for which video will be retained, as well as a cost-allocation/sharing protocol.

DEFENDANT APPLE INC.'S RULE 26(a) INITIAL DISCLOSURES

1   hours worked due to time spent waiting for and undergoing employee package and bag checks

2   and/or technology checks during the relevant statute of limitations period.  These documents are in

3   the possession of Apple.

4          9.      To the extent that Plaintiffs are able to proceed on behalf of a class, which

5   Apple disputes, documents showing scheduled work hours for non-exempt retail employees during

6   the relevant statute of limitations period.  These documents are in the possession of Apple.

7          10.     To the extent that Plaintiffs are able to proceed on behalf of a class, which

8   Apple disputes, the time punch records of the non-exempt retail employees.

9          11.     To the extent that Plaintiffs are able to proceed on behalf of a class, which

10  Apple disputes, documents reflecting the physical layout of the stores where class members worked.

11  These documents are in the possession of Apple.

12         12.     To the extent Plaintiffs are able to proceed on behalf of a class, which Apple

13  disputes, sample store-level security video recordings from the stores where class members worked.[2]

14         13.     To the extent that other class action settlements overlap with Plaintiffs' claims

15  either on an individual or class basis, publicly-filed documents showing the terms of other class

16  action settlements and associated releases that may impact liability and/or damages in this action,

17  including the settlement agreements, notice forms, and preliminary and final approval motions and

18  orders for other putative class action settlements involving non-exempt employees with overlapping

19  claims.

20         Discovery in this matter has only recently commenced.  Apple reserves the right to

21  amend or modify its disclosure as warranted during the course of discovery.

22  **C.    Computation Of Damages.**

23         Apple denies that Plaintiffs suffered any damages.  Discovery in this matter has only

24  recently commenced.  Apple reserves its right to amend or modify its disclosure as warranted during

25  the course of discovery.

26

27

28  [2] See Footnote 1.

TLER MENDELSON, P.C.
J San Fernando, 15th Floor
an Jose, CA 95113-2303
408.998.4150

D. **Insurance Agreements Under Which An Insurance Business May Be Liable To Satisfy All Or Part Of A Possible Judgment In The Action Or To Indemnify Or Reimburse For Payments Made To Satisfy The Judgment.**

Apple does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a possible judgment.

Dated: October 25, 2013

JULIE A. DUNNE
TODD K. BOYER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
APPLE INC.

Firmwide.123135531.4 043907.1181

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 West Broadway, Suite 900, San Diego, CA 92101.3577.  On October 25, 2013, I served the within document(s):

**DEFENDANT APPLE INC.'S FRCP RULE 26(S) INITIAL DISCLOSURES**

☐ by facsimile transmission on October 25, 2013.  This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2005(3), telephone number 619.232.4302. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☒ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Kimberly A. Kralowec
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, CA  94105
Telephone:    (415) 546-6800
Facsimile:    (415) 546-6801
kkralowec@kralowieclaw.com

Lee S. Shalov
Brett Gallaway
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone:    (212) 448-1100
Facsimile:    (212) 448-0066
lshalov@mclaughlinstern.com
bgallaway@mclaughlinstern.com

Louis Ginsberg
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, NY  11576
Telephone:    (516) 625-0105, ext. 13
lg@louisginsberglawoffices.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 25, 2013, at San Diego, California.

Pamela Gomez

Firmwide:123840821.1 043909.1181

LITTLER MENDELSON
2049 Century Park East
5th Floor
Los Angeles, CA  90067
310.553.0308

2.

PROOF OF SERVICE

# EXHIBIT D



Littler Mendelson, PC
501 W. Broadway
Suite 900
San Diego, CA 92101.3577


Lara K. Strauss
619.515.1821 direct
619.232.0441 main
lstrauss@littler.com

November 6, 2013

**_APPLE DESIGNATES THE INFORMATION HEREIN "CONFIDENTIAL"_**
**_IN ACCORDANCE WITH THE PROTECTIVE ORDER TO BE ENTERED IN THIS CASE_**

**VIA EMAIL AND REGULAR MAIL**

Kimberly A. Kralowec
The Kralowec Law Group
188 The Embarcadero, Suite 800
San Francisco, CA 94105

Louis Ginsberg
Law Firm of Louis Ginsberg, P.C.
1613 Northern Boulevard
Roslyn, NY 11576

Lee S. Shalov
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Re: *Frlekin et al. v. Apple Inc.*
*Kilker et al. v. Apple Inc.*

Dear Counsel:

I am writing to follow up on the discussions we had about eDiscovery and several other issues at the September 26 case management conference and our meeting following the October 17 court conference.

