IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMANDA FRLEKIN, TAYLOR KALIN, AARON GREGOROFF, SETH DOWLING, and DEBRA SPEICHER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

APPLE INC., a California corporation,

    Defendant.

No. C 13-03451 WHA (lead)
No. C 13-03775 WHA (consolidated)
No. C 13-04727 WHA (consolidated)

**ORDER RE MOTION TO STRIKE AND OTHER EVIDENTIARY ISSUES**

Three evidentiary issues, including a separately-file motion to strike, were raised in the briefing on plaintiffs' class certification motion, which was granted (Dkt. No. 297). This order addresses those issues. *First*, Apple objected to plaintiffs' reliance on the declarations of three former employees, Cherie Coles, Susan Schneider, and Omar Caputo (Shalov Decl. 20, 24, 29). Apple noticed the depositions of those individuals and confirmed the depositions with plaintiffs' counsel, however the individuals failed to appear. The declarations of those witnesses were not necessary to the class certification order, as they were cumulative of the facts already in the record. Apple's first motion to strike is therefore **DENIED AS MOOT**.

*Second*, Apple objected to plaintiffs' 24-page trial plan, which is attached as an exhibit to a declaration in support of their motion (Shalov Decl., Exh. 83). Apple asks the Court to disregard that exhibit or to permit Apple to submit a responsive brief on the basis that the trial plan is an improper supplemental brief in violation of Civil L.R. 7-2(b). The order approving class certification does not adopt plaintiffs' trial plan. Accordingly, that exhibit was not necessary to this order. Apple's second motion to strike is therefore **DENIED AS MOOT**.

*Third*, plaintiffs objected to Apple's reliance on the report of Dr. Randolph W. Hall, on the ground that his report failed to meet the requirements of Federal Rule of Evidence 702. They also objected to the video evidence that formed the basis of Dr. Hall's report because Apple produced that evidence only two weeks before the close of discovery and failed to produce a witness for deposition regarding the creation of those videos prior to the close of discovery. Apple, in turn, argued, among other things, that plaintiffs' objection was procedurally invalid, as the substance of the objection was raised in a separate motion in violation of Civil L.R. 7-3(c), which requires that "any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum."

Dr. Hall's report discussed the duration of searches that he observed and in particular, how long employees had to wait for searches to occur on days that Dr. Hall expected long lines to form. These issues related to the scope of Apple's *de minimis* defense, rather than to Apple's liability. The application of that defense to individual employees will be adjudicated on an individual basis. Plaintiffs presented substantial evidence that employees were subject to searches and wait times that would not be found *de minimis*. Accordingly, Dr. Hall's report was not necessary to the order approving class certification. Plaintiffs' motion to strike Dr. Hall's report and the evidence Dr. Hall relied upon is **DENIED AS MOOT**.

Plaintiffs filed a request for judicial notice of a state court decision certifying a class for labor claims based on uncompensated time spent waiting for a security check. *See Murphy v. CVS*, No. BC464785, Los Angeles County Superior Court (June 21, 2013) (Judge Richard Rico). That decision was not necessary to the order on class certification; accordingly, that request is **DENIED AS MOOT**. Defendant filed a request for judicial notice of several state regulations regarding whether *de minimis* time is compensable. That request is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2