NOTICE OF PENDENCY OF CLASS ACTION

If You are a Current or Former Hourly-Paid and Non-Exempt Employee of Apple Inc. Who Worked at One or More Apple California Retail Stores from July 25, 2009 to the Present (collectively referred to as "Apple Employees"):

**PLEASE READ THIS NOTICE CAREFULLY.  THE CLASS ACTION DISCUSSED BELOW WILL AFFECT YOUR LEGAL RIGHTS.**

- Plaintiffs Aaron Gregoroff, Debra Speicher, Seth Dowling, and Taylor Kalin ("Plaintiffs") filed an action (the "Action") against Apple Inc. ("Apple") in the United States District Court for the Northern District of California (the "Court")

- Plaintiffs allege in the Action that Apple is required under California labor laws to compensate Apple Employees for time spent, if any, waiting for and participating in bag checks and checks of their personally owned Apple technology (collectively, "Checks").  Apple's position is that, per applicable law, time spent in Checks, if any, is not compensable, and Apple has asserted defenses to Plaintiffs' claims.  The Court has not decided who is right.

- In an Order dated July 16, 2015 (the "Order"), the Court ruled that the Action may proceed as a class action on behalf of Apple Employees (the "Class").  Plaintiffs have received the Court's approval to proceed with their claims only on the theory that Apple must compensate Apple Employees whenever they go through Checks regardless of why they bring bags or their personally owned Apple technology to work.  Thus:

- THE CLASS WILL LITIGATE THIS CASE EXCLUSIVELY ON THE THEORY THAT ALL CLASS MEMBERS VOLUNTARILY CHOSE TO BRING BAGS AND/OR PERSONAL APPLE TECHNOLOGY TO WORK PURELY FOR PERSONAL CONVENIENCE.

- PLAINTIFFS, ON BEHALF OF THE CLASS, **WILL NOT CONTEND** THAT ANY CLASS MEMBERS WERE REQUIRED TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK FOR ANY REASON WHATSOEVER.  FOR EXAMPLE, PLAINTIFFS **WILL NOT CONTEND** THAT: APPLE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK; THAT THE NATURE OF THE WORK REQUIRED CLASS MEMBERS TO BRING BAGS OR PERSONAL APPLE TECHNOLOGY TO WORK; OR THAT A NECESSITY OF LIFE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK.

- **IF YOU DO NOT INTERVENE IN THIS ACTION OR EXCLUDE YOURSELF FROM IT, YOU WILL BE FOREVER BARRED FROM SUING APPLE FOR COMPENSATION FOR TIME SPENT IN CHECKS BASED ON A THEORY THAT YOU WERE REQUIRED, FOR ANY**

**REASON WHATSOEVER, TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK**.

- In the Order, the Court appointed the law firms of McLaughlin & Stern, LLP and the Kralowec Law Group to act as "Class Counsel" on behalf of the Class.

- As a result of the Order, you have three options. Specifically, you may:

    1. Do nothing and allow your claims to be pursued by Plaintiffs and Class Counsel;

    2. Ask the Court to allow you to join the Action to assert an individual claim – while maintaining your status as a member of the class – that you were required, for any reason, to bring a bag or personal Apple technology to work, also known as "intervening"; or

    3. Exclude yourself from the Class if you do not want to participate in the Action or wish to file your own claim in another forum (such as a different court).

**PLEASE CONTINUE TO READ THIS NOTICE CAREFULLY AS IT DESCRIBES THE BACKGROUND OF THIS CASE, OPTIONS AVAILABLE TO YOU, AND THE CONSEQUENCES OF THE OPTION YOU PURSUE.**

**1. Background Of The Action.**

The Action was commenced on July 25, 2013. In their Second Amended Complaint (the "Complaint"), Plaintiffs allege that Apple has a written policy requiring Apple Employees to have their bags and Apple products checked whenever they leave a Store. Plaintiffs allege that they and other Apple Employees spend time after clocking out for meals and shifts waiting for and having their bags and Apple products checked without getting paid. Plaintiffs allege that by failing to compensate Apple Employees for time spent in Checks, Apple violates California labor laws. As relief, Plaintiffs will ask the Court to order Apple to pay Apple Employees who went through Checks their unpaid minimum and overtime wages, "liquidated" (or double) damages, penalties, and attorneys' fees, among other things. The title of the Action is *Frlekin, et al. v. Apple Inc.*, Northern District of California Case Nos. C 13-03451 (WHA) and C13-04727 (WHA).

Apple's position is that, per applicable law, time spent in Checks, if any, is not compensable, and Apple has asserted defenses to Plaintiffs' claims. In particular, in its Answer to the Complaint, Apple asserts that Apple Employees are not required to bring bags or Apple products to work, and, as a result, the Checks are voluntary and not compensable under California law. Apple also asserts that not all Apple Employees go through Checks and that there are variations at Stores as to if, when, and under what circumstances Checks are conducted. Apple has also raised defenses to Plaintiffs' claims, including that Checks take too little time to be compensable as a matter of California law.

