JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:     619.232.0441
Facsimile:     619.232.4302

TODD K. BOYER, Bar No. 203132
tboyer@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, California  95113.2303
Telephone:     408.998.4150
Facsimile:     408.288.5686

MICHAEL G. LEGGIERI, Bar No. 253791
mleggieri@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone:     925.032.2468
Facsimile:     925.946.9809

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN,<br><br>                    Plaintiffs,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.  13cv03451 WHA<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION, MOTION, AND POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          November 5, 2015<br>Time:          8:00 a.m.<br>Judge:        Hon. William H. Alsup<br>Courtroom: 8<br><br>Consolidated Complaint Filed: February 2, 2015<br>Trial Date:  January 26, 2016 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT

Case No. 13cv03451 WHA

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................................. 2

II.   RELEVANT PROCEDURAL BACKGROUND ............................. 3

      A.   The Parties And Claims ........................................... 3

      B.   The Court Denied Apple's Prior Motion For Summary Judgment Out Of Concern That Some Employees May Have Individualized Needs That Require Them To Bring A Bag To Work ...................................... 4

      C.   The Court Certified A Class Based On A Generic Theory That Presupposes Class Members Brought A Bag Or Personal Apple Technology Voluntarily And Purely For Personal Convenience Only .......................... 5

      D.   The Class Notice Informed Class Members That Plaintiffs Do Not Contend That Any Class Members Were Required To Bring A Bag Or Personal Apple Technology To Work For Any Reason Whatsoever ....................... 6

III.  STATEMENT OF RELEVANT FACTS ....................................... 7

      A.   Employees Without Bags Or Personal Apple Technology Were Not Searched ......... 7

      B.   Class Members Could And Did Choose Not To Bring Bags Or Personal Apple Technology To Work ................................................. 9

      C.   Class Members Who Did Choose To Bring Bags Or Personal Apple Technology Did So Voluntarily And Purely For Personal Convenience .................. 9

IV.   LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT ........................ 10

V.    PLAINTIFFS' FIRST CLAIM FOR RELIEF FAILS AS A MATTER OF UNDISPUTED FACT AND LAW ....................................................... 10

      A.   Determining "Control" Under California's Definition Of "Hours Worked" Depends On Whether The Activity Is Required, Or Whether It Is Voluntary And A Matter Of Personal Choice ...................................... 11

            1.   The California Supreme Court's Decision In *Morillion* And Its Analysis of *Vega* ........................................... 12

            2.   The California Court Of Appeal's Decision In *Overton* ............... 14

      B.   This Case Is Directly Analogous To *Overton* and *Vega* Because It Is Undisputed That Class Members Who Chose To Bring Bags Or Personal Apple Technology Did So Voluntarily And Purely For Personal Convenience ....... 15

VI.   PLAINTIFFS' REMAINING CLAIMS ARE DERIVATIVE OF THE FIRST CLAIM AND NECESSARILY FAIL FOR THE SAME REASONS .................................. 17

VII.  CONCLUSION ................................................................. 18

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT                    i.                    Case No. 13cv03451 WHA

1

# TABLE OF AUTHORITIES

2

PAGE

3 CASES

4 *Alcantar v. Hobart Service,*
5    --- F.3d ---, 2015 WL 5155449 (9th Cir. Sept. 3, 2015) .................................................4, 5, 11

6 *Alvarado v. Costco Wholesale Corp.,*
   2008 WL 2477393 (N.D. Cal. June 18, 2008) ...................................................................17, 18
7
*Busk v. Integrity Staffing Solutions, Inc.,*
8    713 F.3d 525 (9th Cir. 2013) .........................................................................................5

9 *Celotex Corp. v. Catrett,*
10    477 U.S. 317 (1986).........................................................................................10

11 *Cervantez v. Celestica Corp.,*
    618 F. Supp. 2d 1208 (C.D. Cal. 2009) ...................................................................5
12
*Clark v. Chase Home Fin., LLC,*
13    2008 WL 2326307 (S.D. Cal. June 3, 2008).........................................................17

14 *Jordan v. IBP, Inc.,*
    542 F. Supp. 2d 790 (M.D. Tenn. 2008)...............................................................5
15
*Maciel v. City of L.A.,*
16    569 F. Supp. 2d 1038 (C.D. Cal. 2008) ...............................................................5

17 *Morillion v. Royal Packing Co.,*
18    22 Cal. 4th 575 (2000) ...................................................2, 3, 5, 11, 12, 13, 15, 16

19 *Musick v. Burke,*
    913 F.2d 1390 (9th Cir. 1990) .............................................................................10
20
*Novoa v. Charter Communications, LLC,*
21    2015 WL 1879631 (E.D. Cal. April 22, 2015) ...............................................11, 17

22 *Overton v. Walt Disney Co.,*
23    136 Cal. App. 4th 263 (2006)...........................................2, 11, 12, 14, 15, 16

24 *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.,*
    690 F.2d 1235 (9th Cir. 1980) ...........................................................................10
25
*Vega v. Gasper,*
26    36 F.3d 417 (5th Cir. 1994) .............................................4, 5, 12, 13, 15, 16, 17

27 *White v. Starbucks Corp.,*
28    497 F. Supp. 2d 1080 (N.D. Cal. 2007) ...............................................................17

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT          ii.          Case No. 13cv03451 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

STATUTES

Cal. Code Regs., tit. 8, § 11070(2)(G) .......................................................................................11, 12

Cal Code Regs tit. 8, § 11140(2)(G) ...........................................................................................12

California Labor Code §§ 201-203 ..........................................................................................4, 18

California Labor Code § 204 ........................................................................................................4

California Labor Code § 226 ...................................................................................................4, 17

Federal Rule of Civil Procedure 56(b).........................................................................................1

Federal Rule of Civil Procedure 56(c).........................................................................................10

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1

### NOTICE OF MOTION AND MOTION

2

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on November 5, 2015, at 8:00 a.m. in Courtroom 8, of the

4   United States District Court for the Northern District of California, located at 450 Golden Gate

5   Avenue, San Francisco, California, or as soon thereafter as the matter may be heard, Defendant

6   Apple Inc. ("Apple") will and hereby does move this Court pursuant to Federal Rule of Civil

7   Procedure 56(b) and Local Rule 56 for summary judgment on the grounds that there is no genuine

8   issue of material fact as to Plaintiffs' claims, on behalf of themselves and the absent Class Members,

9   against Apple in the Consolidated Complaint, and that Apple is entitled to judgment as a matter of

10   law for the reasons set forth below.

