Kimberly A. Kralowec (Cal. Bar No. 163158)
Kathleen Styles Rogers (Cal. Bar No. 122853)
Chad A. Saunders (Cal. Bar. No. 257810)
THE KRALOWEC LAW GROUP
44 Montgomery Street, Suite 1210
San Francisco, California  94104
Telephone:     (415) 546-6800
Facsimile:      (415) 546-6801
Email: kkralowec@kraloweclaw.com
          krogers@kraloweclaw.com
          csaunders@kraloweclaw.com

Lee S. Shalov (admitted *pro hac vice*)
Brett Gallaway (admitted *pro hac vice*)
Wade C. Wilkinson (admitted *pro hac vice*)
Mclaughlin & Stern, LLP
260 Madison Avenue
New York, New York  10016
Telephone:     (212) 448-1100
Facsimile:      (212) 448-0066
Email: lshalov@mclaughlinstern.com
          bgallaway@mclaughlinstern.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER and TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. C 13-3451 WHA (lead)<br>No. C 13-3775 WHA (consolidated)<br>No. C 13-4727 WHA (consolidated)<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date: November 19, 2015<br>Time: 8:00 a.m.<br>Judge: Hon. William Alsup<br>Ctrm: 8, 19th Floor |

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on November 19, 2015, or as soon thereafter as this matter may be heard by the Honorable William Alsup, in Courtroom 8, 19th Floor, of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs and Class Representatives Debra Speicher, Seth Dowling, Aaron Gregoroff and Taylor Kalin ("Plaintiffs"), on behalf of themselves and the certified Class, will and hereby do move the Court for an order striking/excluding the Supplemental Declaration of Dr. Randolph Hall (filed as Exhibit Q to the Declaration of Todd K. Boyer in Support of Apple Inc.'s Motion for Summary Judgment (Dkt. No. 314-1) (hereinafter the "Hall Report" or "Report"). This motion is made pursuant to Rules 702 and 403 of the Federal Rules of Evidence ("Rule 702" and "Rule 403," respectively) and the standards set forth in *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 592-593 (1993). This motion is based on the accompanying Memorandum of Law, the Declarations of Kathleen Styles Rogers ("Rogers Decl.") (Dkt. 272-1), Kimberly A. Kralowec ("Kralowec Decl.") (Dkt. 272-2), and Chad A. Saunders ("Saunders Decl.") (Dkt. 282-1), and exhibits thereto, such arguments and authorities as may be presented at the hearing on this motion, and such other matters as the Court might consider.

**RELIEF REQUESTED**

Plaintiffs respectfully request an Order striking/excluding the Supplemental Declaration of Dr. Randolph Hall, submitted by Apple in support of its motion for summary judgment, pursuant to Rules 702 and 403 of the Federal Rules of Evidence and the standards set forth in *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 592-593 (1993).

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Apple also filed the Hall Report in support of its opposition to Plaintiffs' motion for class certification (Dkt. No. 257-4 (Exhibit GG)). At that time, Plaintiffs moved to strike the Hall Report on several grounds, including that it is irrelevant, unreliable, and based on evidence that

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

1

should be excluded.  See Dkt. Nos. 272 (Motion to Strike) and 282 (Reply in Support of Motion to Strike).

When the Court granted Plaintiff's motion for class certification, it denied as moot Plaintiffs' motion to exclude the Hall Report because the Report was not necessary to its order approving class certification (Dkt No. 298, p. 2).  As the Court noted:

> Dr. Hall's report discussed the duration of searches that he observed and in particular, how long employees had to wait for searches to occur on days that Dr. Hall expected long lines to form.  These issues related to the scope of Apple's *de minimis* defense, rather than to Apple's liability.

Dkt. No. 298, p. 2.  Apple's motion for summary judgment also expressly pertains only to the issue of Apple's liability.  Thus, the Hall Report is as irrelevant to the Court's consideration of summary judgment as it was to class certification.

Apple may argue it is relying on different, narrower parts of the Hall Report to support its motion for summary judgment, and not Dr. Hall's "duration of searches" observations the Court addressed in its above-cited order.  In fact, Apple only mentions the Report in two places in its motion: (1) on page 9, citing to Dr. Hall's observation of the percentage of employees he observed (on video) carrying bags out of Apple's San Francisco flagship store during a selected six-hour period (which he documents on Exhibit B, page 2 to his Report); and (2) on page 16, citing to the same "evidence."  If Apple does intend to rely on only that percentage figure stated on page 2 of Exhibit B to the Hall Report (and Apple cites to no other part of the Report), Plaintiffs respectfully request that the Court, as an initial matter, strike the remainder of the Report as irrelevant to Apple's motion for summary judgment, and more prejudicial than probative, under Rules 401 and 403.

