IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER, and TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | No. C 13-03451 WHA (lead)<br>No. C 13-03775 WHA (consolidated)<br>No. C 13-04727 WHA (consolidated)<br><br><br><br><br>**ORDER RE BILL OF COSTS** |

## INTRODUCTION

In this wage-and-hour action, an order granted defendant's motion for summary judgment. Plaintiffs have appealed the order granting summary judgment. Meanwhile, defendant filed a bill of costs, and plaintiffs objected. For the reasons stated below, plaintiffs' objections are **SUSTAINED IN PART** and **OVERRULED IN PART**.

## STATEMENT

Apple Inc. filed a bill of costs for $60,054.40. Apple's bill of costs does not account for all costs incurred, only those relating to court transcripts, depositions, and filing fees. Plaintiffs objected, contending that this was not an "ordinary" case warranting an award of costs and objecting to specific costs. Apple filed a response to plaintiffs' objections.

**ANALYSIS**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Rule 54(d)(1) creates a presumption that the prevailing party will be awarded its taxable costs. Our court of appeals has held that Rule 54(d)(1) "vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*). "That discretion is not unlimited. A district court must specify reasons for its refusal to award costs." *Ibid.* This entails, "in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593. This case is not an extraordinary civil case. It is a fight over money. Both sides have resources. Both sides knew the loser might be liable for costs.

Apple contends it is entitled to its costs for several court transcripts, for deposition transcripts and videos, and for certain filing fees. This order addresses each category of Apple's costs and adjusts the costs to which it is entitled.

1. **COURT TRANSCRIPTS.**

Pursuant to Civil Local Rule 54-3(b), Apple is entitled to the cost of the court transcripts as follows:

> (1) The cost of transcripts obtained for an appeal is allowable.
>
> (2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.
>
> (3) The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

Apple seeks to recover costs for transcripts of two case management conferences, a summary judgment hearing, two discovery hearings, and a class certification hearing, totaling $1,499.85. Apple has offered no indication that any of the circumstances identified in Civil Local Rule 54-3(b) applies. Accordingly, Apple is entitled to **NOTHING** in costs relating to court transcripts, as follows:

2

| EXHIBIT | DESCRIPTION | AMOUNT | ADJUSTMENT | FINAL AMOUNT |
|---|---|---|---|---|
| B | Case Management Conference 10/17/2013 | $121.00 | Costs denied. | $0.00 |
| C | Case Management Conference 2/24/2014 | $115.50 | Costs denied. | $0.00 |
| D | Summary Judgment Hearing 5/22/2014 | $398.75 | Costs denied. | $0.00 |
| E | Discovery Hearing 11/12/2014 | $53.35 | Costs denied. | $0.00 |
| F | Discovery Hearing 11/20/2014 | $86.25 | Costs denied. | $0.00 |
| G | Class Certification Hearing | $725.00 | Costs denied. | $0.00 |
| | | | | Total:   $0.00 |

**2.   DEPOSITIONS.**

Pursuant to Civil Local Rule 54-3(c), a prevailing party is entitled to its costs for depositions as follows:

> (1) The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.
>
> (2) The expenses of counsel for attending depositions are not allowable.
>
> (3) The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.
>
> (4) Notary fees incurred in connection with taking depositions are allowable.
>
> (5) The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

Apple contends it is entitled to its costs for $57,569.55 in deposition costs, which comprises $44,436.78 for transcripts (including the cost of expedited production and certain surcharges for a videotaped deposition), $12,294.25 for video production, and $838.52 for non-appearance costs.

3

Apple cites *MEMC Electronic Materials v. Mitsubishi Materials*, No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004) (Judge Joseph C. Spero), for the contention that "a sensible reading of [Civil Local Rule 54-3(c)(1)] covers the cost of videotaping *and* the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript." That decision relied, in part, on the fact that the losing side had in fact requested the depositions to be videotaped and that the videos proved useful in resolving certain discovery disputes.

Here, neither side ever used the videos of the depositions. Apple contends that the videos "were absolutely necessary to preserve the evidence for a potential trial . . . to allow the jury to evaluate the witnesses' demeanor during their depositions, and to effectively present impeachment evidence" (Def.'s Response at 9). That argument is unpersuasive. All of these witnesses would presumably have testified live at trial, and the jury would have seen their demeanor as live witnesses. The transcribed testimony would have sufficed to impeach (if there had been occasion to impeach). The only thing a video would have added would be a visual of the demeanor of the witness at the time of the particular deposition extract. In the Court's experience, such limited visuals rarely add any probative value of demeanor beyond what the trial itself already supplies. The principal occasion where a video plus a transcript is warranted is for witnesses beyond trial subpoena range or where the deponents are otherwise unlikely to testify live at trial.

Civil Local Rule 54-3(c)(1) should be construed to further the nationwide goal to reduce the cost of litigation rather than to multiply it. A blanket omnibus approach to videotape every deposition (as Apple employed for each of the depositions it noticed) is wasteful and should not be rewarded.

This order next holds that Apple may not recover for certain additional services such as expedited production and overnight delivery of exhibits, which costs were also incurred solely for the convenience of counsel. Finally, this order holds that Apple may not recover for non-appearance fees incurred when witnesses failed to appear for their depositions because Apple never moved to compel those witnesses to appear. Apple's argument that the witnesses failed to appear with only five days remaining in the discovery period is unpersuasive. Motion

4

1  practice remained an available procedure with regard to those witnesses, even if for only a few
2  days. Apple failed to satisfy the conditions of Civil Local Rule 54-3(c)(5), so it is not entitled
3  to those non-appearance fees.

