**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDA FRLEKIN; TAYLOR KALIN; AARON GREGOROFF; SETH DOWLING; DEBRA SPEICHER, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellants*, <br><br> v. <br><br> APPLE, INC., a California corporation, *Defendant-Appellee.* | No. 15-17382 <br><br> D.C. Nos. 3:13-cv-03451-WHA 3:13-cv-03775-WHA 3:13-cv-04727-WHA <br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 11, 2017
Submission Withdrawn August 16, 2017
Resubmitted August 26, 2020
San Francisco, California

Filed September 2, 2020

2                         FRLEKIN V. APPLE

Before:  Susan P. Graber and Michelle T. Friedland, Circuit
Judges, and Consuelo B. Marshall,[*] District Judge.

Opinion by Judge Marshall

---

**SUMMARY[**]**

---

### Labor Law

The panel reversed the district court's grant of summary
judgment in favor of defendant Apple, Inc., in a wage-and-
hour class action brought by employees who sought
compensation under California law for time spent waiting
for and undergoing exit searches.

Upon the panel's certification of a question of California
law, the California Supreme Court concluded that time spent
on the employer's premises waiting for, and undergoing,
required exit searches of packages, bags, or personal
technology devices voluntarily brought to work purely for
personal convenience by employees was compensable as
"hours worked" within the meaning of California Industrial
Welfare Commission Wage Order 7.

The panel reversed the district court's grant of Apple's
motion for summary judgment and remanded with
instructions to (1) grant plaintiffs' motion for summary

---

[*] The Honorable Consuelo B. Marshall, United States District Judge
for the Central District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

judgment on the issue of whether time spent by class members waiting for and undergoing exit searches pursuant to Apple's "Employee Package and Bag Searches" policy is compensable as "hours worked" under California law, and (2) determine the remedy to be afforded to individual class members.

## COUNSEL

Kimberly A. Kralowec (argued) and Kathleen S. Rogers, The Kralowec Law Group, San Francisco, California; Lee S. Shalov and Brett R. Gallaway, McLaughlin & Stern LLP, New York, New York; for Plaintiffs-Appellants.

Julie A. Dunne (argued), Littler Mendelson P.C., San Diego, California; Richard H. Rahm, Littler Mendelson P.C., San Francisco, California; Theodore J. Boutrous Jr., Joshua S. Lipshutz, Bradley J. Hamburger, and Lauren M. Blas, Gibson Dunn & Crutcher LLP, Los Angeles, California; for Defendant-Appellee.

Michael D. Singer and Janine R. Menhennet, Cohelan Khoury & Singer, San Diego, California, for Amicus Curiae California Employment Lawyers Association.

## OPINION

MARSHALL, District Judge:

Plaintiffs Amanda Frlekin, Taylor Kalin, Aaron Gregoroff, Seth Dowling, and Debra Speicher brought this wage-and-hour class action on behalf of current and former non-exempt employees who have worked in Defendant

4                    FRLEKIN V. APPLE

Apple, Inc.'s retail stores in California since July 25, 2009.
Plaintiffs seek compensation for time spent waiting for and
undergoing exit searches pursuant to Apple's "Employee
Package and Bag Searches" policy (the "Policy"), which
states:

### Employee Package and Bag Searches

All personal packages and bags must be
checked by a manager or security before
leaving the store.

### General Overview

All employees, including managers and
Market Support employees, are subject to
personal package and bag searches. Personal
technology must be verified against your
Personal Technology Card (see section in this
document) during all bag searches.

Failure to comply with this policy may lead
to disciplinary action, up to and including
termination.

### Do

• Find a manager or member of the
  security team (where applicable) to
  search your bags and packages before
  leaving the store.

**Do Not**

- Do not leave the store prior to having your personal package or back [sic] searched by a member of management or the security team (where applicable).

- Do not have personal packages shipped to the store.  In the event that a personal package is in the store, for any reason, a member of management or security (where applicable) must search that package prior to it leaving the store premises.

Apple also provides guidelines to Apple store managers and security team members conducting the searches pursuant to the Policy, which state:

> All Apple employees, including Campus employees, are subject to personal pack age [sic] checks upon exiting the store for any reason (break, lunch, end of shift).  I t [sic] is the employee's responsibility to ensure all personal packages are checked b y [sic] the manager-on-duty prior to exiting the store.

> When checking employee packages, follow these guidelines:

- Ask the employee to open every bag, brief case, back pack, purse, etc.

