1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA FRLEKIN, AARON
GREGOROFF, SETH DOWNLING,
DEBRA SPEICHER, AND TAYLOR
KALIN, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

    v.

APPLE INC.,

        Defendant.

No.  C 13-03451 WHA

**ORDER VACATING PRIOR
JUDGMENT AND RELATED
ORDERS AND RE CROSS MOTIONS
FOR SUMMARY JUDGMENT,
NOTICE AND CLAIM PROCEDURE,
AND JUDICIAL NOTICE**

     This order follows full briefing and oral argument after remand from our court of

appeals.  To the following extent, plaintiff's motion for summary judgment is **GRANTED**.

     The judgment dated November 7, 2015, is **VACATED**.  **JUDGMENT IS ENTERED** as

follows:  At all material times Apple was liable to compensate the class members for time

spent standing in line and waiting to have their bags checked.  The 2015 orders on cross

motions, and cost orders (Dkt. Nos. 339, 340, 351, 352) are **VACATED**.  There will be a

damages claims process on an individual-by-individual basis, after notice to potential class

United States District Court
Northern District of California

1    members.  If Apple can show that any particular wait time was *de minimis*, then we will

2    address it at that time.  The Court is postponing any ruling on whether the *de minimis* defense

3    applies under California law (even though it applies under the FLSA).

4          The request for judicial notice is **GRANTED**.  Plaintiffs move to exclude a defense expert

5    report.  This is **DENIED AS MOOT** (Dkt. Nos. 339, 340, 351, 352).

6          The parties failed to accurately memorialize the notice and claims plan set forth at the

7    March 3 hearing, so the Court has gone back and redone the work.  This order finds that the

8    following will provide the "best notice that is practicable under the circumstances."  FRCP

9    23(c)(2)(B).

1. Apple shall bear all reasonable costs incurred by Angeion (or Apple's choice of claims administrator) in the administration of the claims process.

2. Parties appear to agree about the *reminder* mailing, and email, and the0 script for Apple to use if contacted by class members, which parties both attach as Exhibits C and D, respectively, to their filings at Dkt. Nos. 402 and 403.  They are **APPROVED**. Apple shall inform class counsel about communications from class members and provide those communications to plaintiffs' counsel within three business days.

3. Before any class member submits a claim, class counsel has a right to talk with their clients and explain how to fill out the form.

4. Parties appear to agree about much of the notice form (disputes are resolved below), but should be sure to include the following:

    i. "The Court has found that Apple must pay its employees for time spent undergoing bag and technology searches."

    ii. An explanation to class members that they have a right to intervene under Rule 23.

    iii. One statement that class members might be required to participate in depositions.  They might be required to testify at trial (as drafted below at 5(iii)).

United States District Court
Northern District of California

5. The following resolves the remaining differences between parties' proposed forms of **notice**:

    i.   There will be no hypothetical damages calculations.

    ii.  The form should inform class members that they might be subject to a brief (90 minute) deposition, and to being required to testify at trial.

    iii. Sections (4) and (5) (of both parties' proposed notices) shall be condensed into one section titled, "Submitting a Claim." It shall read: "Accompanying this Notice is a Claim Form, which lists the Apple stores at which you worked and the dates during which you worked at those stores between July 25, 2009 and December 17, 2015, according to Apple's records. If you need to make any corrections to this information, please do so on the Claim Form. If you participated in bag or technology checks, you may, to the best of your recollection, report: (1) the number of checks you participated in when leaving the store for a meal period, (2) the average duration of the checks when you left the store for a meal period; and (3) the number of checks you participated in when leaving the store at the end of your shift, and (4) the average duration of the checks when you left the store at the end of your shift. **You do not need to specifically recall the exact number of checks you went through during the period or the precise duration of each check. You may rely on your best recollection in providing this information.** However, you must submit your claim under penalty of perjury. 'Duration of the checks' means all time spent waiting for and completing the check, including the time it took to find a manager or security guard to conduct the check, the time it took waiting for the check, and the time it took for the check itself to be conducted. If you choose to submit a claim, Apple will have the opportunity to investigate the details of your claim. For example, Apple might ask you to appear for deposition to testify regarding your claim. A deposition is when a witness is

1         required to answer questions posed by Apple's attorneys under oath.

2         Moreover, Apple might ask to challenge your claim at a trial."

3    6.  Parties also seem to generally agree on the claims form (disputes resolved below), but

4      it:

5         i.  Shall not exceed one page.  Class members shall sign under penalty of

6           perjury.

7         ii.  Shall contain the language:  "You should not include in your estimates any

8           checks that occurred before *rest periods*."  This should come at the

9           introduction (top) of the claims form.

