Julie Dunne (CA Bar No. 160544)
julie.dunne@us.dlapiper.com
Matthew Riley (CA Bar No. 257643)
matthew.riley@us.dlapiper.com
Vani Parti (CA Bar No. 308468)
vani.parti@us.dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101
Tel:   (619) 699-2700
Fax:   (619) 699-2701

Mandy Chan (CA Bar No. 305602)
mandy.chan@us.dlapiper.com
Andrea Ortega (CA Bar No. 317820)
andrea.ortega@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105
Tel:   (415) 836-2500
Fax:   (415) 836-2501

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; and TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br>                    Defendant. | Case No. 13cv03451-WHA (lead)<br>Case No. 13cv04727-WHA (consolidated)<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS**<br><br>Date:     July 7, 2022<br>Time:    8:00 a.m.<br>Place:    Courtroom 12, 19th Floor<br>Judge:   Hon. William Alsup |

Defendant Apple Inc. ("Apple") responds to the Court's concern regarding the attorneys' fee provision of the parties' settlement agreement. Apple confirms that it intended, and the express provisions of the parties' settlement agreement require, that the Court decide what amount of the common fund should be allocated to attorneys' fees. (*See* Dkt. No. 416-2, Joint Declaration of Lee Shalov and Kimberly Kralowec dated November 12, 2021 ("Joint Decl. of Class Counsel"), Ex. 1, ¶ 3.4.1.3 at 18:22-23 ("The Attorneys' Fees are subject to the Court's approval and will be paid only from the Total Settlement Amount . . . .").

The Ninth Circuit has confirmed that an agreement not to oppose a motion for attorneys' fees in a common fund settlement "does not signal the possibility of collusion":

> Objectors suggest that the "clear sailing" provision by which [defendants] agreed not to contest attorney's fees or incentive awards of no more than $25,000 evinces collusion. However, both payments were to be made from the settlement fund, capped at $49 million. This scenario does not signal the possibility of collusion because, by agreeing to a sum certain, [defendants] were acting consistently with their own interests in minimizing liability.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 961 n.5 (9th Cir. 2009) (emphasis added).[1]

The attorneys' fee provision of the parties' settlement agreement further confirms: "[t]his Settlement is not contingent upon the Court awarding any particular amount as the Attorneys' Fees"; and "[i]n the event the Court awards less than the full amount requested for the Attorneys' Fees, the un-awarded amount will be added to the Net Settlement Amount." (Joint Decl. of Class Counsel, Ex. 1, ¶ 3.4.1.3 at 18:27-19:2.) The Net Settlement Fund is to be distributed to Participating

---

[1] *See also Bakhtiar v. Info. Res. Inc.*, No. 17-cv-04559-JST, 2020 WL 11422782, at *7 (N.D. Cal. Aug. 4, 2020) (Hon. Jon S. Tigar) ("a ''clear sailing' provision 'does not signal the possibility of collusion' where, as here, Class Counsel's fee will be awarded by the Court from the same common fund as the recovery to the class." (quoting *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *14 (N.D. Cal. Sept. 2, 2015) (Hon. Lucy H. Koh ("As the Ninth Circuit has explained, however, a 'clear sailing' provision 'does not signal the possibility of collusion' where, as here, Class Counsel's fee will be awarded by the Court from the same common fund as the recovery to the class.' *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 961 n.5 (9th Cir.2009).")); *Walsh v. CorePower Yoga LLC*, No. 16-cv-05610-MEJ, 2017 WL 4390168, at *8 (N.D. Cal. Oct. 3, 2017) (Hon. Maria-Elena James) ("[B]ecause the fee will be awarded from the same common fund as the recovery to the Class, this particular clear sailing provision does not signal the possibility of collusion."); *Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342, at *7 (N.D. Cal. April 15, 2015) (Hon. Edward M. Chen) ("[B]ecause any attorneys' fees award will come out of the common fund, there is no 'clear sailing' agreement here that would warrant against settlement approval." (citing *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).

Settlement Class Members. (*Id.* at ¶ 3.4.1.7 at 20:20-24.) No part of the common fund will revert to Apple. (*Id.* at ¶ 1.46 at 9:10.)

Dated: April 8, 2022              **DLA PIPER LLP (US)**

By: */s/ Julie Dunne*
     JULIE DUNNE
     MATTHEW RILEY

Attorneys for Defendant Apple Inc.