| | |
|---|---|
| Lee Shalov (admitted *pro hac vice*) | Julie Dunne (CA Bar No. 160544) |
| lshalov@mclaughlinstern.com | julie.dunne@us.dlapiper.com |
| Brett Gallaway (admitted *pro hac vice*) | Matthew Riley (CA Bar No. 257643) |
| bgallaway@mclaughlinstern.com | matthew.riley@us.dlapiper.com |
| Jason Scott Giaimo (admitted *pro hac vice*) | Vani Parti (CA Bar No. 308468) |
| jgiaimo@mclaughlinstern.com | vani.parti@us.dlapiper.com |
| **McLAUGHLIN & STERN, LLP** | **DLA PIPER LLP (US)** |
| 260 Madison Avenue | 401 B Street, Suite 1700 |
| New York, New York 10016 | San Diego, California 92101 |
| Tel:   (212) 448-1100 | Tel:   (619) 699-2700 |
| Fax:   (212) 448-0066 | Fax:   (619) 699-2701 |
| | |
| Kimberly A. Kralowec (CA Bar No. 163158) | Mandy Chan (CA Bar No. 305602) |
| kkralowec@kraloweclaw.com | mandy.chan@us.dlapiper.com |
| Kathleen Styles Rogers (CA Bar No. 122853) | Andrea Ortega (CA Bar No. 317820) |
| krogers@kraloweclaw.com | andrea.ortega@us.dlapiper.com |
| **KRALOWEC LAW, P.C.** | **DLA PIPER LLP (US)** |
| 3132A 24th Street | 555 Mission Street, Suite 2400 |
| San Francisco, California 94110 | San Francisco, California 94105 |
| Tel:   (415) 546-6800 | Tel:   (415) 836-2500 |
| Fax:   (415) 546-6801 | Fax:   (415) 836-2501 |
| | |
| Attorneys for Plaintiffs and the Class | Attorneys for Defendant APPLE INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 13cv03451-WHA (lead)<br>Case No. 13cv04727-WHA (consolidated)<br><br>**[PROPOSED] JUDGMENT ON CLASS ACTION SETTLEMENT AGREEMENT (ECF NO. 416-2), AS AMENDED (ECF NO. _____)** |

In the Court's Final Approval Order entered _____ (ECF No. ___), the Court granted Plaintiffs Seth Dowling, Amanda Frlekin, Aaron Gregoroff, Taylor Kalin, and Debra Speicher's motion for final approval of the parties' class action Settlement Agreement (ECF No. 416-2), as amended (ECF No. _____),[1] and motions for: (a) Class Representative Payments to Plaintiffs Seth Dowling, Aaron Gregoroff, Taylor Kalin, and Debra Speicher; (b) a Service Payment to Plaintiff Amanda Frlekin; (c) Settlement Administration Costs; (d) Attorneys' Fees; and (e) Litigation Costs. Accordingly, the Court hereby enters final Judgment on the Class Claims of Plaintiffs Dowling, Gregoroff, Kalin and Speicher, and of the Participating Settlement Class Members, and on the PAGA Claims of Plaintiffs Frlekin and Kalin, the State of California, and the PAGA Settlement Class Members, pursuant to Federal Rule of Civil Procedure 54(b) and based on the findings, conclusions, and orders set forth in the Final Approval Order and the order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment. In addition, the Court's December 23, 2014 order dismissing with prejudice the claims of the individual plaintiffs arising under Massachusetts, New York, and Ohio law and under the Fair Labor Standards Act (ECF No. 214) is incorporated herein by reference. The Court enters final Judgment on the Massachusetts, New York, Ohio and federal claims of the individual plaintiffs who brought those non-California claims pursuant to the Court's prior dismissal order and Federal Rule of Civil Procedure 54(b) and based on the findings and conclusions set forth in the prior dismissal order. The Court determines that there is no just reason for delay of final Judgment with respect to these claims. Each party shall bear its own costs, other than as specified in the Settlement Agreement, the Final Approval Order, and the order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment.

---

[1] After the Court preliminarily approved the Parties' Settlement, the Parties entered into an Amendment to Stipulation Regarding Class and private Attorneys General Act Settlement and Release dated June _, 2022 ("Amendment"), pursuant to which Apple agreed to pay an additional $569,959.60 account for an additional 203,557 shifts worked by Participating Settlement Class Members that were not included in Apple's prior calculation of the number of shifts worked by such individuals. Additionally, Apple agreed to increase the PAGA Settlement Amount by $8,549.39 from $448,500 to $457,049.39. The Total Settlement Amount was therefore increased by $578,508.99 from $29,900,000 to $30,478,508.99. All references to "Settlement" or "Settlement Agreement" used herein are to the Settlement as amended pursuant to the Amendment.

Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) the implementation of the Settlement and the terms of the Settlement Agreement; (b) the distribution of the Total Settlement Amount to Plaintiffs, Participating Settlement Class Members, PAGA Settlement Class Members, the Labor and Workforce Development Agency, Class Counsel and the other law firms that represented Plaintiffs during the litigation, the Settlement Administrator, and, as applicable, the agreed-upon cy pres recipient; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement.[2]

The time for Participating Settlement Class Members to appeal from this final Judgment shall commence upon its entry.

**IT IS SO ORDERED.**

DATED:_____, 2022

_____
Hon. William Alsup
United States District Judge

---

[2] The Court further retains jurisdiction over the action and the parties as it relates to the recently identified Class of 105 Additional Employees, who have entered into a separate settlement agreement with Apple to receive payment on the same *pro rata* net shift basis as the Participating Settlement Class Members. The Court preliminarily approved the settlement as to the Class of 105 Additional Employees on _____, 2022, and will hold a final fairness hearing on _____, 2022. The pendency of proceedings related to the Class of 105 Additional Employees does not affect the finality of this Judgment as between the parties to the Settlement Agreement (ECF No. 416-2), as amended (ECF No. _____).