Lee Shalov (admitted *pro hac vice*)
lshalov@mclaughlinstern.com
Brett Gallaway (admitted *pro hac vice*)
bgallaway@mclaughlinstern.com
Jason Scott Giamo (admitted *pro hac vice*)
jgiaimo@mclaughlinstern.com
**McLAUGHLIN & STERN, LLP**
260 Madison Avenue
New York, New York 10016
Tel:   (212) 448-1100
Fax:   (212) 448-0066

Kimberly A. Kralowec (CA Bar No.163158)
kkralowec@kraloweclaw.com
Kathleen Styles Rogers (CA Bar No. 122853)
krogers@kraloweclaw.com
**KRALOWEC LAW P.C.**
3132A 24th Street
San Francisco, California 94110
Tel:   (415) 546-6800
Fax:   (415) 546-6801

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br>APPLE INC.,<br>　　　　　　　Defendant. | Case No. 13cv03451-WHA (lead)<br>Case No. 13cv04727-WHA (consolidated)<br><br>**[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT (ECF NO. 416-2), AS AMENDED (ECF NO. 446-1)** |

Plaintiffs Seth Dowling, Aaron Gregoroff, Taylor Kalin, and Debra Speicher, on behalf of themselves and each of the Settlement Class Members, and Plaintiffs Amanda Frlekin and Taylor Kalin on behalf of themselves, the State of California, and the PAGA Settlement Class Members, filed a motion for final approval of the Parties' Stipulation Regarding Class and Private Attorneys General Act Settlement and Release[1] in the above-referenced consolidated action. Plaintiffs' motion for final approval came on regularly for hearing on July 7, 2022, in Courtroom 12 on the 19th Floor of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William Alsup.

Plaintiffs and the Settlement Class Members were represented by their counsel, McLaughlin & Stern, LLP and Kralowec Law, P.C. Defendant Apple Inc. ("Defendant") was represented by its counsel, DLA Piper LLP (US).

The Court has: (1) reviewed and considered the terms and conditions of the proposed Settlement; (2) reviewed and considered the results of the Notices of Settlement mailed and emailed to Settlement Class Members in accordance with the Court's Order Granting Preliminary Approval of Class and Private Attorneys General Act Settlement and Notice Procedures entered on December 28, 2021 (the "Preliminary Approval Order"); (3) reviewed and considered the motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment and held a hearing on those motions; (4) held a Final Approval Hearing; (5) taken into account the presentations and other proceedings at the Final Approval Hearing; and (6) considered the Settlement in the context of all prior proceedings had in this Action.

Based thereon, the Court enters the following **FINDINGS** and **CONCLUSIONS**:

---

[1] After the Court preliminarily approved the Parties' Settlement, the Parties entered into an Amendment to Stipulation Regarding Class and private Attorneys General Act Settlement and Release dated June 24, 2022 ("Amendment"), pursuant to which Apple agreed to pay an additional $569,959.60 to account for an additional 203,557 shifts worked by Participating Settlement Class Members that were not included in Apple's prior calculation of the number of shifts worked by such individuals. Additionally, Apple agreed to increase the PAGA Settlement Amount by $8,549.39 from $448,500 to $457,049.39. The Total Settlement Amount was therefore increased by $578,508.99 from $29,900,000 to $30,478,508.99. All references to "Settlement" or "Settlement Agreement" used herein are to the November 2021 Settlement as amended pursuant to the Amendment.

1

Case No. 13-cv-03451 WHA
[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENT, AS AMENDED

A.  Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Settlement Agreement.

B.  The Court has subject-matter jurisdiction over the Action and all acts within the Action, and over all the Parties to the Action, including Plaintiffs, Defendant, the State of California, Settlement Class Members, and PAGA Settlement Class Members.

C.  In the Preliminary Approval Order, the Court conditionally modified the certified class definition to include the New Class Members for a revised class definition comprising the "Settlement Class Members." In response to the Notices of Settlement, 5 New Class Members requested exclusion from the Settlement. Accordingly, the Court's order preliminarily approving modification of the class definition to include all New Class Members (except for the 5 New Class Members who opted out of the Settlement) is now finally certified for settlement purposes. Class Counsel and the appointed Class Representatives have fairly and adequately represented all Settlement Class Members for purposes of negotiating and seeking approval of the Settlement.

