Lee Shalov (admitted *pro hac vice*)
lshalov@mclaughlinstern.com
Brett Gallaway (admitted *pro hac vice*)
bgallaway@mclaughlinstern.com
Jason Scott Giaimo (admitted *pro hac vice*)
jgiaimo@mclaughlinstern.com
**McLAUGHLIN & STERN, LLP**
260 Madison Avenue
New York, New York 10016
Tel:   (212) 448-1100
Fax:   (212) 448-0066

Kimberly A. Kralowec (CA Bar No. 163158)
kkralowec@kraloweclaw.com
Kathleen Styles Rogers (CA Bar No. 122853)
krogers@kraloweclaw.com
**KRALOWEC LAW, P.C.**
3132A 24th Street
San Francisco, California 94110
Tel:   (415) 546-6800
Fax:   (415) 546-6801

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 13cv03451-WHA (lead)<br>Case No. 13cv04727-WHA (consolidated)<br><br>**[PROPOSED] SUPPLEMENTAL ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT FOR CLASS OF 105 ADDITIONAL EMPLOYEES AND NOTICE PROCEDURES**<br><br>Date: July 7, 2022<br>Time: 8:00 a.m.<br>Place: Ctrm. 12, 19th Floor<br>Judge: Hon. William Alsup |

Plaintiffs Amanda Frlekin, Seth Dowling, Aaron Gregoroff Taylor Kalin, and Debra Speicher filed a motion for preliminary approval of the Parties' Stipulation Regarding Class and Private Attorneys General Act Settlement and Release for 105 Additional Employees (the "Separate Settlement Agreement") in the above-referenced, consolidated action. (ECF 448.) Plaintiffs' motion for preliminary approval was heard on July 7, 2022, in Courtroom 12 on the 19th Floor of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William Alsup.

Plaintiffs were represented by their counsel, McLaughlin & Stern, LLP and Kralowec Law, P.C. (collectively, "Class Counsel"). Defendant Apple Inc. ("Defendant") was represented by its counsel, DLA Piper LLP (US).  Defendant does not oppose the motion.

**BACKGROUND**

In November 2021, the parties filed a motion for preliminary approval of the original settlement agreement negotiated in this case (the "November 2021 Settlement Agreement"). (ECF 416.) During the notice period, Apple discovered that it had omitted 105 employees from the list of Settlement Class Members who were to receive notice of the November 2021 Settlement Agreement. The parties therefore negotiated the Separate Settlement Agreement now before the Court to ensure these 105 employees receive notice of, and have the opportunity to participate in, the settlement of this case based on the same terms of the original, November 2021 Settlement Agreement.

Based upon the Court's review of the Separate Settlement Agreement, the moving papers submitted in support of preliminary approval, the Court's previous order preliminarily approving the November 2021 Settlement Agreement on which this Separate Settlement Agreement is based, and all of the files, records, and proceedings herein, the Court preliminarily finds: (1) the Separate Settlement of the Class Claims of the 105 Additional Employees was entered into in good faith and appears to be fair, reasonable, and adequate, such that the Parties should distribute notice of the Separate Settlement to the Class of 105 Additional Employees, and a hearing regarding final approval of the Separate Settlement should be set; (2) the Separate Settlement of the PAGA Claims

1

appears consistent with PAGA's underlying purpose of benefitting the public; and (3) Class Counsel and Class Representatives are carrying out their duties under this Court's original preliminary approval order (ECF 431) to ensure that all Settlement Class Members under the November 2021 Settlement Agreement, which includes these additional 105 employees, receive notice of and have the opportunity to participate in the settlement of this case. Accordingly, the Court **GRANTS** preliminary approval of the Parties' Separate Settlement for the reasons stated below, and sets the below schedule for notice to the Class of 105 Additional Employees and the Supplemental Final Approval Hearing:

**ANALYSIS**

The following analysis tracks the same analysis this Court applied when approving the original, November 2021 Settlement Agreement in this case. (ECF 431.) "The class action device, while capable of the fair and efficient adjudication of a large number of claims, is also susceptible to abuse and carries with it certain inherent structural risks." *Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 623 (9th Cir. 1982). A settlement purporting to bind absent class members must be fair, reasonable, and adequate. *See* FRCP 23(e). A district court may consider and weigh a variety of factors as the particular facts of the case demand, including: the amount offered in settlement; the strength of plaintiff's case; the stage of the proceedings; the expense and complexity of further litigation; and other relevant considerations. Above all, the "primary concern" must be the "protection of those class members . . . whose rights may not have been given due regard by the negotiating parties." *Officers for Just.*, 688 F.2d at 624–25.

This proposed settlement measures up.

First, this Court already preliminarily and finally approved the original, November 2021 Settlement in this case, and the Separate Settlement Agreement before this Court is based on the same terms. Apple will pay the same $2.95 net value per shift that Apple paid to Settlement Class Members under the original, November 2021 Settlement Agreement. (The net shift value under the November 2021 Settlement Agreement, as amended, was calculated by: (1) adding the original $29,900,000 settlement amount to the additional $578,508.99 that Apple agreed to pay for the

2

Case No. 13-cv-03451 WHA
[~~PROPOSED~~] SUPPLEMENTAL PRELIMINARY APPROVAL ORDER RE: 105 ADDITIONAL INDIVIDUALS

1 additional 203,557 shifts to establish the Total Settlement Amount; (2) deducting from the Total Settlement Amount the amounts for Class Representative Payments (collectively, $8,000), the Service Payment ($2,000), Attorneys' Fees ($9,039,137.14), Litigation Costs ($380,223.43), Settlement Administration Costs ($89,500), and the PAGA Settlement Amount ($457,049.39) to establish the Net Settlement Amount; and (3) dividing the Net Settlement Amount ($20,502,599.03) by the total number of shifts worked by Settlement Class Members (excluding those shifts worked by the 105 Additional Employees) at an Apple retail store in California during the Class Period (6,961,913 shifts).) Separately, Apple will pay the employer's share of the payroll taxes owed on the wage portion of the settlement fund and the costs of administration.