**Video Retention Protocol**

As you know, we discussed the challenges and cost of retaining store-level security video that Apple uses for discrete safety and/or loss prevention incidents, which is not maintained for extended periods of time in the normal course of business. We asked for Plaintiffs' position on store-level security video retention and agreed to discuss the issue further following the October 17 court conference.

November 6, 2013
Page 2

In a letter dated October 16, 2013,[1] Apple provided further detail about the store-level security video Apple is retaining for the stores where the named plaintiffs worked and the cost for the retention.  During our discussion on October 17, 2013, you told us you would notify us of Plaintiffs' position on a protocol for retention of store-level security video, including the option of retention for a sampling of stores jointly selected by the parties for a reasonable period with cost-sharing, by October 25.  We have not yet heard from you on that issue.  Please confirm Plaintiffs' position by **Tuesday, November 12** so we can determine if we have an agreement or need to involve the court.

We also wanted to provide you with an update on cost information for the store-level video retention.  As we explained to you previously, Apple has undertaken the expense of retaining store-level security video for certain stores where the eight named plaintiffs and/or opt-ins worked on a going forward basis.  Four additional stores have been added to the list I previously provided, which means Apple is now preserving store-level security video for the following stores:

    (1) R006 Lenox Square (Dean Pelle worked at this store);

    (2) R024 Wellington Green (Dean Pelle worked at this store);

    (3) R250 West 14th Street (Dean Pelle worked at this store);

    (4) R108 Century City (Amanda Frlekin and Debra Speicher worked at this store);

    (5) R009 Easton Town Center (Brandon Fisher worked at this store);

    (6) R123 Green Hills (Brandon Fisher worked at this store);

    (7) R232 Natick Collection (Adam Kilker worked at this store);

    (8) R021 CambridgeSide (Adam Kilker worked at this store);

    (9) R095 Fifth Avenue (Elliot Beltzer, Melody Idakaar and John Roland Meyer worked at this store);

    (10) R050 The Grove (Seth Dowling worked at this store);

    (11) R294 Carlsbad Forum (Aaron Gregoroff worked at this store); and

    (12) R161 The Forum Shops (Aaron Gregoroff worked at this store).

---

[1] While we believe it was understood, to avoid any confusion, Apple designates its October 16, 2013 letter "Confidential" in accordance with the protective order to be entered in this case.

November 6, 2013
Page 3

We believe this covers all of the stores at which the named and opt-in plaintiffs worked with the exception of Claudia Wright, who just recently opted-in.  Please advise if you disagree.

As we previously advised, the total one-time cost to replace the ▮▮▮▮unit at an individual store is approximately ▮▮▮▮▮[2]  Based on current use projections and updated information about the storage space for the replacement ▮▮▮▮units, we project that the hard drives will need to be replaced at these 12 stores once every ▮▮▮▮▮▮▮▮▮ (rather than ▮▮▮▮▮▮▮▮▮▮▮▮ve projected previously), with the exact timeframe depending on the store.

Accordingly, the updated projected cost to maintain one year's worth of store-level security video for just these 12 stores is over $▮▮▮▮▮, as follows:

| No. | Store | # of Cameras | Approximate Cost Estimate to Replace Exacq Unit for Store | Approximate Number of Days Exacq Unit Can Maintain Data[3] | Approximate Number of Replacements Needed Per Year (to maintain 365 days of data) | Approximate Cost to Maintain One Year of Store-Level Security Video |
|---|---|---|---|---|---|---|
| 1. | R006 Lenox | | | | | |
| 2. | R024 Wellington Green | | | | | |
| 3. | R250 West 14th Street | | | | | |
| 4. | R108 Century City | | | | | |
| 5. | R009 Easton Town Center | | | | | |
| 6. | R123 Green Hills | | | | | |
| 7. | R232 Natick Collection | | | | | |
| 8. | R021 CambridgeSide | | | | | |
| 9. | R095 Fifth Avenue | | | | | |
| 10. | R050 The Grove | | | | | |

---

[2]  As we explained in our October 16 letter, to retain the video footage on an ongoing basis, it is our understanding that the entire ▮▮▮▮unit at each store must be replaced.  It is not possible to simply add more storage space to the existing units, nor is it possible to view the hard drives (which operate as an array) outside of the units at the store, each of which is calibrated in a unique way.
[3]  Please keep in mind that the projected number of days per unit is necessarily based on assumptions about a number of factors.  As the units are used at particular stores, we may discover that the actual number of days particular units are maintaining is higher or lower.