The Court has not decided whether Plaintiffs or Apple are correct regarding the claims asserted by Plaintiffs or Apple's defenses to those claims. A trial in the Action is scheduled to begin on January 25, 2016.

## 2. The Class Certification Ruling.

A class action is a type of lawsuit in which one or several individuals prosecute claims on behalf of all members of a group of similarly-situated persons to obtain monetary or other relief for the benefit of the entire group. Class actions avoid the necessity of each member of a class having to file his or her own separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class.

In the Order, the Court permitted the Action to proceed as a class action on behalf of Apple Employees who worked at an Apple retail store in California from July 25, 2009 to the present. Plaintiffs will litigate this case on the theory that Apple must compensate Apple Employees every time they go through a Check (including time waiting in line or finding a manager to conduct the Check) without regard to why they bring a bag or Apple product to work. In the Order, the Court referred to this as the "generic" or "lowest common denominator" theory.

Plaintiffs will **NOT** assert that Apple must compensate Apple Employees for Checks when Apple Employees were required to bring bags and/or personal Apple technology due to any "special needs," such as the need to carry prescription medication or feminine hygiene products. The Class will litigate this case **EXCLUSIVELY** on the theory that class members voluntarily chose to bring bags and/or personal Apple technology to work purely for personal convenience.

THIS DISTINCTION IS IMPORTANT BECAUSE IT MAY IMPACT THE OPTION YOU PURSUE IN RESPONSE TO THIS NOTICE, AS DESCRIBED IN SECTION 3 BELOW. THERE ARE ALSO IMPORTANT LEGAL CONSEQUENCES RESULTING FROM THE OPTION YOU PURSUE THAT ARE DESCRIBED IN SECTION 4 BELOW.

## 3. What Are Your Options?

As a result of the Order, you have three options if you are an Apple Employee who went through Checks.

**A.     DO NOTHING**: You can do nothing and be represented by Plaintiffs and Class Counsel. In other words, you do not have to contact Class Counsel or the Court to identify yourself or take any other step to participate in the Action.

**B.     INTERVENE IN THE ACTION BY NOVEMBER 3, 2015**. You can join the Action on your own or with the assistance of a lawyer to assert that you were required, for any reason, to bring a bag or personal Apple technology to work. In the law,

this is known as "intervening." If you choose to intervene and assert your own individual claim, you will remain a member of the class. If you wish to join the Action to assert an individual claim based on this theory of liability, you **MUST** do so by November 3, 2015.

        **C.   REQUEST EXCLUSION (OPT-OUT) FROM THE CLASS BY NOVEMBER 3, 2015**. You can request exclusion from the Class if you do not want to participate in the Action or wish to file your own claim in another forum (such as a different court). In the law, this is known as "opting out." If you wish to exclude yourself from the Class because you do not want to participate in the Action or because you wish to pursue your own claim in another forum, you **MUST** do so by November 3, 2015.

### 4. What Are The Consequences Of The Option You Pursue?

        **A.   THE CONSEQUENCES OF DOING NOTHING**:

        **(i)   PLAINTIFFS** AND CLASS COUNSEL **WILL REPRESENT YOUR INTERESTS:** If you do nothing, your interests will be represented by Plaintiffs and Class Counsel. **Importantly, you will be bound by the limitation that Plaintiffs will litigate this case exclusively on the theory that all class members, including you, voluntarily chose to bring bags and/or personal Apple technology to work purely for personal convenience only.**

        This also means that if you do nothing, and Plaintiffs lose at trial, you will be forever barred from suing Apple for compensation for time spent in checks based on a theory that you were required, for any reason whatsoever, to bring a bag or personal Apple technology to work. Similarly, if you do nothing, and a settlement is reached with Apple, or Plaintiffs are successful at trial, you may have the right to receive compensation from Apple for the time spent going through Checks, including minimum and overtime wages, penalties, and unpaid interest.

        **(ii)** Additionally, if you do nothing (and thus remain a member of the class), you may be called to give evidence.

        **(iii)   COSTS AND ATTORNEYS' FEES:** If you do nothing and allow Plaintiffs and Class Counsel to represent your interests, you will **NOT** be personally responsible for the costs or attorneys' fees in the Action whether Plaintiffs are or are not successful.

        **(iv)   YOU MAY APPEAR IN THE ACTION**: As a member of the Class, you may appear in the Action either on your own or through your own counsel. If you retain a lawyer to enter an appearance, you will be responsible for your counsel's costs and attorneys' fees.