11      The Court's Certification Order permitted the parties to move for summary judgment on the

12   "generic issue," (Order Approving Class Certification, [Dkt. No. 297], 14:14-15), "in which bag

13   searches will be adjudicated as compensable or not based on the most common scenario, that is, an

14   employee who voluntarily brought a bag to work purely for personal convenience," (Order

15   Approving Class Certification, [Dkt. No. 297], 10:22-25 (emphasis added)).  The Class Members'

16   claim for failure to pay wages for time spent waiting for or participating in bag and/or personal

17   Apple technology checks (if any) fails under California law because: (1) pursuant to Apple's policy,

18   only employees who brought bags or personal Apple technology into the store could potentially be

19   checked; (2) as stated in the Certification Order, Plaintiffs, on behalf of the Class, agreed to litigate

20   this class action – except for individuals who intervene to allege a special requirement for a bag or

21   personal Apple technology – on the basis that searches will be adjudicated as compensable or not

22   based on the fact that a Class Member who brought a bag or personal Apple technology to work did

23   so voluntarily and purely for personal convenience; and (3) an activity that is voluntary and purely

24   for the personal convenience of an employee, and not required by the employer, does not constitute

25   "control" under California's definition of "hours worked."  Moreover, because Plaintiffs' remaining

26   claims are derivative of the underlying claim for failure to pay wages, they necessarily fail for the

27   same reasons.

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT                                    1.                    Case No. 13cv03451 WHA

1    As of this motion, no Class Member has intervened to allege an individualized requirement

2    to bring a bag or personal Apple technology to work.  If one or more Class Members file a

3    complaint-in-intervention, Apple hereby seeks summary judgment as to all Class Members who

4    have elected to litigate this case under the "generic issue," and Apple reserves the right to seek the

5    Court's permission to file a separate motion for summary judgment as to any Class Member who

6    files a complaint-in-intervention.

7    Apple's motion is based upon this notice of motion and motion, the points and authorities,

8    the declaration of Todd K. Boyer and all exhibits attached to that declaration, all pleadings, records,

9    and papers on file in this action, and such other further evidence and argument as may be presented

10   at or before the time of hearing.

## POINTS AND AUTHORITIES

## I.    INTRODUCTION

13   Plaintiffs contended at the class certification hearing that an employee may choose to bring a

14   duffle bag full of playing cards to work, voluntarily and purely for personal convenience, and then

15   demand wages if his or her employer requests to check the duffle bag when the employee leaves

16   work.  Plaintiffs' theory would also include employees who brought bags with homework or gym

17   clothes.  It is not and cannot be the law that an employee can decide how much money he or she will

18   be paid by electing to bring one or more bags to work purely for his or her own personal

19   convenience, and then demanding pay for participating in a bag check by claiming that he or she is

20   under the employer's "control."

21   Both the California Supreme Court and Court of Appeal have held that, under the applicable

22   Industrial Welfare Commission Wage Order, the key factor to determine what constitutes "control,"

23   under the definition of "hours worked," is whether an employer requires its employees to engage in

24   the allegedly "controlled" activity, or whether the employee can voluntarily choose to avoid the

25   allegedly "controlled" activity.  *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 594 (2000) ("As

26   we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the

27   fields, subjecting them to its control for purposes of the 'hours worked' definition." (italics in

28   original)); *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 271 (2006) ("As is clear from our

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT                                          2.                          Case No. 13cv03451 WHA

discussion of *Morillon*, the key factor is whether Disney *required* its employees who were assigned parking in the Katella lot to park there and take the shuttle." (italics in original)).

Here, the undisputed facts establish that to the extent a Class Member brought a bag or personal Apple technology to work, he or she did so voluntarily and purely for personal convenience. As such, Class Members had the power to avoid participating in a bag or technology check, the allegedly "controlled" activity, by deciding not to bring a bag or personal Apple technology to work in the first place. More specifically:

- It is undisputed that pursuant to Apple's written policy only employees who chose to bring a bag or personal Apple technology into the store could potentially be checked, and employees who did not make that choice were not checked;

- Plaintiffs do not contend Apple required Class Members to bring a bag or personal Apple technology to work, and Class Members could – and many did – choose not to bring a bag or personal Apple technology to work; and

- To the extent a Class Member brought a bag or personal Apple technology to work, he or she did so both voluntarily and purely for personal convenience.

These undisputed facts confirm that time spent waiting for or participating in a check (if any) does not constitute "hours worked" under California law and cannot give rise to a claim for wages. Therefore, Apple's motion for summary judgment should be granted in its entirety.

## II.   RELEVANT PROCEDURAL BACKGROUND

### A.   The Parties And Claims

Apple is a leading innovator of technology, and operates retail stores in California (among other locations) that display and sell Apple products.

Plaintiffs Aaron Gregoroff, Seth Dowling, Debra Speicher, and Taylor Kalin are former hourly employees in Apple retail stores in California.[1] Plaintiffs' Consolidated Complaint alleges the following claims:

---

[1] Although her name remains on the caption, Amanda Frlekin is no longer a named plaintiff.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT

3.