The numerous, additional grounds to strike the entire Hall Report are the same as stated in Plaintiffs' first motion to strike (and reply).  It is abundantly clear from the Hall Report that Dr. Hall did nothing more than view videotape from four of Apple's fifty-two California retail stores, personally visit three of the four stores, and summarize his observations.  Not only does his report

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

2

employ no scientific, technical or specialized knowledge, the videotape Dr. Hall relies on was reported by Apple early in this litigation to be wholly irrelevant, as it fails to and is not designed or positioned to capture its in-store bag searches. Kralowec Decl., Ex. 1 (Letter from Lara Strauss, counsel for Apple, to Kimberly Kralowec, et al., dated October 16, 2013, p. 4; and First Declaration of Steve Smith, dated December 23, 2013 (Dkt. No. 91), ¶ 5 (Steve Smith is Apple's Senior Manager, Global Loss Prevention Operations who Plaintiffs attempted to depose under F.R.C.P. 30(b)(6) on March 16, 2015, but who Apple failed to produce).  Further, Dr. Hall's reliance on video of store exits, ignoring the undisputed evidence that at least two of the four stores he observed conduct security searches on the sales floor rather than store exits (Declaration of Todd Boyer in Support of Defendant Apple Inc.'s Opposition to Plaintiffs' Motion for Rule 23(C)(4) Certification of Particular Issues (Dkt. 255-1) ("Boyer Decl."), Ex. B(1) (Declaration of Danya Bonnett) ¶12, and Boyer Decl., Ex. B(4) (Declaration of Margaret Karn), ¶11 (filed by Apple)), must fatally doom his observations, conclusions and entire report under Rule 702.

Additional, related grounds to exclude Dr. Hall's report addressed in Plaintiffs' first motion to strike are (1) that most of the videotape evidence summarized and relied upon by Dr. Hall is evidence Apple declined to produce in discovery for over two years on the ground that it was not relevant: "The purpose of store-level security videos is not to record bag checks. While one of the cameras within a store … may from time to time record a bag check, those records are unpredictable." Kralowec Decl., Exs. 1 & 2; *see also* (First) Declaration of Steve Smith (Apple's Senior Manager, Global Loss Prevention Operations, dated December 23, 2013 ("Smith Decl."), (Dkt. No. 91) ¶5.[1][2]  Apple produced the 57 hours of videotape Dr. Hall relies upon just two weeks before the discovery cutoff (Boyer Decl., Ex. FF at 1 & Rogers Decl., Ex. A), two years

---

[1] "The purpose of security videos at Apple retail stores is not to record bag or personal Apple technology checks.  However, one of the cameras within a store may from time to time record a bag or personal Apple technology check.  In particular, each store has cameras in different locations specific to the particular store.  To the extent bag or personal Apple technology checks occur, they may take place in different locations across the stores, and even in different locations within the same store.  Thus, from time-to-time, a particular security camera may be positioned in a way that happens to record a bag or personal Apple technology check. Smith Decl., ¶ 5.

[2] Apple also quoted a high cost it proposed to bill to Plaintiffs to maintain this videotape that it asserted was not intended to and did not capture security searches except by chance, so had no evidentiary value. *Id.*

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

3

after Plaintiffs' discovery request; and (3) Apple refused to produce a witness to testify about the videotape in response to Plaintiffs' timely and proper deposition notice under Fed. Rules Civ. Proc. R. 30(b)(6).  Rogers Decl., Ex. 2.

To this renewed motion to strike the Hall Report, Plaintiffs have added a final section addressing specific, additional bases to strike Dr. Hall's observations and conclusions regarding video of San Francisco employees leaving the store with bags – the "evidence" Apple specifically cites from the Hall Report in its motion for summary judgment.

## II.     ARGUMENT

### A.  Standards for Admissibility of Expert Opinion Testimony

Expert opinions are admissible under Federal Rule of Evidence 702 "' [i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue'; the witness is qualified 'by knowledge, skill, experience, training, or education'; and (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) (quoting Fed R. Evid. 702).  To be reliable, the expert's testimony must reflect scientific knowledge, findings driven by the scientific method, and work product that amounts to "good science." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

Rule 702 and *Daubert* impose "exacting standards of reliability," (*Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000)), and require the trial court to perform a gatekeeping function to exclude any expert opinion that fails to meet these standards. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  Apple has the burden of proving the admissibility of Dr. Hall's report by a preponderance of the evidence.  *See, MySpace, Inc. v. Graphon Corp.*, 756 F. Supp. 2d 1218, 1234 (N.D. Cal. 2010).