Apple is entitled to **$33,874.12** for deposition-related costs, as follows:

| EXHIBIT | DESCRIPTION | AMOUNT | ADJUSTMENT | FINAL AMOUNT |
|---|---|---|---|---|
| H | Adam Kilker | $1,954.90 | Video costs, $40.00 surcharge on transcript for video, and $619.20 for expedited production denied. | $1,295.70 |
|   | Video | $1,060.00 | | |
| I | Amanda Frlekin | $2,985.08 | Video costs, $57.00 surcharge on transcript for video, and $971.28 for expedited production denied. | $1,956.80 |
|   | Video | $1,361.50 | | |
| J | Elliot Beltzer | $2,558.20 | Video costs, $47.00 surcharge on transcript, $761.40 for expedited production, and $90.00 for overnight exhibits denied. | $1,659.80 |
|   | Video | $1,090.00 | | |
| K | Debra Speicher | $1,969.12 | Video costs, $54.25 surcharge on transcript for video, and $653.17 for expedited production denied. | $1,261.70 |
|   | Video | $1,378.50 | | |
| L | Dean Pelle | $2,424.40 | Video costs, $44.00 surcharge on transcript for video, and $792.00 for next-day expedited production denied. | $1,588.40 |
|   | Video | $1,128.00 | | |
| M | Seth Dowling | $1,893.87 | Video costs, $50.75 surcharge on transcript for video, and $698.32 for expedited production denied. | $1,144.80 |
|   | Video | $1,239.50 | | |

5

| | | | | |
|---|---|---|---|---|
| N | Aaron Gregoroff | $2,952.26 | Video costs, $63.50 surcharge on transcript, $975.36 for expedited production, $55.00 for overnight delivery denied. | $1,858.40 |
| | Video | $1,414.50 | | |
| O | Melody Idakaar | $2,161.05 | Video costs, $37.25 surcharge on transcript, $670.50 for next-day expedited production, $50.00 for overnight delivery, and $65.00 for overnight exhibits denied. | $1,338.30 |
| | Video | $1,109.00 | | |
| P | Peter Jordan | $1,952.65 | $892.70 for 1-day expedited production denied. | $1,059.95 |
| Q | Brandon Fisher | $2,060.95 | Video costs, $37.25 surcharge on transcript, and $722.65 for next-day expedited production denied. | $1,301.05 |
| | Video | $961.00 | | |
| R | Carol Monkowski | $1,824.74 | $748.24 for 2-day expedited production denied. | $2,628.50 |
| | 30(b)(6) | $1,552.00 | | |
| S | Danya Bonnett | $1,378.37 | $424.88 for 2-day expedited production denied. | $953.49 |
| T | Lauren Feist | $814.25 | None. | $814.25 |
| U | Brian Krinek | $1,291.30 | None. | $1,291.30 |
| V | Paul Benjamin | $709.15 | None. | $709.15 |
| W | Claudia Wright | $4,586.57 | $1,193.40 for 2-day expedited production and $1,115.00 in video costs denied. | $2,278.17 |
| X | Denise Young-Smith | $807.85 | None. | $807.85 |
| Y | Steve Cano | $538.00 | None. | $538.00 |
| Z | Eric Kinder | $945.20 | None. | $945.20 |
| AA | Karen Brandon | $1,761.45 | None. | $1,761.45 |

| | | | | |
|---|---|---|---|---|
| BB | Mario Telles | $1,295.59 | None. | $1,295.59 |
| CC | Archie Williams, Jr. | $773.90 | None. | $773.90 |
| DD | Omar Caputo | $382.49 | None. | $382.49 |
| EE | Ferenc Paczka | $614.56 | None. | $614.56 |
| FF | Masch-Al Malek | $548.06 | None. | $548.06 |
| GG | Ivan Guzman | $942.25 | None. | $942.25 |
| HH | Kathleen Zelasko | $1310.65 | $150 for video stream denied. | $1160.65 |
| II | Lee Borgioli | $999.92 | $35.56 for conference call denied. | $964.36 |
| JJ | Susan Schneider (Non-appearance) | $485.28 | Denied. | $0 |
| KK | Cherie Coles (Non-appearance) | $353.24 | Denied. | $0 |
| | | | | Total: $33,874.12 |

### 3. FILING FEES.

Pursuant to Civil Local Rule 54-3(a)(1), the prevailing party is entitled to filing fees paid to the Clerk. Apple seeks to recover **$985.00** in costs for six filing fees, as follows:

| EXHIBIT | DESCRIPTION | AMOUNT |
|---|---|---|
| LL | Non-Opposition to Relating Cases | $61.00 |
| MM | Sealing Motion | $117.00 |
| NN | Response to Motion to Strike | $75.00 |
| OO | Sealing Motion | $182.00 |
| PP | Pro Hac Vice Motion | $305.00 |
| QQ | Sealing Motion | $245.00 |
| | | Total: $985.00 |

**CONCLUSION**

For the reasons stated above, Apple is entitled to **ZERO** for court transcripts, $33,874.12 for deposition transcripts, and $985.00 for its filing fees, totaling **$34,859.12**. The Clerk shall please tax costs accordingly.

**IT IS SO ORDERED.**

Dated: January 25, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8