- Ask the employee to remove any type of item that Apple may sell.  Be sure

to verify the serial number of the employee's personal technology against the personal technology log.

- Visually inspect the inside of the bag and view its contents. Be sure to ask the employee to unzip zippers and compartments so you can inspect the entire co ntents [sic] of the bag. If there are bags within a bag, such as a cosmetics case, be sure to ask the employee to open these bags as well.

- At no time should you remove any items inside the bag or touch the employee's personal belongings. If something looks questionable, ask the employee to move or remove items from the bag so that the bag check can be completed.

- In the event that a questionable item is found, ask the employee to remove t he [sic] item from the bag. Apple will reserve the right to hold onto the questioned i tem [sic] until it can be verified as employee owned. (This will make the employee mor e [sic] aware to log in all items at start of shift).

- If item cannot be verified by [the manager on duty], contact Loss Prevention . . . .

Employees estimate that the time spent waiting for and undergoing an exit search pursuant to the Policy typically ranges from five to twenty minutes, depending on the manager or security guard's availability.  Some employees reported waiting up to forty-five minutes to undergo an exit search.  Employees receive no compensation for the time spent waiting for and undergoing exit searches, because they must clock out before undergoing a search pursuant to the Policy.

On July 16, 2015, the district court certified a class defined as "all Apple California non-exempt employees who were subject to the bag-search policy from July 25, 2009, to the present."  Because of concerns that individual issues regarding the different reasons why employees brought bags to work, "ranging from personal convenience to necessity," would predominate in a class-wide adjudication, the district court (with Plaintiffs' consent) made clear in its certification order that "bag searches" would "be adjudicated as compensable or not based on the most common scenario, that is, an employee who voluntarily brought a bag to work purely for personal convenience."  Therefore, the certified class did not include employees who were required to bring a bag or iPhone to work because of special needs (such as medication or a disability accommodation).

The parties filed cross-motions for summary judgment on the issue of liability.  On November 7, 2015, the district court granted Apple's motion and denied Plaintiffs' motion. The district court ruled that time spent by class members waiting for and undergoing exit searches pursuant to the Policy is not compensable as "hours worked" under California law because such time was neither "subject to the control" of the employer nor time during which class

8                     FRLEKIN V. APPLE

members were "suffered or permitted to work." Plaintiffs
timely appealed.

We certified to the California Supreme Court the
following question of state law:

> Is time spent on the employer's premises
> waiting for, and undergoing, required exit
> searches of packages or bags voluntarily
> brought to work purely for personal
> convenience by employees compensable as
> "hours worked" within the meaning of
> California Industrial Welfare Commission
> Wage Order No. 7?

*Frlekin v. Apple, Inc.*, 870 F.3d 867, 869 (9th Cir. 2017).
The California Supreme Court granted our request to decide
the following question of California law, as reformulated by
the California Supreme Court (*see* Cal. Rules of Court, rule
8.548(f)(5)):

> Is time spent on the employer's premises
> waiting for, and undergoing, required exit
> searches of packages, bags, or personal
> technology devices voluntarily brought to
> work purely for personal convenience by
> employees compensable as "hours worked"
> within the meaning of Wage Order 7?

*Frlekin v. Apple Inc.*, 457 P.3d 526, 529 (Cal. 2020).  The
California Supreme Court concluded the answer to the
question certified, as reformulated, is yes.  *Id.*

Following the California Supreme Court's decision, the
parties filed supplemental briefs addressing whether there

are factual disputes that would preclude summary judgment for Plaintiffs on remand.[1]

## I.

We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review a district court's order granting summary judgment *de novo*. *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). "A grant of summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). The evidence is viewed "in the light most favorable to the non-moving party." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).

## III.

California Industrial Welfare Commission Wage Order No. 7 provides: "Every employer shall pay to each employee

---

[1] Plaintiffs request that we take judicial notice of the following records of the California Supreme Court: (1) Answer Brief on the Merits filed March 19, 2018 (relevant excerpt); (2) Defendant and Respondent Apple Inc.'s Petition for Rehearing filed Feb. 28, 2020 (relevant excerpt); (3) Answer to Petition for Rehearing filed March 9, 2020 (relevant excerpt); (4) Order Denying Rehearing filed May 13, 2020; and (5) Letter from the Supreme Court of California filed May 14, 2020. Plaintiffs' Motion for Judicial Notice is granted because these documents are court filings in the California Supreme Court proceeding regarding the question we certified. *See* Fed. R. Evid. 201(d); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (observing that the court "may take judicial notice of court filings and other matters of public record").