10        iii.  Need not contain language informing class members of the possibility of

11           depositions or testimony at trial; but the notice form should so inform, broken

12           out by the four factors set forth in Section 5(iii), above.

13    7.  The following resolves the remaining differences between parties' proposed claims

14      forms:

15         i.  The claims form shall not warn about depositions or testimony at trial (but the

16           notice form shall).

17         ii.  The claims form shall state:  You should not include checks that occurred

18           when you left the store for a rest break.

19         i.  Apple shall provide each store location at which each class member worked,

20           and the relevant dates of work at that location.

21         ii.  The claims form shall provide space for class members who have worked at

22           more than one store to notate the total time they spent in checks at each store.

23    8.  This will be the procedure for the notice and claims process:

24         i.  Within thirty calendar days of the date of this order, Apple shall provide the

25           claims administrator with each class member's name, last known address, and

26           last-known e-mail address.  The records shall be kept confidential by the

27           claims administrator and class counsel pursuant to the protective order entered

28           in this action on October 3, 2014 (Dkt. 177).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1      ii.  Within thirty calendar days after the claims administrator's receipt of the

2          payroll records ("the notice date"), the claims administrator shall effectuate

3          notice:

4            i.  The claims administrator will create a dedicated damages trial website,

5               which will have a section to allow class members to submit an

6               electronic claim form.

7           ii.  The claims administrator will mail the long-form notice and claim

8               form to all class members at their last known mailing address *via* First

9               Class Mail and include a pre-paid envelope with the claims

10              administrator's mailing address.

11           iii.  The exterior of the envelope for the mailing notice shall state

12              "Important Class Action Notice" and shall say it is "From the United

13              States District Court, Northern District of California, Honorable

14              William Alsup, 450 Golden Gate Avenue, San Francisco, CA 94102,"

15              with the return address as Apple Search Claims Administrator (*etc.*).

16              (Please note that the absence of middle initial.)

17           iv.  The claims administrator will email class members at their last known

18              email address to inform class members that they must submit a claim

19              form to be compensated for the bag and technology checks and include

20              a link to the website.  The body shall contain the long-form notice.

21              The subject line of the email will notify class members that the email

22              relates to their ability to receive potential compensation.

23     iii. For those class members whose mailing notice is returned as undeliverable,

24          the claims administrator shall use the National Change of Address registry to

25          attempt to send the same notice a second time to an updated address.

26     iv. During the claim submission period, the claims administrator shall provide a

27          report to both sides every two weeks.  It shall provide information regarding

28          the status of notices returned as undeliverable and re-mailed.  The claims

5

United States District Court
Northern District of California

1    administrator shall also provide counsel for the parties with all submitted

2    claim forms every two weeks.

3    v.    Approximately seventy-five calendar days after the notice date, the claims

4    administrator shall mail reminder postcards and send reminder emails to all

5    class members who have not submitted a claim.

6    vi.    All claims must be sent (*i.e.* it must be postmarked or submitted online or by

7    fax) within one-hundred and twenty days of the notice date.

8    9.   Within ten days of the claim form deadline, the claims administrator shall provide the

9    Court, class counsel, and Apple with copies of all received claim forms on a USB

10   flash drive (or other acceptable means).

11   10. Class counsel may only contact class members who have already submitted a claim

12   with leave of Court.

13   11. Within 35 days after the claim form deadline, Apple shall inform the Court of which

14   specific claims it intends to challenge, and if Apple makes enough of a showing to

15   call into question the accuracy of a given claim form, then Apple may take a

16   deposition of the claimant up to 90 minutes in length.

17   12. Once we get all claims forms and see the extent to which Apple will contest them, a

18   trial schedule for all or groups of claimants will be set along with evidentiary

19   disclosure and expert deadlines for each trial.

20   13. Within thirty days after the end of the discovery period, the Court will hold a final

21   pre-trial conference to:  (i) schedule the trial date(s); (ii) confirm the timing of

22   *motions in limine* in advance of trial, including on the issue of whether Apple

23   preserved the *de minimis* defense and, if so, whether it is applicable under California

24   state law; and (iii) finalize the trial procedure.

25   14. Class counsel may communicate with class members, provided that once a class

26   member submits a claim form, class counsel may not contact that class member about

27   amending the submitted claim form absent prior approval from the Court.

28

United States District Court
Northern District of California

15. This order does not rely on the late-submitted supplemental declaration of plaintiff's expert, Robert Hyte, so Apple's objection is **DENIED AS MOOT**.


**IT IS SO ORDERED.**


Dated:  April 14, 2021.


_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7