D.  Pursuant to the Preliminary Approval Order and according to the Declaration of Steve Platt dated June 15, 2022, the appointed Settlement Administrator, Angeion Group, mailed by First Class U.S. Mail a Notice of Settlement for Existing Class Members who are PAGA Class Members who worked shifts during the Class Period (Dkt. 444-1, Ex. A); a Notice of Settlement for Existing Class Members who are PAGA Class Members who worked no shifts during the Class Period[2] (Dkt. 444-1, Ex. B); a Notice of Settlement for Existing Class Members who are not PAGA Settlement Class Members and who worked shifts during the Class Period (Dkt. 444-1, Ex. C); a Notice of Settlement for Existing Class Members who are not PAGA Class Members and who worked no shifts during the Class Period (Dkt. 444-1, Ex. D); a Notice of Settlement for New Class Members who worked shifts during the Class Period (Dkt. 444-1, Ex. E); and a Notice of Settlement for New Class Members who worked no shifts during the class period (Dkt. 444-1, Ex. F). The Settlement

---

[2] Some Settlement Class Members were employed by Apple during the Class Period, but worked no shifts during that Class Period because, for example, they were on vacation or on leave.

1. Administrator also emailed the Notice of Settlement in the form attached to the Settlement Agreement as Exhibit A to Existing Class Members and the Notice of Settlement in the form attached to the Settlement Agreement as Exhibit B to New Class Members, at the email address for such individuals, if any, included in the Employee List.

The Notices of Settlement fairly and adequately advised Settlement Class Members of the terms of the proposed Settlement, of the preliminary approval of the proposed Settlement, of their right to receive their shares of the Total Settlement Amount, of the scope and effect of the Released Class Claims, of Settlement Class Members' rights relating to objecting to the Settlement, of New Class Members' rights relating to opting out of the Settlement, of the date of the Final Approval Hearing, and of Settlement Class Members' right to appear at the Final Approval Hearing. Settlement Class Members had adequate time to consider this information and to use the procedures identified in the Notices of Settlement. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. The Court finds and determines that the Notices of Settlement provided to Settlement Class Members was the best notice practicable, which satisfied the requirements of law and due process.

E. The Court finds that Plaintiffs' notices of the proposed Settlement, and the Amendment to the Settlement, submitted to the California Labor and Workforce Development Agency ("LWDA") were sufficient and valid pursuant to California Labor Code section 2699(*l*). The LWDA has not filed any document related to this Action with the Court.

F. The Court finds that Defendant's notice of the proposed Settlement submitted to the Attorney General of the United States and the appropriate State officials fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Neither the Attorney General of the United States nor any State official filed any document related to this action with the Court. The Court concludes that Apple is not required to provide notice of the Amendment to the Settlement Agreement to the relevant Attorneys General because no Attorney General objected to the original settlement and the Amendment merely adds benefits for the Settlement Class Members.