Second, a new settlement class shall be **CERTIFIED** as follows: the 105 individuals who transferred into a position as a non-exempt employee at an Apple retail store in California between August 3, 2015 and December 26, 2015 and to whom a notice of the November 2021 Settlement Agreement was not mailed (the "Class of 105 Additional Employees").

Third, the fund is non-reversionary; checks uncashed within 180 days (or 30 days of reissue, whichever is later) go to the California Alliance of Boys & Girls Clubs' Workforce Readiness program.

Fourth, members of the Class of 105 Additional Employees shall be given an opportunity to request exclusion from or object to the class aspects of the Separate Settlement Agreement. If a class member seeks to opt out not using the provided template, the parties must honor opt-out requests that substantially conform to naming the suit, even if their language does not precisely match the template. Furthermore, a would-be opt-out who omits a required field (e.g. signature) must be given the chance to correct her mistake. Likewise, the notices of objection may not be disqualified simply because the sender fails to complete one of the requirements (e.g. stating whether or not she will attend the final approval hearing, or stating both the case name *and* number). Parties shall accept an objection if the sender states either the case name *or* its number, or the descriptors used for opt-outs. An objecting class member must be informed of any omission within **SEVEN DAYS** and permitted to fix it.

Fifth, the release appears reasonable, tailored to the claims pursued in the consolidated complaint in this action and excluding state claims dismissed with prejudice, or claims pursued in named plaintiff Taylor Kalin's notice letter that did not enter into the consolidated complaint.

Sixth, the proposal suggests serious, non-collusive negotiation. Both sides have dueled for a long time. For example, discovery included twenty depositions by Apple, fourteen by plaintiffs. Apple produced 57,414 documents; plaintiffs produced 1,162.

Seventh, notice to the class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Here, Angeion will serve as claims administrator. Apple will provide the "additional employee list." The parties propose to mail the notice of settlement, attached hereto as Exhibit 1, to the Class of 105 Additional Employees by First Class U.S. mail *and* email if Apple has an email for the class member. Angeion will conduct a national change of address search and a skip trace for the most current mailing address of all former employee settlement class members and will update such former employees' addresses as necessary. The exterior of the envelope shall state "Important Class Action Notice" and shall state that it is "From the United States District Court, Northern District of California, Honorable William Alsup, 450 Golden Gate Avenue, San Francisco, CA 94102," with the return address directing service to the Settlement Administrator. The statement shall be printed at a location on the envelope such that the Court's mailing address could not possibly be mistaken for the *class member's* mailing address.

## CONCLUSION

The proposed Separate Settlement ranks as adequate at this stage, and preliminary approval is **GRANTED** subject to final approval. In the interim:

1. The Court re-appoints Plaintiffs Seth Dowling, Aaron Gregoroff, Taylor Kalin, and Debra Speicher to serve as representatives of the Class of 105 Additional Employees who do not opt out of the Separate Settlement. The Court finds that these Class Representative have fairly and adequately negotiated the Separate Settlement Agreement on behalf of the Class of 105 Additional

Employees, as well as the November 2021 Settlement Agreement on which the Separate Settlement Agreement is based.

2. The Court re-appoints McLaughlin & Stern, LLP and Kralowec Law, P.C. to serve as Class Counsel for the Class of 105 Additional Employees, with Lee Shalov of McLaughlin & Stern, LLP designated as Lead Counsel for the Class of 105 Additional Employees. The Court finds that Class Counsel have fairly and adequately negotiated the Separate Settlement Agreement on behalf of the Class of 105 Additional Employees, as well as the November 2021 Settlement Agreement on which the Separate Settlement Agreement is based. Class Counsel is authorized to represent and bind the Class of 105 Additional Employees with respect to all acts or consents required by this Order.

3. The Court finds, based on Class Counsel's declaration (ECF 455), that Class Counsel notified the California Labor and Workforce Development Agency ("LWDA") of the PAGA settlement in this action as required by California Labor Code section 2699(*l*).

4. The Court finds that Defendant provided notice of the proposed Separate Settlement to the Attorney General of the United States and the appropriate State officials (ECF 460) as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5. The Settlement Administrator will send the approved class notice via email (for class members whose email addresses are known) or via first-class mail (for the remainder) to the Class of 105 Additional Employees by **August 29, 2022**. Both Apple and class counsel shall also post such notice to their websites by this date.

6. The Class of 105 Additional Employees' objections to the proposed settlement must be filed or postmarked no later than **December 12, 2022**.

7. The parties' motion for final approval, declarations attesting to service of the notice of settlement, and replies to the objections of class members shall be filed no later than **January 6, 2023.**

8. The final approval fairness hearing shall take place at **8:00 A.M.** o **January 26 , 2023.**

5

Case No. 13-cv-03451 WHA
[PROPOSED] SUPPLEMENTAL PRELIMINARY APPROVAL ORDER RE: 105 ADDITIONAL INDIVIDUALS

**IT IS SO ORDERED.**

DATED: August 13, 2022

_____
Hon. William Alsup
United States District Judge