November 6, 2013
Page 4

| 11. | R294 Carlsbad Forum | ███████████████ |
| 12. | R161 The Forum Shops | |
| | | |

Applying that same ████████████ estimate across all 250 retail stores (rather than the ████████ we projected previously) means the projected cost to retain **one year** of store-level security video for all of Apple's approximately 250 retail stores in the United States is in the range of ████████████████████ While that number is slightly lower than our prior projection or $███████ per year, we think we can all agree that the substantial burdens and costs continue to outweigh the marginal utility of preserving all store-level security video data on a nationwide basis.  *See* Fed. R. Civ. P. 26(B)(2)(C).

Again, we look forward to hearing Plaintiffs' position on a reasonable protocol that provides the parties sufficient retail store-level security video evidence for purposes of arguing their claims and defenses in the case without spending disproportionate amounts of money to do so.

**Email Search and Retention**

We also previously asked Plaintiffs to provide a list of Key Custodians for email retention and possible searching.[6]

During our conference on October 17, the only "custodian(s)" Plaintiffs identified for email retention and possible searching were "individuals at the corporate level responsible for drafting and/or updating Apple's current corporate Employee Package and Bag Search policy and prior versions of that policy."  Plaintiffs did not identify any specific individuals by name or position. We again ask that Plaintiffs do so if they are aware of specific individuals at Apple whose email Plaintiffs maintain should be retained and searched.  We also request that Plaintiffs identify any additional Key Custodians (via names and/or titles) for purposes of potential email preservation by **Tuesday, November 12**.

In the meantime, we are working to determine:

---

4 ███████████████████████████████████████████

$███████████████████████████████████████████
5

$███

6 We continue to believe that this will not be an email intensive case, especially because the records from the timekeeping system and HR Helpline that Apple has identified and is preserving are a more likely source of relevant data for purposes of addressing the parties' primary claims and defenses and because the primary activity at issue – bag checks – is not an activity that involves emails.

November 6, 2013
Page 5

(a) Which individuals, if any, fit within Plaintiffs' description of "individuals at the corporate level responsible for drafting and/or updating Apple's current corporate Employee Package and Bag Search policy and prior versions of that policy";

(b) If they still work for Apple; and

(c) Cost information for preserving their email for potential searching later in the case.

**Potential Conflict Within The Class**

In our October 26 correspondence, we also provided the authority you requested regarding the conflict of interest in having managers and non-management employees in the same putative class given the fact that managers conduct bag searches and are responsible for ensuring employees record all hours worked.

At our October 17 conference, you indicated that you would review the authority and confirm whether Plaintiffs will modify the putative class to exclude managers.  We have not heard from you on that issue either.  Please also confirm Plaintiffs' position on that issue by no later than **Tuesday, November 12.**

We are available should you wish to further discuss any of these issues in greater detail.

Sincerely,

Lara K. Strauss
LKS/pg

cc:   Julie Dunne, Esq. (via email only)
      Todd Boyer, Esq. (via email only)
      Josh Kienitz, Esq. (via email only)

# EXHIBIT E

| | |
|---|---|
| **From:** | Lee Shalov <LSHALOV@mclaughlinstern.com> |
| **Sent:** | Thursday, November 14, 2013 7:56 AM |
| **To:** | (kkralowec@kraloweclaw.com), KimberlyA. Kralowec; Strauss, Lara K.; louisginsberg@ 1800lostjob.com |
| **Cc:** | Boyer, Todd K.; Dunne, Julie A.; Kienitz, Joshua D. |
| **Subject:** | Re: Frlekin/Kilker/Apple - Correspondence |

Lara:

While we did not discuss this on the phone during yesterday's meet and confer, given the prohibitive costs outlined in your letter, Plaintiffs will not ask Apple to retain store videotapes.  However, any videotapes that Apple has already retrieved and copied should be produced pursuant to our request for production of documents and related materials.

Lee

Lee S. Shalov
McLaughlin & Stern LLP
260 Madison Ave.
New York, NY 10016
Tel:  (646) 278-4298
Cell: (516) 359-1825
Fax:  (212) 448-0066
lshalov@mclaughlinstern.com



>>> "Strauss, Lara K." <LStrauss@littler.com> 11/6/2013 7:52 PM >>>
Counsel –

Please find attached correspondence of today's date.

Regards,
Lara

**Lara Strauss,** Shareholder
619.515.1821 direct  619.888.0908 mobile    LStrauss@littler.com
501 W. Broadway, Suite 900 | San Diego, CA 92101-3577

 | littler.com
Employment & Labor Law Solutions Worldwide

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com