**B.     THE CONSEQUENCES OF INTERVENING IN THE ACTION.**

   **(i)     YOU MAY PURSUE AN INDIVIDUAL CLAIM:** If you join the Action by intervening, you may pursue an individual claim for compensation for time spent in a Check based on the theory that you were required, for any reason, to bring a bag or personal Apple technology to work.  If you choose to intervene and assert your own individual claim, you will remain a member of the Class.  If a settlement is reached with Apple on behalf of the Class, you may have the right to receive compensation from Apple.  If, however, the action proceeds to trial, you will be bound by the outcome of your individual claim.  If you are successful in asserting your claim, Apple may be required to pay you for the time spent waiting for Checks.  If you are not successful and judgment is rendered in Apple's favor, you will **NOT** be entitled to compensation and will be forever barred from asserting any claim relating to Checks based on any theory.  In either case, you will **NOT** be bound by a judgment rendered in the Action arising from Plaintiffs' prosecution of claims based on the "generic" or "lowest common denominator" theory.

   Additionally, if you pursue an individual claim, you may be called to testify in the lawsuit and your compensation records and other employment records may be disclosed to Class Counsel (or your own lawyer).

   **(ii)    COSTS AND ATTORNEYS' FEES**:  If you join the Action and retain your own lawyer (which you are not required to do), you **WILL BE** personally responsible for the costs and attorneys' fees relating to your individual claim.  If you have any questions about costs and attorneys' fees that may be owed by joining the Action, you should consult with an attorney.

**C.     THE CONSEQUENCES OF EXCLUDING YOURSELF, AND HOW TO OPT OUT OF THIS ACTION.**

   **(i)     YOU WILL NOT BE BOUND BY A JUDGMENT**: If you exclude yourself from the Class, you will **NOT** be bound by any judgment rendered in the Action, favorable or unfavorable.  Additionally, if you exclude yourself from the Class, you will **NOT** share in any recovery obtained by Plaintiffs and Class Counsel, if any, by settlement or trial in the Action. Also, you can decide to not assert any claim relating to Checks, or you can bring your own claim based on any theory in another forum (such as another Court).

   **(ii)    ATTORNEYS' FEES AND EXPENSES**: If you exclude yourself from the Class, you will **NOT** be responsible for costs or attorneys' fees in the Action.  However, if you decide to bring your own claim relating to Checks in another forum and retain your own attorney, you <u>**WILL BE**</u> responsible for costs and attorneys' fees.  If you have any questions about costs and attorneys' fees that may be owed by bringing your own claim in another forum, you should consult with an attorney.

(iii) **HOW TO OPT OUT:** If you wish to exclude yourself from the Class, you may complete and sign the enclosed Exclusion Form, and return the signed Exclusion Form in the enclosed pre-paid envelope. You may also exclude yourself from the class by going to [website address] and entering your name and address.

## 5. Who Are The Attorneys For The Class?

The Court appointed the law firms of McLaughlin & Stern, LLP and the Kralowec Law Group to serve as Class Counsel for the Class. The Court also appointed attorney Lee S. Shalov, Esq. of McLaughlin & Stern, LLP to serve as Lead Counsel for the Class. The contact information for Class Counsel is as follows:

| Lee S. Shalov<br>Brett Gallaway<br>**MCLAUGHLIN & STERN, LLP**<br>260 Madison Avenue<br>New York, NY  10016<br>Telephone:     (212) 448-1100<br>Facsimile:       (212) 448-0066<br>lshalov@mclaughlinstern.com<br>bgallaway@mclaughlinstern.com | Kimberly A. Kralowec<br>Kathleen S. Rogers<br>**THE KRALOWEC LAW GROUP**<br>44 Montgomery Street<br>San Francisco, CA  94104<br>Telephone:     (415) 546-6800<br>Facsimile:       (415) 546-6801<br>kkralowec@kraloweclaw.com<br>krogers@kraloweclaw.com |
|---|---|

If you have any questions regarding your rights as a Class member or the consequences of the option you wish to pursue, you may contact Class Counsel without charge.

Alternatively, you are free to represent yourself or retain your own attorney to represent you in the Action at your own expense.

**PLEASE DO NOT CONTACT THE COURT**

## 6. There Is A Website You May View.

There is a dedicated website regarding the Action with important documents and rulings you may wish to review. The website address is [website established by the third party notice administrator]. You may use the website to submit a request to exclude yourself from the class.

## 7. Will I Be Subject To Retaliation By My Employer If I Participate In The Action?

It is a violation of federal and California law and of Apple's policy to fire, discipline, or in any manner discriminate or retaliate against you for taking part in the Action. If you believe you have been penalized, discriminated against, or disciplined in

any way as a result of your receiving this notification, considering whether to remain in this lawsuit, or joining this lawsuit, you may contact any lawyer of your choosing.

**8.   Apple Does Not Admit Liability.**

This Notice is not an admission by Apple or an expression of any opinion of the Court concerning the merits of the Action, or a finding by the Court that the claims asserted by Plaintiffs are valid.  This Notice is intended solely to advise you of the Action and of your rights in connection with it.  Apple denies Plaintiffs' claims and contends that it is not liable for the harm alleged by Plaintiffs.

Dated: [                    ], 2015

                                                        Hon. William Alsup
                                                        Judge of the United States District Court for
                                                            the Northern District of California