Case No. 13cv03451 WHA

(1) violations of California Labor Code sections 204 (timely payment of wages during employment), 510 (duty to pay overtime), 1194 (duty to pay minimum wages), 1194.2 (duty to pay liquidated damages for failing to pay minimum wage), and 1198 (working conditions established by the Industrial Welfare Commission), based on the alleged failure to pay wages for time spent participating in checks, (Consolidated Complaint, [Dkt. No. 220], ¶¶ 42-50);

(2) derivative violations of the California Unfair Competition Law, based on the alleged failure to pay "minimum or overtime wages for all time spent waiting in lengthy security check lines and undergoing personal package and bag searches," (Consolidated Complaint, [Dkt. No. 220], ¶¶ 51-55);

(3) derivative violations of California Labor Code section 226, based on the alleged failure to issue wage statements "that reflected all time spent waiting in line for security checks and undergoing personal package and bag searches," (Consolidated Complaint, [Dkt. No. 220], ¶ 58);

(4) derivative violations of California Labor Code sections 201-203, based on the allegation that Apple failed to timely pay "wages for all time spent waiting in line for security checks and undergoing personal package and bag searches" at the time of termination, (Consolidated Complaint, [Dkt. No. 220], ¶ 62); and

(5) derivative penalties pursuant to the California Private Attorneys General Act, (Consolidated Complaint, [Dkt. No. 220], ¶¶ 64-68).

**B.     The Court Denied Apple's Prior Motion For Summary Judgment Out Of Concern That Some Employees May Have Individualized Needs That Require Them To Bring A Bag To Work**

On April 20, 2014, Apple moved for summary judgment regarding the then-named plaintiffs' individual claims. (*See generally*, Dkt. No. 156.) On May 30, 2014, this Court denied that motion. With respect to the California state law claims, the Court explained its denial, in pertinent part, as follows:

> The [*Vega v. Gasper*, 36 F.3d 417 (5th Cir. 1994)] and [*Alcantar v. Hobart Service*, 2012 U.S. Dist. LEXIS 177608 (C.D. Cal. Dec. 13, 2012) (Judge Philip Gutierrez)] decisions, while providing guidance, do not compel summary judgment in favor of

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT                    4.                    Case No. 13cv03451 WHA

Apple.  The records in both of those actions established that the employees could decide not to volunteer to subject themselves to their employers' requirements.[2]

Drawing all reasonable inferences in favor of plaintiffs here, the summary judgment record is at best ambiguous about whether the security screenings were mandatory for at least some locations and circumstances.  Moreover, the "choices" made by the *Vega* and *Alcantar* employees were driven by personal convenience, not by the necessities of life.  In *Vega*, the Court of Appeals for the Fifth Circuit relied on the fact that not "all of [the] field workers rode [the employer's] buses." That was in part because the employees "chose where they lived and how to get to and from work." *Vega*, 36 F.3d at 425.  In other words, the employees in Vega had a free choice to drive to the fields to work.  Similarly, the plaintiff in *Alcantar* expressly admitted that he had a free choice to leave his employer's van at work or drive the van home with him. *Alcantar*, 2012 U.S. Dist. LEXIS at *10–11.  Here, Apple employees may need to bring a bag to work for reasons they cannot control, such as the need for medication, feminine hygiene products, or disability accommodations.

On the other hand, plaintiffs' authorities are also not on point because they all involve requirements placed on *all employees* by their employer or the nature of their work, rather than by the necessities of life.  *See Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th Cir. 2013); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208 (C.D. Cal. 2009); *Maciel v. City of L.A.*, 569 F. Supp. 2d 1038 (C.D. Cal. 2008); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790 (M.D. Tenn. 2008).

(Order Denying Motion for Summary Judgment, [Dkt. No. 166], 7:11-25 (italics in original; underlining added).)

Thus, the Court denied Apple's prior motion for summary judgment of the then-named plaintiffs' individual claims out of concern that checks may have been "mandatory" for "employees [who] may need to bring a bag to work for reasons they cannot control, such as the need for medication, feminine hygiene products, or disability accommodations."  (*Id.*, [Dkt. No. 166], 7:14-25.)

**C.**   **The Court Certified A Class Based On A Generic Theory That Presupposes Class Members Brought A Bag Or Personal Apple Technology Voluntarily And Purely For Personal Convenience Only**

Subsequently, Plaintiffs moved for class certification, asserting "the basis of their claims is

---

[2] On a subsequent appeal, the Ninth Circuit held there was a genuine issue of material fact as to whether "despite Hobart's profession that use of its vehicles is voluntary, employees are, as a practical matter, required to commute in Hobart's vehicles." *Alcantar v. Hobart Service*, --- F.3d ---, 2015 WL 5155449, *6 (9th Cir. Sept. 3, 2015) (emphasis added).  There is no such issue of fact here because, as discussed below, it is undisputed that Class Members could – and did – choose not to bring bags and/or personal Apple technology to work, and that Class Members who chose to bring a bag or personal Apple technology to work did so both voluntarily and purely for personal convenience.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT                    5.                    Case No. 13cv03451 WHA

1  whether Apple employees in California are subject to Apple's control while they wait for and
2  undergo mandatory bag checks, and, that therefore such time should be considered 'hours worked'
3  under the applicable Wage Order."  (Plaintiffs' Second Supplemental Brief Pursuant to Court Order
4  in Support of Motion for Rule 23(c)(4) Certification of Particular Issues, [Dkt. No. 291], 3:25-4:2;
5  *see also* Plaintiffs' Motion for Rule 23(c)(4) Certification of Particular Issues, "Motion for Class
6  Certification," [Dkt No. 268-1], 17:1-2 ("Whether time is compensable under these statutes and
7  Wage Orders is determined by the level of control exerted by the employer over the employee.").)