### B.  Dr. Hall's Opinions Meet None of the Requirements of Rule 702

The primary "opinions" Dr. Hall presents in his report are his observations of (1) whether

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

4

the four stores for which he observed video evidence conducted bag or technology checks captured on the video; (2) how long security checks lasted, included waiting time; and (3) how many employees brought bags or technology as recorded on the selected dates and times for which Dr. Hall observed video recordings. Hall Supp. Rep., Ex. B, pp. 1-15 & Appx 1. As discussed below, the evidence Dr. Hall reviewed and his observations and conclusions based on that evidence fail to satisfy any of the requirements for expert testimony under Rule 702.

### 1. Dr. Hall's Report Contains No Scientific, Technical or other Specialized Knowledge

While Plaintiffs do not question Dr. Hall's qualifications as a civil engineer or research specialist, his report does not contain any scientific, technical or other specialized knowledge that will assist the Court or trier of fact in this case, as Rule 702 requires. Dr. Hall's summary of video evidence and store practices consists of straightforward observations such as any witness could make. (In fact, labelling his report as an expert report gives it apparent weight it does not possess, an additional reason to strike it as unfairly prejudicial under Rule 403.)

### 2. Dr. Hall's Report is Not Based Upon Sufficient Facts or Data

Second, Dr. Hall's "opinions" fail to meet the requirements of Rule 702 because they are not based "upon sufficient facts or data." *Avila*, 633 F.3d at 836.

- Dr. Hall bases his conclusions as to whether stores conduct bag and technology checks on his examination of video that Apple admits was not intended to and does not necessarily capture bag and technology checks conducted in its stores, (Kralowec Decl., Ex. A (Strauss letter), p. 4; and (First) Smith Decl., ¶ 5);
- Dr. Hall observed video footage of store <u>exits</u> to reach his conclusions about security searches for three of the four stores addressed in his report (The Grove, Century City and Carlsbad) (Hall Supp. Rep., pp. 9, 10,11),[3] despite the undisputed fact that security searches occur on the sales floor and other locations

---

[3] Dr. Hall also viewed some footage of the manager's office at the Carlsbad store, but apparently not the sales floor (the "Red Zone"), where employees bags are checked, according to the Declaration of Margaret Karn (¶12) (filed at Boyer Decl., Ex. B(4)), although Dr. Hall states he read that declaration. Hall Supp. Rep., p. 11.

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

5

within at least two of these stores, not at store exits (*see*, *e.g.*, Boyer Decl. Ex. B(1) (Bonnett Decl.), ¶11; Boyer Decl., Ex. B(4) (Karn Decl.), ¶12);

- Dr. Hall's report also does not consider the declarations filed by putative class members who worked in the stores he observed, stating that they underwent bag and technology checks. *See*, *e.g.*, exhibits to Declaration of Lee Shalov (Dkt. No. 268-2) and attached Declarations of Hagen (Ex. 103, ¶8), Nilsson (Ex. 100, ¶ 6); Kalin, (Ex. 112 ¶¶94-98).

- Dr. Hall viewed only six hours of footage from the San Francisco store and fewer hours for each of the other stores, over the almost five years of the putative class period (although, given the lack of relevance of the video footage, this is unimportant).

- Dr. Hall's observations regarding The Grove store (Hall Supp. Rep., pp. 9-10) fail to account for the issue of uncompensated security searches at the end of closing shifts, when evidence shows that the offsite breakroom is closed. Dr. Hall's report also does not reach security search practices at The Grove or the San Francisco flagship store during the putative class period, prior to the opening of the offsite breakrooms.

- Dr. Hall's conclusion that "Employees at the San Francisco store may – and do – simply bypass the bag and technology process altogether by … simply choosing to walk out the door without stopping for a check (even if the employee is carrying a bag) (Hall Supp. Rep., p. 2), ignores Dr. Hall's own observation that 49% of employees he observed were carrying no bags or technology when exiting the San Francisco Apple store (where security guards perform checks at the store employee exit), and 50% left the store without a check. That percentage that left the store without a check is roughly the same percentage that brought no bags or technology to work. Allowing for a 1% margin of error in Dr. Hall's ability to see all bags in the videotape he was observing, it appears that roughly all employees

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

6

who carried bags and technology stopped for security checks.  His conclusion that employees "bypass … the process" (and suggestion that many employees do) does not follow from his own observations.

- Dr. Hall admits that it was impossible for him to determine, from the video he viewed for some stores, whether the people seen exiting the stores were customers or employees (Hall Supp. Rep., pp. 10, 12 (number of people exiting the store exceeded the number of employees punching out));

- In addressing how many employees left the four Apple stores with bags, Dr. Hall ignores testimony in declarations he says he reviewed regarding bags stored in offsite break rooms (s*ee, e.g.,* Boyer Decl, Ex. B(4) (Karn Decl.), ¶12).

- Dr. Hall addresses security checks in only 4 of Apple's 52 California retail stores (Hall Supp. Rep., p. 1).