. . . not less than the applicable minimum wage for all hours worked in the payroll period . . . ."  Cal. Code Regs. tit. 8, § 11070(4)(B).  The Wage Order further provides:  "'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  *Id.* § 11070(2)(G).  The California Supreme Court has explained that the two parts of the definition—"time during which an employee is subject to the control of an employer" and "time the employee is suffered or permitted to work, whether or not required to do so"— establish "independent factors, each of which defines whether certain time spent is compensable as 'hours worked.'"  *Morillion v. Royal Packing Co.*, 995 P.2d 139, 143 (Cal. 2000).

In answering the question certified, as reformulated, the California Supreme Court held that Apple's employees "are subject to Apple's control while awaiting, and during, Apple's exit searches," and therefore Apple "must compensate those employees . . . for the time spent waiting for and undergoing" the exit searches pursuant to the Policy.  *Frlekin*, 457 P.3d at 538.  The California Supreme Court reasoned:  "Apple's exit searches are required as a practical matter, occur at the workplace, involve a significant degree of control, are imposed primarily for Apple's benefit, and are enforced through threat of discipline.  Thus, according to the 'hours worked' control clause, plaintiffs 'must be paid.'"  *Id.*[2]

---

[2] The California Supreme Court declined to consider whether the time spent waiting for and undergoing exit searches pursuant to the Policy is compensable under the "suffered or permitted to work" clause. *Frlekin*, 457 P.3d at 538.

The district court had held to the contrary in granting summary judgment to Apple.  Accordingly, the court erred in granting summary judgment to Apple.

Plaintiffs' motion for summary judgment had similarly sought a ruling solely on what the district court characterized as the "main issue of compensability":  whether "time spent pursuant to Apple's bag-search policy is compensable without regard to any special reason any employee brought a bag to work."  The California Supreme Court's holding is equally dispositive of that motion and, therefore, Plaintiffs are entitled to summary judgment on the main issue of compensability.

In its supplemental briefing, Apple contends that disputed, material facts preclude summary judgment in favor of Plaintiffs because some class members "did not bring bags or devices to work," "were never required to participate in checks," or "worked in stores with remote break rooms where they stored their belongings," and because it is disputed whether the Policy was enforced through discipline.  Those purported disputed facts pertain solely to individual remedies, not to the main legal question as to class-wide relief.  As Apple itself recognized in opposing summary judgment, those purported disputed facts are irrelevant to whether time spent by class members waiting for and undergoing exit searches pursuant to the Policy is compensable as "hours worked" under California law.  On remand, the district court shall resolve any relevant factual disputes as part of its ordinary determination of individual remedies, such as by requiring sworn claim forms.

Apple also argues that there are disputed facts regarding whether time spent by class members undergoing a search is *de minimis*.  Apple failed to raise this argument before the district court in opposing Plaintiffs' motion for summary

12          FRLEKIN V. APPLE

judgment; the argument is therefore forfeited.  *Davidson v. O'Reilly Auto Enters., LLC*, — F.3d —, 2020 WL 4433118, at *7 (9th Cir. Aug. 3, 2020).

Because no material facts are in dispute as to whether time spent by class members waiting for and undergoing exit searches pursuant to the Policy is compensable as "hours worked" under California law, Plaintiffs are entitled to summary judgment on that legal question.

## IV.

We reverse the district court's grant of Apple's motion for summary judgment and denial of Plaintiffs' motion for summary judgment, and we remand for further proceedings with instructions to (1) grant Plaintiffs' motion for summary judgment on the issue of whether time spent by class members waiting for and undergoing exit searches pursuant to the Policy is compensable as "hours worked" under California law, and (2) determine the remedy to be afforded to individual class members.

**REVERSED and REMANDED with instructions.**

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)    A.    Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.    Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ► The proceeding involves a question of exceptional importance; or
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)    Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)    Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)    Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system.  No paper copies are required unless the Court orders otherwise.  If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper.  No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 10. Bill of Costs

*Instructions for this form:* [http://www.ca9.uscourts.gov/forms/form10instructions.pdf](http://www.ca9.uscourts.gov/forms/form10instructions.pdf)

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**　　　　　　　　　　　**Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| **TOTAL:** | | | | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**　　　　　　　　　　　　　　　　　　　　　　*Rev. 12/01/2018*