1   *See*, *e.g.*, *Smith v. Levine Leichtman,* 2014 U.S. Dist. LEXIS 198138 (N.D. Cal. Mar. 26, 2014)
2   (holding that an updated notice was not required because the amendments benefitted the class and
3   the no Attorney General objected to the originally proposed settlement); *Demmings v. KKW*
4   *Trucking, Inc.*, 2018 U.S. Dist. LEXIS 159749 (D. Or. Sep. 19, 2018) (same).
5   G.     In response to the Notices of Settlement, no Settlement Class Members objected to the
6   Settlement and only 5 New Class Members requested exclusion from the Settlement.
7   H.     The Settlement is in all respects fair, reasonable, adequate, and proper, and in the best
8   interests of the Settlement Class Members. In reaching this conclusion, the Court considered a
9   number of factors, including: (1) the strength of Plaintiffs' claims; (2) the risk, expense, complexity,
10  and likely duration of further litigation; (3) the amount offered in settlement; (4) the extent of
11  discovery completed and the stage of the proceedings; (5) the experience and views of Class Counsel
12  and Defense Counsel; and (6) the reaction of the Settlement Class Members to the proposed
13  Settlement. The Court finds that the Settlement offers significant monetary recovery to all
14  Participating Settlement Class Members, and finds that such recovery is fair, reasonable, and
15  adequate when balanced against the risk of further litigation related to damages issues. The Court
16  further finds that counsel for the Parties engaged in extensive investigation, research, and discovery
17  such that Class Counsel and Defense Counsel were able to reasonably evaluate their respective
18  positions at the time of settlement. The Court finds that the Settlement will avoid substantial
19  additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of
20  the Action. The Court further finds that the Settlement has been reached as the result of serious and
21  non-collusive arms-length negotiations. The Court further finds that the relief provided for under
22  PAGA is genuine, meaningful, and consistent with PAGA's underlying purpose of benefitting the
23  public. Thus, the Court finally approves the Settlement set forth in the Settlement Agreement and
24  finds that the Settlement is, in all respects, fair, reasonable, and adequate. Accordingly, the Court
25  directs the Parties to effectuate the Settlement according to its terms.
26  I.     Participating Settlement Class Members (as certified below) shall be subject to all of the
27  provisions of the Settlement, the Settlement Agreement, and this Final Approval Order and the
28  Judgment to be entered by the Clerk of the Court, as set forth herein, including with respect to the

Released Class Claims.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED**:

1. Plaintiffs' motion for final approval of the Settlement is **GRANTED**. The Settlement is hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The Parties are ordered and directed to effectuate the Settlement according to its terms.

2. The Court, having found that each of the elements of Rule 23 are satisfied, certifies the following Class regarding the Class Claims: All current and former non-exempt employees of Defendant who worked at an Apple retail store in California between July 25, 2009 and August 10, 2015 who were previously provided notice of the Action in 2015 and who did not opt out of the class (*i.e.*, Existing Class Members),[3] and all individuals who began working as a non-exempt employee at an Apple retail store in California between August 3, 2015 and December 26, 2015 and to whom a notice of class certification was not mailed in 2015 (*i.e.*, New Class Members).[4]

3. Plaintiffs' motion for approval of Settlement Administration Costs is **GRANTED**. For purposes of this Final Approval Order and this Settlement, the Court hereby confirms the appointment of Angeion Group as the Settlement Administrator to administer the Settlement as more specifically set forth in the Settlement Agreement, and further finally approves Settlement

---

[3] However, the definition of Existing Class Members is amended to include Daniel Soto. While the records of the administrator who served notice of certification of 2015 indicate Mr. Soto requested exclusion from the case. Mr. Soto submitted a sworn declaration stating he did not submit the request. Mr. Soto will be added to the Settlement Class. His shifts will be paid first from any residual resulting from uncashed checks under the Settlement. If these residual funds are insufficient to pay for Mr. Soto's shifts, the remainder will be paid from Class Counsel's attorneys' fee award.

[4] During the notice period for this Settlement, Apple discovered that 105 New Class Members were omitted from the list of Settlement Class Members to whom notice of this Settlement was mailed. The parties have submitted a separate settlement agreement (see ECF 448.), which this Court has preliminarily approved, to ensure those 105 employees are given notice of, and afforded the opportunity to settle their claims on the same terms as, this Settlement.

Administration Costs, as fair and reasonable, of Eighty-Nine Thousand Five Hundred Dollars ($89,500.00).