8      On July 16, 2015, the Court certified a class on the "generic theory" that "would presuppose
9  nothing more than personal convenience, which, no doubt, would be the usual reason for bringing a
10 bag anyway."  (Order Approving Class Certification, [Dkt. No. 297], 10:3-4 (emphasis added).)  The
11 issue of Apple's "control" will be litigated on a class-wide basis subject to that limitation.  (*Id.,* [Dkt.
12 No. 297], 10:4-6.)  Plaintiffs now represent a class that consists of all current or former hourly-paid,
13 non-exempt employees of Apple who worked at one or more Apple California retail stores from July
14 25, 2009 through the present, except for those individuals who opt out of the class.  (*Id.,* [Dkt. No.
15 297], 14:4-19.)

16      The Court ordered the class notice to "advise that the case will be litigated on a class-wide
17 basis, in which bag searches will be adjudicated as compensable or not based on the most common
18 scenario, that is, an employee who voluntarily brought a bag to work purely for personal
19 convenience."  (*Id.,* [Dkt. No. 297], 10:22-25 (emphasis added).)  And, "[w]ith respect to those
20 employees who wish to also litigate special needs for a bag at work, the class notice will invite them
21 to intervene (or opt out if they prefer)."  (*Id.,* [Dkt. No. 297], 10:19-21.)

**D.  The Class Notice Informed Class Members That Plaintiffs Do Not Contend That Any Class Members Were Required To Bring A Bag Or Personal Apple Technology To Work For Any Reason Whatsoever**

24     On September 4, 2015, the Court-approved class notice was distributed to the Class Members
25 and provided, in pertinent part:

26  • THE CLASS WILL LITIGATE THIS CASE EXCLUSIVELY ON THE THEORY THAT
27    ALL CLASS MEMBERS VOLUNTARILY CHOSE TO BRING BAGS AND/OR

PERSONAL APPLE TECHNOLOGY TO WORK <u>PURELY FOR PERSONAL CONVENIENCE</u>.

- <u>PLAINTIFFS, ON BEHALF OF THE CLASS, WILL NOT CONTEND THAT ANY CLASS MEMBERS WERE REQUIRED TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK FOR ANY REASON WHATSOEVER</u>. FOR EXAMPLE, PLAINTIFFS WILL NOT CONTEND THAT: APPLE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK; THAT THE NATURE OF THE WORK REQUIRED CLASS MEMBERS TO BRING BAGS OR PERSONAL APPLE TECHNOLOGY TO WORK; OR THAT A NECESSITY OF LIFE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK.

- **IF YOU DO NOT INTERVENE IN THIS ACTION OR EXCLUDE YOURSELF FROM IT, YOU WILL BE FOREVER BARRED FROM SUING APPLE FOR COMPENSATION FOR TIME SPENT IN CHECKS BASED ON A THEORY THAT YOU WERE REQUIRED, FOR ANY REASON WHATSOEVER, TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK.**

(Declaration of Todd K. Boyer ("Boyer Decl."), Ex. A (bold in original, underlining added).)[3]

## III.   STATEMENT OF RELEVANT FACTS

### A.   Employees Without Bags Or Personal Apple Technology Were Not Searched

The plain language of Apple's bag and technology check policies confirms that only bags and personal Apple technology – not people themselves – are subject to search.  (Boyer Decl., Ex. B ("All personal packages and bags (such as purses, backpacks, laptop bags, bags containing purchases from another store) must be searched by a member of store management team or security team (where applicable) before you leave the store for any reason (such as lunch, end of day)."); Ex. B

---

[3] Unless otherwise noted, all Exhibits will be attached to the Declaration of Todd K. Boyer In Support of Apple Inc.'s Motion for Summary Judgment filed herewith.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT

7.

Case No. 13cv03451 WHA

("Personal technology must be verified against your Personal Technology Card during all bag searches."); Ex. C; Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.)

Employees understood that if they did not bring a bag or personal Apple technology to work, they would not be checked.  (*E.g.*, Apple's Opposition to Class Certification, *see also* Boyer Decl., Ex. J-13, ¶ 5 ("When I didn't bring a bag to work, I didn't have to undergo bag checks and I just walked out of the store after clocking out."); Ex. J-16, ¶ 11 ("On days when I did not bring a bag into the store, I did not have to undergo a bag or personal technology check."); Ex. J-19, ¶ 7 ("Since I do not bring a bag to work at Apple, I have never been through a bag check."); Ex. J-3, ¶ 9 ("I have had a number of mobile phones which I have used while employed at Apple, many of which are non-Apple iPhones, such as Samsung Galaxy and Note mobile devices. . . I rarely bring my iPhone to work and never bring any other personal Apple technology to work."); Ex. J-20, ¶ 7, 11; J-15, ¶ 15; Ex. J-9, ¶ 4; Ex. J-4, ¶ 15; Ex. K-1, ¶ 22; Ex. L, at p. 91:25-92:3; Ex J-8, ¶ 12; Ex. J-7, ¶ 15; Ex. K-5, ¶ 36, Ex. K-3, ¶ 29; Ex. K-2, ¶ 19; Ex. K-4, ¶ 15; Ex. K-6, ¶¶ 31; Ex. M, at p. 59:12–17; Ex. N, at p. 51:24-52:4; *see also* Ex. B.)