Dr. Hall's failure to account correctly or at all for the above facts and data in his report renders it inadmissible under Rule 702 and more prejudicial than probative under Rule 403.

### 3. Dr. Hall's Report is not the Product of Reliable Principles and Methods

For all the same reasons listed above, Dr. Hall's testimony is not "the product of reliable principles and methods."  *Avila*, 633 F.3d at 836.  Dr. Hall employed no principles and methods other than mere observation and summary to reach his conclusions, and his observations ignore the critical points raised above.  His report ignores and fails to account for facts and data including that security checks were conducted on sales floors, not exits, in most of the observed stores, and it relies on video evidence Apple admits does not capture or reflect the information Dr. Hall purports to study, that is, how often security checks were conducted and how long they took.

### 4. Dr. Hall's Report does not Apply the Principles and Methods Reliably to the Facts of this Case

Dr. Hall did not apply his principles and methods (observation and summary) reliably to the facts of this case. *Avila*, 633 F.3d  at 836.  As noted, his report is based on video evidence that

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

7


Apple admits is not intended to and does not capture bag and technology checks in its stores, and he ignores the undisputed fact that bag and technology searches are conducted on the <u>sales floor</u>, while he observed store exits. These flaws and all those enumerated in the bulleted list above fatally undermine the entirety of Dr. Hall's summary conclusions, including Dr. Hall's chart with "Summary Statistics" of the times employees waited for bag checks (cited on p. 7 of Apple's brief in opposition to Plaintiffs' motion for class certification (Dkt. No. 255) for the proposition that wait and check times were *de minimis*), as well as Dr. Hall's following conclusion:

> There is no observable regular bag/technology process at The Grove, Century City or Carlsbad stores. The vast majority of exiting employees, even during the busiest times, left these three stores without stopping, waiting for, or undergoing a check.

Hall Supp. Rep., Ex. B, p. 1.

### 5. Dr. Hall's Observations Regarding the Percentage of Employees He Observed Leaving the San Francisco Store on Videotape Should be Stricken

Dr. Hall's specific observations regarding the percentage of San Francisco store employees who brought bags to work during his selected six hours of videotape are irrelevant to any issue before the Court and also unreliable, and should be stricken:

Apple cites to Dr. Hall's observation regarding the San Francisco store as alleged proof that "employees could – and did – choose not to bring a bag or personal Apple technology to work, and thereby avoid participating in a check altogether." Apple's Motion at 9. As addressed at length in Plaintiff's Opp., however, Apple's control over employees during its Checks is the salient issue of liability. Apple has cited no authorities to the Court to support its repeated argument that a theoretical ability to avoid the uncompensated activity means it is not "hours worked" subject to compensation under Wage Order No. 4. The opposite is true. If the employee was under Apple's control, the time spent undergoing checks is "hours worked" and must be compensated. Thus, it is wholly irrelevant to the issues to be decided by the Court on

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

8

Apple's motion, how many employees did or did not bring bags to work.

Furthermore, other than providing a conclusory observation that they are from the "busiest times," Dr. Hall gives no explanation as to why the six hours of video he observed were significant. Furthermore, he provides no reasons to believe that the six hours he looked at are representative of any other times class members went through checks at the San Francisco (or any other) store. That is, based on Dr. Hall's report, there is no way of knowing whether and to what extent even the same employees, on the same day, at the same store went through checks and how long they took.

Dr. Hall's report in this case fails to meet the requirements of Rule 702 and should be excluded.

**III.    CONCLUSION**

For all of the reasons set forth above, Plaintiffs respectfully submit that Apple cannot meet its burden to prove admissibility of the Supplemental report of Dr. Hall. Plaintiffs request that the Court exclude Dr. Hall's Supplemental Report in its entirety pursuant to Rules 702 (and 403) of the Federal Rules of Evidence.

DATED: October 15, 2015                    Respectfully submitted,

By: */s/ Kathleen Styles Rogers*
Kimberly A. Kralowec (Cal. Bar No. 163158)
Kathleen Styles Rogers (Cal. Bar No. 122853)
Chad A. Saunders (Cal. Bar No. 257810)
THE KRALOWEC LAW GROUP
44 Montgomery Street, Suite 1210
San Francisco, California 94104
Telephone:    (415) 546-6800
Facsimile:      (415) 546-6801
Email: kkralowec@kraloweclaw.com
            krogers@kraloweclaw.com
            csaunders@kraloweclaw.com

**MOTION TO STRIKE/EXCLUDE THE DECLARATION OF DR. RANDOLPH HALL SUBMITTED IN SUPPORT OF APPLE'S MOTION FOR SUMMARY JUDGMENT**
Case No. 13-cv-3451-WHA

9