4.      For purposes of this Final Approval Order and this Settlement, the Court hereby confirms the appointment of Plaintiffs Seth Dowling, Aaron Gregoroff, Taylor Kalin, and Debra Speicher (all of whom were previously appointed as Class Representatives for the Existing Class Members) as the Class Representatives for the Settlement Class Members. Further, Plaintiffs' motion for approval of Class Representatives Payments is **GRANTED**. The Court finally approves the Class Representative Payments, as fair and reasonable, to Plaintiffs Seth Dowling, Aaron Gregoroff, Taylor Kalin, and Debra Speicher in the amount of Two Thousand Dollars ($2,000.00) each, for the reasons stated in the accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment.  The Court hereby orders the Settlement Administrator to distribute the Class Representative Payments to the Class Representatives in accordance with this Order and the provisions of the Settlement.[5]

5.      Plaintiffs' motion for approval of the Service Payment is **GRANTED**. For purposes of this Final Approval Order and this Settlement, the Court finally approves the Service Payment, as fair and reasonable, to Plaintiff Amanda Frlekin in the amount of Two Thousand Dollars ($2,000.00), for the reasons stated in the accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment. The Court hereby orders the Settlement Administrator to distribute the Service Payment to Plaintiff Amanda Frlekin in accordance with this Order and the provisions of the Settlement.

6.      For purposes of this Final Approval Order and this Settlement, the Court hereby extends the appointment of Class Counsel McLaughlin & Stern, LLP and Kralowec Law P.C. (with Lee Shalov of McLaughlin & Stern, LLP as Lead Counsel) to also represent the New Class Members,

---

[5] Should any Named Plaintiff or Class Representative refuse to accept their service award or class representative payment of $2,000, such payment shall revert to the general settlement fund for the benefit of the class.

1  such that Class Counsel represents all Settlement Class Members for purposes of the Settlement. Further, Plaintiffs' motion for approval of Attorneys' Fees is **GRANTED**. The Court finally approves the payment of Attorneys' Fees in the amount of Nine Million Thirty-Nine Thousand One Hundred Thirty-Seven Dollars and fourteen cents ($9,039,137.14) as fair and reasonable for the reasons stated in the accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment.  The Attorneys' Fees shall fully satisfy all legal fees for all attorneys representing Plaintiffs in the Action (including McLaughlin & Stern LLP; Kralowec Law, P.C.; the Law Office of Louis Ginsberg, P.C.; the Blanchard Law Group, APC; Peter R. Dion-Kindem, P.C., and the Holmes Law Group, APC). The Attorneys' Fees award shall be allocated to the firms that have represented the Plaintiffs in this matter in the amounts and at the times set forth in the accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment. The Court's allocation of the Attorneys' Fees among the law firms that have represented Plaintiffs in the Action shall not affect the total amount of Attorneys' Fees awarded in this case or require Defendant to pay more for Attorneys' Fees. No other attorneys or law firms shall be entitled to any award of attorneys' fees from Defendant in any way connected with the Action.

7. Plaintiffs' motion for approval of Litigation Costs is **GRANTED**. For purposes of this Final Approval Order and this Settlement, the Court finally approves the payment of Litigation Costs in the amount of Three Hundred Eighty Thousand Two Hundred Twenty Three Dollars and forty three cents ($380,223.43) as fair and reasonable, for the reasons stated in the accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment. The Litigation Costs shall fully satisfy all litigation costs incurred by the attorneys representing Plaintiffs in the Action (including McLaughlin & Stern LLP; Kralowec Law, P.C.; the Law Office of Louis Ginsberg, P.C.; the Blanchard Law Group, APC; Peter R. Dion-Kindem, P.C., and the Holmes Law Group, APC). The issue of allocation of the Litigation Costs award is addressed in the Court's accompanying order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment. The Court's allocation of the Litigation Costs

among the law firms that have represented Plaintiffs in the Action shall not affect the total amount of Litigation Costs awarded in this case or otherwise require Defendant to pay more for Litigation Costs. No other attorneys or law firms shall be entitled to any award of costs from Defendant in any way connected with the Action. The Court hereby orders the Settlement Administrator to distribute the Litigation Costs in accordance with the provisions of this Order, the Court's order granting motions for Attorneys' Fees, Litigation Costs, Class Representative Payments, and Service Payment, and the Settlement Agreement.