Indeed, at the certification hearing, Class Counsel confirmed that only employees who chose to bring a bag or personal Apple technology to work would (potentially) participate in checks, and that employees could avoid a check by not bringing bags or personal Apple technology into the store:

> The Court:  Alright.  <u>But my point is that if you choose to leave your backpack or purse at home or in the car or, if there is a break room, in the break room, then you don't have to do that.</u>  <u>You can choose to subject yourself to that regime or not.</u>
>
> Mr. Shalov:  <u>Right</u>. . . . This is you must have your bag checked every time you leave the store, so it's a mandatory activity case.  So that's what - -
>
> The Court:  That's assuming you've got a bag.
>
> Mr. Shalov:  <u>That's assuming you had a bag; right.</u>
>
> The Court:  <u>So if you don't have a bag, then you're not subject to this.</u>
>
> Mr. Shalov:  <u>That's the perfect point</u>, which is precisely why (c)(4) is appropriate here.  <u>So on those circumstances as to those employees, they don't recover.</u>
>
> (Boyer Decl., Ex. P, Transcript of July 2, 2015, Hearing on Class Certification, p. 38:24-39:23 (emphasis added).)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT                                     8.                     Case No. 13cv03451 WHA

1   Thus, Class Counsel confirmed that employees who chose not to bring a bag or personal

2   Apple technology to work are not subject to being checked.

3   **B.    Class Members Could And Did Choose Not To Bring Bags Or Personal Apple**
        **Technology To Work**

4

5       Significantly, Plaintiffs do not contend that Class Members were required to bring a bag or

6   personal Apple technology to work for any reason.   (Boyer Decl., Ex. A.)   Indeed, Plaintiffs

7   admitted in their motion for class certification that "not every Apple employee brings a bag or Apple

8   product to work every day."  (Plaintiffs' Motion for Class Certification, [Dkt. No. 268-1], 1:24-2:1

9   (emphasis added).)

10      Many Class Members also confirmed that they never brought a bag or personal Apple

11  technology to work, or did so rarely.  (Boyer Decl., Ex. J-2, ¶ 7 ("I have never brought a bag with

12  me to work at Apple."); Ex. J-10, ¶ 8 ("In over three years of working at Apple, I have brought a bag

13  to work on only two to three occasions when I brought my school backpack to work so that I could

14  do schoolwork during my lunch break."); Ex. J-3, ¶ 9 ("I have had a number of mobile phones which

15  I have used while employed at Apple, many of which are non-Apple iPhones, such as Samsung

16  Galaxy and Note mobile devices. . . I rarely bring my iPhone to work and never bring any other

17  personal Apple technology to work."); Ex. J-20, ¶ 7; Ex. J-15, ¶¶ 5-6, 14; Ex. J-1, ¶ 13; Ex. J-14, ¶ 4;

18  Ex. J-11, ¶ 4; Ex. J-17, ¶ 6; Ex. J-4, ¶ 11; Ex. J-12, ¶ 4; Ex. J-21, ¶¶ 5, 11; Ex. J-13, ¶ 5; Ex. O, at p.

19  81:17-24; Ex. J-6, ¶ 8; Ex. J-18, ¶ 3.)

20      Further, when Dr. Randolph Hall, PhD., Apple's expert, analyzed six hours of video

21  surveillance footage of the busiest time intervals (as identified from his analysis of time records) of

22  the busiest days (according to Plaintiffs' testimony) in the San Francisco store, he observed that 49%

23  of the 399 observed employees left the store without carrying any observable bag or personal Apple

24  technology.   (Boyer Decl., Ex. Q, Dr. Hall Declaration and Report "Hall Report" – Exhibit B

25  thereto, p. 2.)  Thus, it is an undisputed fact that employees could – and did – choose not to bring a

26  bag or personal Apple technology to work, and thereby avoid participating in a check altogether.

27

28

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT

9.

Case No. 13cv03451 WHA

**C.     Class Members Who Did Choose To Bring Bags Or Personal Apple Technology Did So Voluntarily And Purely For Personal Convenience**

Finally, as set forth above, except for individuals who intervene to allege an individualized requirement to bring a bag or personal Apple technology to work, this case will be "litigated on a class-wide basis, in which bag searches will be adjudicated as compensable or not based on the most common scenario, that is, an employee who voluntarily brought a bag [or personal Apple technology] to work purely for personal convenience."  (Order Approving Class Certification, [Dkt. No. 297], 10:22-25.)

Therefore, for purposes of this motion, <u>it is confirmed that</u>: (1) Class Members who chose to bring bags or personal Apple technology into the store did so "<u>voluntarily</u>"; and (2) Class Members who chose to bring a bag or personal Apple technology into the store did so "<u>purely for personal convenience</u>." (*Id.,* [Dkt. No. 297], 10:3-27; 14:14-18.)

## IV.     LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Here, Apple can meet its burden by demonstrating that Plaintiffs have failed to present any genuine issue of material fact.  *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).  The burden therefore shifts to Plaintiffs to go beyond the pleadings and demonstrate the existence of specific admissible evidence showing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *See S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1980) (a party cannot create a genuine issue of material fact simply by making assertions in its legal papers; there must be specific, relevant and admissible evidence identifying the basis for the dispute).

## V.     PLAINTIFFS' FIRST CLAIM FOR RELIEF FAILS AS A MATTER OF UNDISPUTED FACT AND LAW

Plaintiffs' first claim for failure to pay wages for time spent (if any) participating in a bag or technology check fails as a matter of undisputed fact and law.  Because an employee may avoid a check by choosing not to bring a bag or personal Apple technology to work, an employee who

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT     10.     Case No. 13cv03451 WHA

voluntarily chooses to bring a bag or personal Apple technology to work is not subject to the employer's "control," even if he or she is subject to a check as a result of that employee's choice. And, as set forth below, the undisputed facts establish that Apple employees could avoid Apple's bag or technology checks, the alleged "controlled" activity, by choosing not to bring a bag or personal Apple technology into the store.  Moreover, the undisputed facts also establish that, to the extent an employee participated in the allegedly "controlled" activity, it was because he or she voluntarily elected to bring a bag or personal Apple technology into the store, and did so purely for his or her personal convenience.