8.  For purposes of this Final Approval Order and this Settlement, the Court hereby approves the PAGA Settlement Amount in the amount of Four Hundred Fifty-Seven Thousand Forty-Nine Dollars and Thirty-Nine Cents ($457,049.39) as fair and reasonable. Pursuant to the terms of the Settlement Agreement, seventy-five percent (75%) of the PAGA Settlement Amount (*i.e.*, $342,787.04) shall be distributed to the LWDA and twenty-five percent (25%) of the PAGA Settlement Amount (*i.e.*, $114,262.35) shall be distributed to the PAGA Settlement Class Members. Payment of the PAGA Settlement Amount shall resolve all claims for civil penalties under PAGA for the PAGA Claims alleged in the Action. The Court hereby orders the Settlement Administrator to distribute the PAGA LWDA Payment to the LWDA and to distribute the PAGA Settlement Class Member Payments to the PAGA Settlement Class Members in accordance with the provisions of this Order and the Settlement Agreement.

9.  For purposes of this Final Approval Order and this Settlement, the Court hereby approves the Individual Class Payments in the aggregate amount of Twenty Million Five Hundred Two Thousand Five Hundred Ninety-Nine Dollars and three cents ($20,502,599.03) as fair, reasonable, and adequate. The Court hereby orders the Settlement Administrator to distribute the Individual Class Payments to Participating Settlement Class Members in accordance with the provisions of this Order and the Settlement Agreement.

10. Any check for a Participating Settlement Class Member to whom a Notice of Settlement was not delivered shall be submitted to the California State Controller's Office for unclaimed funds.

11. Any checks issued to Participating Settlement Class Members or PAGA Settlement Class Members shall remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their issuance and then shall become void on the 181st day after mailing, *i.e.*, the Void Date. Any re-mailed or re-issued check shall remain valid and negotiable for one hundred eighty (180) calendar days from the date the original check was mailed, or thirty (30) calendar days from the date the re-issued check is re-mailed, whichever date is later. Any unclaimed funds resulting from Settlement Class Members' failure to cash Individual Class Payment checks and/or Individual PAGA Payment checks by the Void Date shall be transmitted by the Settlement Administrator to the California Alliance of Boys & Girls Clubs, Inc. ("Boys & Girls Clubs"), with the funds designated to be used in California for the Boys & Girls Clubs' Workforce Readiness program/job training, within fourteen (14) calendar days of the Void Date. The Court approves the Boys & Girls Clubs as an appropriate recipient of these funds. Any refunded employee-side payroll taxes corresponding to the wage component of any uncashed Individual Class Payment checks shall be transmitted by the Settlement Administrator to the Boys & Girls Clubs with the funds designated to be used in California for Boys & Girls Clubs' Workforce Readiness program/job training, within fourteen (14) calendar days of the Settlement Administrator's receipt of the refunded employee-side payroll taxes. Any refunded employer-side payroll taxes corresponding to the wage component of any uncashed Individual Class Payment checks shall be returned to Apple within fourteen (14) calendar days of the Settlement Administrator's receipt of the refunded employer-side payroll taxes.

12. As of the Effective Date, Plaintiffs Seth Dowling, Aaron Gregoroff, Amanda Frlekin, Taylor Kalin, and Debra Speicher shall be deemed to have provided a Complete and General Release to the Released Parties.

13. As of the Effective Date, Plaintiffs Amanda Frlekin and Taylor Kalin – on behalf of themselves, the State of California, and PAGA Settlement Class Members – shall be deemed to have fully and irrevocably released the Released Parties from the PAGA Claims, as defined in the Settlement Agreement.[6] Plaintiffs Amanda Frlekin and Taylor Kalin, the State of California, and PAGA Settlement Class Members will release such Released PAGA Claims for the PAGA Period, *i.e.*, from July 25, 2012 through and including December 31, 2015. Plaintiffs Amanda Frlekin and Taylor Kalin, the State of California, and PAGA Settlement Class Members may discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released PAGA Claims, but upon the Effective Date, they shall be deemed to have – and by operation of this Final Approval Order and the Judgment that will be entered concurrently herewith, they shall have – fully, finally, and forever settled and released any and all of the Released PAGA Claims. On behalf of the State of California and all PAGA Settlement Class Members, Plaintiffs Amanda Frlekin and Taylor Kalin agree that, as of the Effective Date, Plaintiffs Amanda Frlekin and Taylor Kalin, the State of California, and all PAGA Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released PAGA Claims against the Released Parties. Nothing in this paragraph is intended to create a basis for imposing monetary sanctions against Settlement Class Members, but rather is intended to confirm the finality of the releases provided in the Settlement.