### A.   Determining "Control" Under California's Definition Of "Hours Worked" Depends On Whether The Activity Is Required, Or Whether It Is Voluntary And A Matter Of Personal Choice

In *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000) and *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263 (2006), the California Supreme Court and California Court of Appeal, respectively, interpreted the definition of the term "hours worked" in the Industrial Welfare Commission's Wage Orders.  The Wage Orders in those cases, which are identical in pertinent part to the governing Wage Order in this case, defined "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs., tit. 8, § 11070(2)(G).

Both the California Supreme Court and Court of Appeal held that the key factor in determining what constitutes "control," under the definition of "hours worked," is whether an employer <u>requires</u> its employees to engage in the allegedly "controlled" activity, or whether the employee can voluntarily choose to avoid the allegedly "controlled" activity.  *Morillion*, 22 Cal.4th at 594; *Overton*, 136 Cal.App.4th at 271.

The Ninth Circuit and District Courts in California follow, as they must, the "control" test set forth in *Morillion* and *Overton* when deciding what constitutes "hours worked."  *See, e.g., Alcantar v. Hobart Service*, --- F. 3d ---, 2015 WL 5155449, *6 (9th Cir. Sept. 3, 2015) (following and applying *Morillion* and *Overton*); *Novoa v. Charter Communications, LLC*, 2015 WL 1879631, *6-7 (E.D. Cal. April 22, 2015) (relying on same and concluding "Plaintiff has directed this Court to no case, and the Court's research has yielded no case, where an employee has been found to be subject

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT                11.                Case No. 13cv03451 WHA

1   to an employer's control where the plaintiff voluntarily elected to commute in the employer's

2   vehicle.").

3       Accordingly, because Plaintiffs' bag/technology check claim involves a straightforward

4   application of *Morillion* and *Overton*, Apple sets forth the California Supreme Court's and

5   California Court of Appeal's analyses at length, as well as the California Supreme Court's analysis

6   of the Fifth Circuit's decision in *Vega v. Gasper*, 36 F.3d 417 (5th Cir.1994), which the California

7   Supreme Court noted was "consistent" with California law.

8           1.       **The California Supreme Court's Decision In *Morillion* And Its Analysis**
                     **of *Vega***
9

10      *Morillion* involved agricultural employees.  Their employer, Royal, "required [them] to meet

11  for work each day at specified parking lots or assembly areas.  After [the employees] met at these

12  departure points, Royal transported them, in buses that Royal provided and paid for, to the fields

13  where [the employees] actually worked.  At the end of each day, Royal transported [the employees]

14  back to the departure points on its buses.  Royal's rules prohibited employees from using their own

15  transportation to get to and from the fields." *Morillion*, 22 Cal.4th at 579.

16      The issue before the California Supreme Court was whether the time spent traveling on

17  Royal's buses constituted "hours worked" under the governing Industrial Welfare Commission

18  Wage Order.  Wage Order 14, which was the applicable Wage Order in *Morillion*, contains an

19  identical definition of "hours worked" as Wage Order 7, which applies in this case.  Both Wage

20  Orders define "hours worked" as "the time during which an employee is subject to the control of an

21  employer, and includes all the time the employee is suffered or permitted to work, whether or not

22  required to do so." Cal Code Regs tit. 8, § 11140(2)(G) (applying to agricultural workers); Cal Code

23  Regs tit. 8, § 11070(2)(G) (applying to mercantile workers).

24      Based on its interpretation of the Wage Order's definition of "hours worked," the California

25  Supreme Court concluded: "When an employer requires its employees to meet at designated places

26  to take its buses to work and prohibits them from taking their own transportation, these employees

27  are 'subject to the control of an employer,' and their time spent traveling on the buses is

28  compensable as 'hours worked.' " *Morillion*, 22 Cal.4th at 587 (quoting Cal Code Regs tit. 8, §

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT                                      12.                    Case No. 13cv03451 WHA

11140(2)(G)).  "[W]e find that plaintiffs' compulsory travel time, which includes the time they spent waiting for Royal's buses to begin transporting them, was compensable.  Royal required plaintiffs to meet at the departure points at a certain time to ride its buses to work, and it prohibited them from using their own cars, subjecting them to verbal warnings and lost wages if they did so. By 'direct[ing]' and 'command[ing]' plaintiffs to travel between the designated departure points and the fields on its buses, Royal 'control[led]' them within the meaning of 'hours worked.' " *Id*.

Importantly, the California Supreme Court was clear to "emphasize that employers do not risk paying employees for their travel time merely by providing them transportation.  Time employees spend traveling on transportation that an employer provides but does not require its employees to use may not be compensable as 'hours worked.' " *Id*. (emphasis added).  By way of illustration, the California Supreme Court noted that the Fifth Circuit's opinion in *Vega v. Gasper*, 36 F.3d 417 (5th Cir.1994), was "consistent" with its holding.  *Morillion*, 22 Cal.4th at 589.

The facts of *Vega* involved farm laborers who furnished their own transportation (usually by bus) from Juarez, Mexico, to El Paso, Texas.  The employer would then meet them in El Paso and bring them, by a bus he provided, to the fields.  The *Vega* court noted that "[a] few workers would skip the pickup point and provide their own transportation to the fields." *Vega*, 36 F.3d at 423 (emphasis added).  While the *Vega* court itself relied on this fact in combination with others to conclude the time on the employer's buses was not compensable, *id*. at p. 425, the California Supreme Court found "the fact that the Vega employees were free to choose—rather than required— to ride their employer's buses to and from work [to be] a dispositive, distinguishing fact." *Morillion*, 22 Cal.4th at 589, n. 5 (emphasis added).

The California Supreme Court closed its opinion by stating: "In deciding Royal must compensate plaintiffs for this [travel and waiting] time, we nonetheless remain optimistic that employers will not be discouraged from providing free transportation as a service to their employees. As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its control for purposes of the 'hours worked' definition.  However, employers may provide underlined optional free transportation to employees without having to pay them for

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT

13.