14. As of the Effective Date, Class Representatives and each of the Participating Settlement Class Members shall be deemed to have fully and irrevocably released the Released Parties from the Class Claims, as defined in the Settlement Agreement. Participating Settlement Class Members will release such Released Class Claims for the Class Period, *i.e.*, from July 25, 2009 through and including December 31, 2015.[7] Class Representatives and Participating Settlement

---

[6] This release, however, will not apply to the 105 additional employees who did not receive notice of this settlement and whose claims are being settled separately.

[7] This release, however, will not apply to the 105 additional employees who did not receive notice of this settlement and whose claims are being settled separately

1  Class Members may discover facts in addition to or different from those they now know or believe
2  to be true with respect to the subject matter of the Released Class Claims, but upon the Effective
3  Date, they shall be deemed to have – and by operation of this Final Approval Order and the Judgment
4  that will be entered concurrently herewith, they shall have – fully, finally, and forever settled and
5  released any and all of the Released Class Claims. On behalf of all Participating Settlement Class
6  Members, Class Representatives agree that, as of the Effective Date, Class Representatives and all
7  Participating Settlement Class Members are hereby forever barred and enjoined from prosecuting
8  the Released Class Claims against the Released Parties. Nothing in this paragraph is intended to
9  create a basis for imposing monetary sanctions against Settlement Class Members, but rather is
10 intended to confirm the finality of the releases provided in the Settlement.

15. The terms of the Settlement Agreement, and this Final Approval Order and the Judgment that will be entered concurrently herewith, are binding on Plaintiffs, the State of California, Participating Settlement Class Members, and the PAGA Settlement Class Members, and those terms shall have, to the fullest extent permitted by law, *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of the State of California, Participating Settlement Class Members and PAGA Settlement Class Members, to the extent those claims, lawsuits or other proceedings fall within the scope of Released Class Claims and/or Released PAGA Claims as set forth in the Settlement Agreement.

16. Neither this Final Approval Order, the Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever. Nor is this Final Approval Order or the Judgment a finding of the validity of any of the Class Claims or PAGA Claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered

in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order and the Judgment, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Final Approval Order, the Judgment, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of *res judicata*, collateral estoppel, release, waiver, or other theory of claim preclusion, issue preclusion, or similar defense.

17. In the event that the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order, the Judgment and all orders entered in connection herewith, shall be rendered null and void and be vacated. Moreover, any funds tendered by Defendant shall be returned and/or retained by Defendant consistent with the terms of the Settlement.

18. Within twenty-one (21) calendar days after the Void Date, the Parties shall file with the Court and post to the Settlement Administrator's website a post-distribution accounting setting forth: (a) the Total Settlement Amount; (b) the total number of Settlement Class Members; (c) the total number of Settlement Class Members to whom a Notice of Settlement was sent and not returned as undeliverable; (d) the number and percentage of opt-outs; (e) the number and percentage of objections; (f) the average and median recovery per Participating Settlement Class Member; (g) the largest and smallest amounts paid to Participating Settlement Class Members; (h) the methods of notice and the method of payment to Settlement Class Members; (i) the number and value of checks not cashed; (j) the amounts distributed to the cy pres recipient; (k) the Settlement Administration Costs; (l) the Attorneys' Fees and Litigation Costs; and (m) the Attorneys' Fees in terms of percentage of the settlement fund, and the multiplier, if any.

19. The terms of the Settlement Agreement, and this Final Approval Order, and the Judgment that will be entered concurrently herewith, are binding on the Parties.

20. Judgment will be entered separately.

**IT IS SO ORDERED.** Dated:

August 13, 2022.

_____
Hon. William Alsup
United States District Judge