Case No. 13cv03451 WHA

1   their travel time, as long as employers do not require employees to use this transportation." *Id*. at

2   594 (italics in original, emphasis added).

3              **2.     The California Court Of Appeal's Decision In *Overton***

4        In *Overton*, Disney originally required certain employees to enter the park through the

5   Harbor Pointe entrance (the "Harbor Pointe employees"), and further required those Harbor Point

6   employees who chose to drive to work to park in a lot that was directly across the street from the

7   Harbor Pointe entrance.  After Disney decided to build the California Adventure theme park on the

8   lot across the street from the Harbor Pointe entrance, Disney required the Harbor Pointe employees

9   who chose to drive to work to park in the Katella lot, which was one mile away from their

10   designated park entrance.  Disney provided a free shuttle from the Katella lot to the Harbor Pointe

11   entrance.  *Overton*, 136 Cal.App.4th at 266.

12        The plaintiff alleged that after he was assigned to park in the Katella lot, he had to arrive

13   "substantially earlier" to park in the Katella lot to wait for and ride the shuttle to the park entrance in

14   order to arrive on time for work.  *Id*.  The plaintiff alleged he was entitled to compensation for this

15   time, and sought to bring a class action on behalf of all hourly employees "who have been required

16   (either expressly during a multi-year period of construction, or as a de facto requirement due to

17   [Disney's] failure to provide on-site vehicle parking) to report for work at various locations

18   designated by [Disney], including, but not limited to the Katella . . . [l]ot . . . and who thereafter were

19   required to travel on vehicles controlled by [Disney] to and from their place of assignment, and who

20   were not compensated by [Disney] for the time spent in such travel." *Id*. at 266-267.

21        The California Court of Appeal, relying on the California Supreme Court's interpretation of

22   "control" in the Wage Order's definition of "hours worked," held that "the key factor is whether

23   Disney *required* its employees who were assigned parking in the Katella lot <u>to park there and take</u>

24   <u>the shuttle</u>." *Id*. (italics in original, underline added).  The Court of Appeal affirmed summary

25   judgment in favor of Disney because: "Quite obviously, Disney did not."  The following salient facts

26   established that parking at the Katella lot and riding the shuttle were not mandatory, and therefore

27   did not constitute "hours worked":

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY
JUDGMENT                              14.                         Case No. 13cv03451 WHA

- The plaintiff conceded that ten percent of Disney employees (including employees assigned to the Katella lot) did not drive their cars to Disney at all, and were permitted to use alternative transportation. This fact alone proved that parking in the Katella lot and riding the shuttle were not mandatory for all employees who checked in at the Harbor Pointe entrance.

- The California Supreme Court in *Morillion* found *Vega* distinguishable because "employees were free to choose—rather than required—to ride their employer's buses to and from work." Similarly, employees assigned to the Katella lot were free to choose forms of transportation that bypassed the Katella lot entirely (train, bus, being dropped off, vanpool).

*Overton*, 136 Cal. App. 4th at 271.

In sum, the Court of Appeal did not focus on restrictions placed on the employees if they chose to ride the shuttle, or even if employees who chose to drive could also choose to ride the employer-provided shuttle. Rather, the Court of Appeal focused on whether Disney required employees to drive to work in the first place. *See id.* And, as explained by the Court of Appeal: "Plaintiff conceded that ten percent of Disney employees (including employees assigned to the Katella lot) did not drive their cars to Disney at all, and were permitted to use alternative transportation. This fact alone proved that parking in the Katella lot and riding the shuttle were not mandatory for all employees who checked in at Harbor Pointe." *Id.* (emphasis added). Accordingly, because Disney did not require its employees to drive to work in the first place, the time spent by any employee who chose to drive to work, park in the assigned Katella lot, and take the shuttle to the entrance did not constitute "hours worked."

**B.    This Case Is Directly Analogous To *Overton* and *Vega* Because It Is Undisputed That Class Members Who Chose To Bring Bags Or Personal Apple Technology Did So Voluntarily And Purely For Personal Convenience**

Here, as in *Overton* and *Vega*, because Apple did not require Class Members to bring a bag or personal Apple technology to work in the first place, the time spent (if any) by any Class Member who chose to bring a bag or personal Apple technology to work and be subject to a check does not constitute "hours worked." Indeed, the undisputed facts establish that whether a Class Member

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT    15.    Case No. 13cv03451 WHA

1   (potentially) participated in a check depended on whether the Class Member voluntarily elected,

2   purely for personal convenience, to bring a bag or personal Apple technology into the store:

3   • Pursuant to Apple's written policy, only employees who chose to bring a bag or personal

4   Apple technology to work would (potentially) participate in a check, and employees who

5   chose not to bring a bag or personal Apple technology were not subject to checks.

6   (Boyer Decl., Ex. B; Ex. C; Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I; *see also* Ex. P,

7   Transcript of July 2, 2015, Hearing on Class Certification, at p. 38:24-39:23; Ex. J-13, ¶

8   5; Ex. J-16, ¶ 11; Ex. J-19, ¶ 7; Ex. J-9, ¶ 4; Ex. J-4, ¶ 15; Ex. K-1, ¶ 22; Ex. L, at p.

9   91:25-92:3; Ex. J-8, ¶ 12; Ex. J-7, ¶ 15; Ex. K-5, ¶ 36, Ex. K-3, ¶ 29; Ex. K-2, ¶ 19; Ex.

10  K-4, ¶ 15; Ex. K-6, ¶ 31; Ex. M, at p. 59:12–17; Ex. N, at p. 51:24-52:4.)

11  • Plaintiffs, on behalf of the Class, do not contend Class Members were required to bring

12  bags or personal Apple technology to work.  (Boyer Decl., Ex. A.)

13  • Class Members could – and did – choose not to bring a bag or personal Apple technology

14  to work.  (Boyer Decl., Ex. Q, Hall Report" – Exhibit B thereto,  p. 2; Ex. J-2, ¶ 7; Ex. J-

15  10, ¶ 8; Ex. J-15, ¶¶ 5-6; Ex. J-1, ¶ 13; Ex. J-14, ¶ 4; Ex. J-11, ¶ 4; Ex. J-17, ¶ 6; Ex. J-4,

16  ¶ 11; Ex. J-12, ¶ 4; Ex. J-21, ¶¶ 5, 11; Ex. J-1., ¶ 5; Ex. O, at p. 81:17-24; Ex. J-6, ¶ 8; Ex.

17  J-18, ¶ 3.); Motion for Class Certification, [Dkt. No. 268-1], 1:24-2:1; *see also* Ex. P,

18  Transcript of July 2, 2015, Hearing on Class Certification at p. 38:24-39:23.);

19  • Class Members who did choose to bring a bag or personal Apple technology to work did

20  so both voluntarily and purely for personal convenience. [4]  (Order Approving Class

21  Certification, [Dkt. No. 297], 10:22-25; Boyer Decl., Ex. A.)

22  Thus, the undisputed facts establish that <u>Apple employees could avoid checks altogether

23  simply by choosing not to bring a bag or personal Apple technology to work in the first place</u>.  *See*

24  *Morillion*, 22 Cal. 4th at 589 (finding "the fact that the *Vega* employees were free to choose—rather

25  than required—to ride their employer's buses to and from work [to be] a dispositive, distinguishing

26

_____

27  [4] As noted above, the class claim is litigated based on this presupposed fact with respect to all Class Members except for those individuals, if any, who intervene to allege an individualized requirement

28  to bring a bag or personal Apple technology to work.  (Dkt. No. 297, 10:4-25.)

fact"); *Overton*, 136 Cal. App. 4th at 271 (concluding the employer did not require its employees to park in the assigned lot and take the employer-provided shuttle where employees could choose to use alternative means of transportation and there was evidence that some employees used alternative means of transportation); *Vega*, 36 F.3d at 423 (noting there was evidence some employees chose not to ride the shuttle); *Novoa*, 2015 WL 1879631, *6-7 ("Plaintiff has directed this Court to no case, and the Court's research has yielded no case, where an employee has been found to be subject to an employer's control where the plaintiff voluntarily elected to commute in the employer's vehicle."). Accordingly, time spent in checks, if any, does not constitute "control" under the definition of "hours worked," and cannot give rise to a claim for wages, because any such time was the result of the employee's voluntary choice and purely for the employee's personal convenience.

## VI.   PLAINTIFFS' REMAINING CLAIMS ARE DERIVATIVE OF THE FIRST CLAIM AND NECESSARILY FAIL FOR THE SAME REASONS

Plaintiffs' remaining claims are derivative of the first claim for alleged unpaid wages, and therefore fail for the same reasons.  *See*, *e.g.*, *Alvarado v. Costco Wholesale Corp.*, 2008 WL 2477393, at *4-5 (N.D. Cal. June 18, 2008) (dismissing derivative wage statement penalty and unfair competition claims, after dismissing bag / package check claims on *de minimis* grounds); *Clark v. Chase Home Fin., LLC*, 2008 WL 2326307, *3 (S.D. Cal. June 3, 2008) ("[I]n the absence of a valid claim for violation of wage law, 'plaintiffs also cannot successfully allege unfair business practices or unfair competition under the Business and Professions Code.' "); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (granting summary judgment on derivative wage statement and unfair competition claims where underlying meal period penalty claim failed).

More specifically:

- Plaintiffs' second claim for relief alleges Apple violated the California Unfair Competition Law, based on the alleged failure to pay wages for time spent participating in checks, (Consolidated Complaint, ¶¶ 51-55);

- Plaintiffs' third claim alleges Apple violated California Labor Code section 226, based on the alleged failure to issue wage statements "that reflected all time spent waiting in line for

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

APPLE INC.'S MOTION FOR SUMMARY JUDGMENT

17.

Case No. 13cv03451 WHA

1   security checks and undergoing personal package and bag searches," (Consolidated

2   Complaint, ¶ 58);

3   • Plaintiffs' fourth claim alleges Apple violated California Labor Code sections 201-203, based

4      on the alleged failure to timely pay "wages for all time spent waiting in line for security

5      checks and undergoing personal package and bag searches," at the time of termination

6      (Consolidated Complaint, ¶ 62); and

7   • Plaintiffs' fifth claims seeks penalties pursuant to the California Private Attorneys General

8      Act, based on the alleged violations of the California Labor Code set forth in the first, third,

9      and fourth claims for relief, (Consolidated Complaint, ¶¶ 64-68).

10        Accordingly, because the Class Members' second through fifth claims are entirely derivative

11  of the first claim for alleged failure to pay wages for time spent during checks, they necessarily fail

12  as a matter of undisputed fact and law for the same reasons. *See*, *e.g.*, *Alvarado*, 2008 WL 2477393,

13  at *4-5.

14  **VII.    CONCLUSION**

15        Apple respectfully requests the Court enter judgment in its favor, and against the Class, on all

16  claims for relief in the Consolidated Complaint because Class Members' bag and personal Apple

17  technology check claims fail as a matter of undisputed fact and law.  Put simply, if a Class Member

18  voluntarily chooses to bring a duffle bag full of playing cards to work, purely for personal

19  convenience, California law does not require Apple to pay that Class Member if Apple elects to

20  search that duffle bag pursuant to its bag and technology check policies.

21  Dated: October 1, 2015

22

23                                          //s// *Todd K. Boyer*
                                           TODD K. BOYER
24                                          LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant
25                                          APPLE INC.

26
    Firmwide:135836316.9 074600.1003
27

28

APPLE INC.'S MOTION FOR SUMMARY        18.                    Case No. 13cv03451 WHA
JUDGMENT