Kimberly A. Kralowec (CA Bar No.163158)
kkralowec@kraloweclaw.com
Kathleen Styles Rogers (CA Bar No. 122853)
krogers@kraloweclaw.com
**KRALOWEC LAW P.C.**
3132A 24th Street
San Francisco, California 94110
Tel:      (415) 546-6800
Fax:      (415) 546-6801

Lee Shalov (admitted *pro hac vice*)
lshalov@mclaughlinstern.com
Brett Gallaway (admitted *pro hac vice*)
bgallaway@mclaughlinstern.com
**McLAUGHLIN & STERN, LLP**
260 Madison Avenue
New York, New York 10016
Tel:      (212) 448-1100
Fax:      (212) 448-0066

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMANDA FRLEKIN, AARON GREGOROFF, SETH DOWLING, DEBRA SPEICHER; AND TAYLOR KALIN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>          Defendant. | Case No. 13cv03451-WHA (lead)<br>Case No. 13cv04727-WHA (consolidated)<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF STIPULATION REGARDING CLASS AND PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT AND RELEASE FOR CLASS OF 105 ADDITIONAL EMPLOYEES**<br><br>Date:      January 26, 2023<br>Time:      8:00 a.m.<br>Dept.:      12 – 19th Floor<br>Judge:    Hon. William Alsup |

## NOTICE OF MOTION AND MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 26, 2023, at 8:00 a.m., or as soon thereafter as the matter may be heard, plaintiffs Amanda Frlekin, Aaron Gregoroff, Seth Dowling, Taylor Kalin, and Debra Speicher ("Plaintiffs"), will and hereby do move, pursuant to Federal Rule of Civil Procedure 23(e), for final approval of the class action settlement (the "Motion"), for which this Court granted preliminary approval on August 13, 2022 (Dkt. 476), and request that the Court:

1. Finally approve the proposed Stipulation Regarding Class and Private Attorneys General Act Settlement and Release for 105 Additional Employees (the "Separate Settlement Agreement" or "Separate Settlement"),[1] attached to the Joint Declaration of Lee S. Shalov and Kimberly A. Kralowec in Support of Motion for Preliminary Approval of Stipulation Regarding Class and Private Attorneys General Act Settlement and Release for Class of 105 Additional Employees dated July 1, 2022 ("Joint Declaration") as Exhibit 1 (Dkt. 449-1);

2. Enter a final approval order in the form attached to the Separate Settlement Agreement as Exhibit B; and

3. Enter judgment in the form attached to the Separate Settlement Agreement as Exhibit C.

As discussed in the accompanying memorandum, Plaintiffs make this Motion on the same grounds as their motion for final approval of the November 2021 Settlement Agreement (Dkt. 446), which the Court granted pursuant to its Order dated August 13, 2022 (Dkt. 474). More specifically, in connection with the notice process that went forward after the Court granted preliminary approval of the November 2021 Settlement Agreement ("Preliminary Approval Order"), Apple discovered that the Class of 105 Additional Employees, who collectively worked 10,781 shifts at a California retail location between August 3, 2015 and December 31, 2015, should have been included in the November 2021 Settlement Agreement, and been provided notice of it, but were not. To ensure the Class of 105 Additional Employees receive relief for the shifts they worked during the Class Period

---

[1] Unless otherwise defined, capitalized terms used herein shall have the same meaning as used in the Separate Settlement Agreement.

and without delaying relief to the Settlement Class Members pursuant to the November 2021 Settlement Agreement or otherwise compromising the interests of the Settlement Class Members in any respect, the Parties entered into the Separate Settlement Agreement.[2]  Except as modified by the Separate Settlement Agreement, the settlement of the claims of the Class of 105 Additional Employees is pursuant to the same terms as in the November 2021 Settlement Agreement.  The Court granted preliminary approval of the Separate Settlement Agreement pursuant to its Order dated August 13, 2022 (Dkt. 476).

Just like the November 2021 Settlement Agreement, the Separate Settlement Agreement is fair, reasonable, and adequate; was negotiated at arm's-length; is not collusive; and is in the best interests of the class.  Additionally, the approved class administrator, Angeion Group ("Angeion"), provided notice to the Class of 105 Additional Employees[3] by U.S. mail and by email where email addresses were available, as directed by the Court and in a manner consistent with due process.  Angeion also maintained a toll-free number and a website with links to documents relevant to the action.  The notice provided was the best notice practicable under the circumstances in compliance with Rule 23(e) and due process.  As of the date of this filing, only one member of the Class of 105 Additional Employees has opted out and none have filed objections.

The Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Joint Declaration dated July 1, 2022; the Joint Declaration of Lee S. Shalov and Kimberly A. Kralowec in Support of Motion for Final Approval of Stipulation Regarding Class and Private Attorneys General Act Settlement and Release of For Class of 105 Additional Employees

---

[2]     Initially, the parties calculated the net shift value under the November 2021 Settlement Agreement to be $2.80 per shift based on Plaintiffs' request for attorneys' fees of 1/3 of the Total Settlement Amount under the November 2021 Settlement Agreement and Plaintiffs' request for Class Representative Payments and Service Payment in the total amount of $50,000.  However, as a result of the Court's determinations regarding Plaintiffs' Motions for Award of Attorneys' Fees and Litigation Costs (Dkt. 434) and Class Representative Payments and Named Plaintiff Service Award (Dkt. 435), the net shift value under the November 2021 Settlement Agreement increased from $2.80 to $2.95, and therefore the value of the Separate Settlement increased from $32,171.58 to $33,895.06.  Accordingly, to account for the increase in the net shift value and to ensure the Class of 105 Additional Employees are compensated on the same net shift value as the Settlement Class Members under the November 2021 Settlement Agreement, Apple agreed to pay $33,895.06 under the Separate Settlement.

[3]     Pursuant to the Court's Order dated August 13, 2022 (Dkt. 476), the Court certified, for settlement purposes only, a class comprised of the Class of 105 Additional Employees.

(dated January 6, 2023 and filed herewith); the Declaration of Steven Platt of Angeion Group Regarding Notice Dissemination and Administration (dated January 6, 2023 and filed herewith); the previously filed Motion for Preliminary Approval of Stipulation Regard Class and Private Attorneys General Act Settlement and Release for Class of 105 Additional Employees (including the declarations and exhibits submitted in connection with that motion) (Dkt. 448, 449); the previously filed motion for final approval of the November 2021 Settlement Agreement (including the declarations and exhibits submitted in connection with that motion) (Dkt. 446); the pleadings and papers filed in this case; and oral argument and any additional material that may be elicited at the hearing on the Motion.

Dated: January 6, 2022

Respectfully submitted,

By:      /s/Lee S. Shalov
         Lee S. Shalov
         Brett R. Gallaway
         Jason S. Giaimo
         McLaughlin & Stern, LLP
         260 Madison Avenue
         New York, NY 10016
         Tel: (212) 448-1100
         lshalov@mclaughlinstern.com
         bgallaway@mclaughlinstern.com
         jgiaimo@mclaughlinstern.com

         /s/Kathleen Styles Rogers
         Kimberly A. Kralowec
         Kathleen Styles Rogers
         Kralowec Law, P.C.
         3132A 24th Street
         San Francisco, California 94110
         Tel: (415) 546-6800
         kkralowec@kraloweclaw.com
         krogers@kraloweclaw.com

         Class Counsel

1

2

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

3

## I.    INTRODUCTION

4

The parties present to the Court for final approval the Stipulation Regarding Class and

5

Private Attorneys General Act Settlement and Release for 105 Additional Employees ("Separate

6

Settlement Agreement" or "Separate Settlement"), which the Court preliminarily approved pursuant

7

to its Order dated August 13, 2022 (Dkt. 476).[1]  This motion is made on the same grounds as

8

Plaintiffs' motion for final approval of the November 2021 Settlement Agreement (Dkt. 446), which

9

the Court granted pursuant to its Order dated August 13, 2022 (Dkt. 474).

10

More specifically, in connection with the notice process that occurred after the Court granted

11

preliminary approval of the November 2021 Settlement Agreement ("Preliminary Approval Order"),

12

Apple identified the Class of 105 Additional Employees who should have been included in the

13

November 2021 Settlement Agreement, and been provided notice of it, but were not. The Class of

14

105 Additional Employees collectively worked 10,781 shifts at a California retail location between

15

August 3, 2015 and December 31, 2015.  To ensure the Class of 105 Additional Employees receive

16

relief for the shifts they worked during the Class Period and without delaying relief to the Settlement

17

Class Members pursuant to the November 2021 Settlement Agreement or otherwise compromising

18

the interests of the Settlement Class Members in any respect, the Parties entered into the Separate

19

Settlement Agreement.[2]

20

Specifically, subject to final Court approval, to resolve the claims of the Class of 105

21

Additional Employees, Apple shall pay $33,895.06 under the Separate Settlement.  Specifically,

22

Apple shall pay $31,803.95, which is equal to $2.95 per shift for the 10,781 shifts worked by the

23

Class of 105 Additional Employees during the Class Period according to Apple's records.[3]  The

24

---

25

[1]     Unless otherwise defined, capitalized terms used herein shall have the same meaning as used in the Separate Settlement Agreement.

26

[2]     Except as modified by the Separate Settlement Agreement, the settlement of the claims of the Class of 105 Additional Employees is pursuant to the same terms as in the November 2021 Settlement Agreement.

27

[3]     Initially, the parties calculated the net shift value under the November 2021 Settlement Agreement to be $2.80 per shift based on Plaintiffs' request for attorneys' fees of 1/3 of the Total

28

{N0550709.1}                4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

valuation of $2.95 per shift is based on the *net* per-shift amount Apple agreed to pay pursuant to the November 2021 Settlement Agreement.[4]   In addition, to avoid prejudice to the Class of 105 Additional Employees, who should have been included in the Employee List provided to the Settlement Administrator in connection with the November 2021 Settlement Agreement, Apple shall pay six months' simple interest at the rate of 10% per annum, for a total of $1,614.05 in interest. Additionally, Apple will pay $477.06 to resolve the PAGA Claims pursued by Plaintiffs Kalin and Frlekin on behalf of the Class of 105 Additional PAGA Employees.  The Total Settlement Amount for the Separate Settlement Agreement is therefore $33,895.06.

Moreover, to ensure the Class of 105 Additional Employees were provided an opportunity to object to or request exclusion from the Separate Settlement Agreement, the Class of 105 Additional Employees received notice of the Separate Settlement Agreement in substantially the same manner that the Settlement Class Members received notice of the November 2021 Settlement Agreement.  To this end, the Court-approved class administrator, Angeion Group ("Angeion"), provided notice to the Class of 105 Additional Employees by U.S. mail and by email where email addresses were available, as directed by the Court and in a manner consistent with due process. Angeion also maintained a toll-free number and a website with links to documents relevant to the action.  As of the date of this filing, none of the members of the Class of 105 Additional Employees have objected to the Separate Settlement Agreement and only one member has opted out.

For these reasons and as further set forth below, as well as for the reasons set forth in

---

Settlement Amount under the November 2021 Settlement Agreement and Plaintiffs' request for Class Representative Payments and Service Payment in the total amount of $50,000. However, as a result of the Court's determinations regarding Plaintiffs' Motions for Award of Attorneys' Fees and Litigation Costs (Dkt. 434) and Class Representative Payments and Named Plaintiff Service Award (Dkt. 435), the net shift value under the November 2021 Settlement Agreement increased from $2.80 to $2.95, and therefore the value of the Separate Settlement increased from $32,171.58 to $33,895.06.  Accordingly, to account for the increase in the net shift value and to ensure the Class of 105 Additional Employees are compensated on the same net shift value as the Settlement Class Members under the November 2021 Settlement Agreement (*i.e.*, $2.95 per shift), Apple agreed to pay $33,895.06 under the Separate Settlement.

[4]     More specifically, in granting final approval of the November 2021 Settlement Agreement, the Court approved an award of attorneys' fees to Plaintiffs' counsel in the amount of 30% of the Total Settlement Amount and awarded Class Representative Payments and a Service Award in the total amount of $10,000.  Dkt. 474.  As a result, the net shift value under the November 2021 Settlement Agreement increased from $2.80 per shift to $2.95 per shift.

Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement (Dkt. 446) and Plaintiffs' Motion for Preliminary Approval of the Separate Settlement Agreement (Dkt. 448, 449), which are expressly incorporated by referenced herein, Plaintiffs respectfully request that the Court grant final approval of the Separate Settlement.

## II.  SUMMARY OF THE SETTLEMENT TERMS

Plaintiffs presume the Court's familiarity with the litigation and rely upon the summary of the litigation in Plaintiffs' Motion for Preliminary Approval of the November 2021 Settlement Agreement (Dkt. 416), including the Joint Declaration of Lee S. Shalov and Kimberly A. Kralowec in support (Dkt. 416-1), Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement, including the declarations and exhibits submitted in connection with that motion (Dkt. 446), Plaintiffs' Motion for Preliminary Approval of the Separate Settlement, the declarations and exhibits submitted in connection with that motion (Dkt. 448, 449), the accompanying Declaration of Lee S. Shalov and Kimberly A. Kralowec in Support of Motion for Final Approval of Stipulation Regarding Class and Private Attorneys General Act Settlement and Release of For Class of 105 Additional Employees (dated January 6, 2023 and filed herewith), and the Declaration of Steven Platt of Angeion Group Regarding Notice Dissemination and Administration (dated January 6, 2023 and filed herewith), all of which are expressly incorporated by reference herein. For the Court's ease of reference, however, Plaintiffs briefly summarize the pertinent terms of the Separate Settlement Agreement.

### A.  Consideration

After the Court's Preliminary Approval Order, Apple learned of the Class of 105 Additional Employees, who worked a total of 10,781 shifts during the Class Period.  *See* Dkt. 446-4, ¶ 10.  To ensure the Class of 105 Additional Employees receive the same net payment per shift as all other Settlement Class Members, Apple shall pay $31,803.95, which is equal to $2.95 per shift for the 10,781 shifts worked by the Class of 105 Additional Employees during the Class Period according to Apple's record.  *See* Dkt. 449-1 at § 1.39; Dkt. 470.  The valuation of $2.95 per shift is based on

the *net* per-shift amount Apple agreed to pay pursuant to the November 2021 Settlement Agreement. *See id.*

In addition, to avoid prejudice to the Class of 105 Additional Employees, who should have been included in the Employee List provided to the Settlement Administrator in connection with the November 2021 Settlement Agreement, Apple shall pay six months' simple interest at the rate of 10% per annum, for a total of $1,614.05 in interest. *See id.* Additionally, Apple will pay $477.06 to resolve the PAGA Claims pursued by Plaintiffs Kalin and Frlekin on behalf of the Class of 105 Additional PAGA Employees. *See id.* The Total Settlement Amount for the Separate Settlement Agreement is therefore $33,895.06. *See id.*

### B.  Releases

Just like in the November 2021 Settlement Agreement, which this Court finally approved (Dkt. 474), if the Separate Settlement is finally approved, the Class Representatives and the Participating Settlement Class Members will release the Released Parties from all Class Claims, while Plaintiffs Kalin and Frlekin, the PAGA Settlement Class Members, and the State of California will release the Released Parties from the PAGA Claims. *See* Dkt. 449-1 at §§ 3.4.2, 3.4.3. "Class Claims" and "PAGA Claims" are narrowly defined and limited to claims arising out of the facts alleged in the Action—that is, claims arising out of Apple's failure to pay for all time worked pursuant to the bag check policy. *See id.* at §§ 1.5, 1.21.

### C.  Notice

As further set forth in the accompanying Declaration of Steven Platt dated January 6, 2023 ("Platt Dec."), notice of the Separate Settlement was effectuated by Angeion in accordance with the Separate Settlement Agreement (Dkt. 449-1) and the Court's Order granting preliminary approval of the Separate Settlement Agreement (Dkt. 476). Specifically, on August 18, 2022, Angeion received the Additional Employee List from Apple, which contained information for the Class of 105 Additional Employees, including, *inter alia*, their names, employee numbers, addresses, email addresses (where available), indicators for whether the individual is a PAGA Settlement Class Member, number of shifts worked during the Class Period, and number of pay periods worked during

{N0550709.1}                                        7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

the PAGA Period.  *See* Platt Dec. at ¶ 4.  Upon the receipt of the Additional Employee List, Angeion used this information to calculate and individualize the Notices of Settlement to be sent to each of the Class of 105 Additional Employees.  *See id.*  Thereafter, Angeion conducted a national change of address search and skip trace to obtain the most recent mailing address for each of the Class of 105 Additional Employees.  *See id.* at ¶ 10.  On August 29, 2022, Angeion caused the Notices of Settlement to be mailed to all of the Class of 105 Additional Employees included on the Additional Employee List, via USPS first-class mail, postage prepaid.  *See id.* at ¶ 11.  Notices returned as undeliverable by the USPS without a forwarding address were processed through address verification searches and re-mailed to the updated addresses located through this process.  *See id.* at ¶ 12.  As a result of these efforts, all eight Notices that were originally returned as undeliverable were re-mailed.  *See id.*

Prior to distributing Notices of Settlement via email, Angeion performed an extensive analysis of the class data records that contain an email address.  *See id.* at ¶¶ 5-7.  The email addresses were subjected to an email cleansing and an email validation process whereby each email address was verified by contacting the Internet Service Provider to determine if the email address exists.  *See id.*  Thereafter, Angeion caused the distribution of the Notices of Settlement via email to the valid email addresses included on the Additional Employee List for the Class of 105 Additional Employees.  *See id.* at ¶ 9.  Specifically, on August 29, 2022, Angeion disseminated Notice via email to 71 valid email addresses included on the Additional Employee List.  *See id.*  The email notice successfully delivered to all 71 email addresses.  *Id.*

In addition to mailing and emailing Notices of Settlement, Angeion also maintained a toll-free number and a website with links to documents relevant to the Action.  *Id.* at ¶¶ 13-15.  Additionally, Class Counsel and Apple maintained a link to the settlement website on their respective websites.  *See* Dkt. 443, 444, & 445.

### D.   <u>Allocation</u>

Just like the allocation formula set forth in the November 2021 Settlement Agreement that this Court finally approved (Dkt. 474), pursuant to the Separate Settlement Agreement, Participating

Settlement Class Members' shares (referred to in the Separate Settlement Agreement as the "Individual Class Payments") will be calculated pro rata based on the number of shifts they worked at an Apple retail store in California during the Class Period (*i.e.*, from July 25, 2009 through and including December 31, 2015). *See* Dkt. 449-1 at §§ 1.13, 1.7. This is consistent with the November 2021 Settlement Agreement (*see* Dkt. 416-1, Dkt. 474) and other judicially approved individual settlement class member payments in other bag check and security check class settlements. *See, e.g., Lao v. H&M Hennes & Morvitz*, LP, 16-cv-00333, Dkt. Nos. 158, 167 (N.D. Cal. 2016); *Greer v. Dick's Sporting Goods*, 15-cv-01063, Dkt. Nos. 73, 89 (C.D. Cal. 2015); *Tellez v. Ulta Salon, Cosmetics & Fragrance Inc.*, 18-cv-02480, Dkt. Nos. 32, 41 (S.D. Cal. 2018); *Mejia v. Walgreen Co.*, 19-cv-00218, Dkt. Nos. 21, 30 (E.D. Cal. 2019); *Chavez v. Converse Inc.*, 15-cv3746, Dkt. Nos. 210, 219 (N.D. Cal. 2015).

## III.   THIS SETTLEMENT MEETS THE STANDARDS GOVERNING JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

It is well-established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution," particularly where class action litigation is involved. *See Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). In determining if a class settlement warrants final approval under Federal Rule of Civil Procedure 23, the district court must find that the settlement is "fair, reasonable, and adequate" considering whether: (i) the class representatives and class counsel have adequately represented the class; (ii) the proposal was negotiated at arms'-length; (iii) the relief provided for the class is adequate; and (iv) the proposal treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(A)-(D); *see also Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2003); *Blair v. Rent-A-Center, Inc.* 2020 WL 408970, at *2 (N.D. Cal. Jan. 24, 2020) (Alsup, J.) (identifying various factors courts look at in determining whether a settlement is fair, reasonable, and adequate). The Court should also balance the continuing risks of litigation against the benefits afforded to the

{N0550709.1}                                      9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

class and the immediacy and certainty of a substantial recovery.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D 523, 526 (C.D. Cal. 2004).  When, as here, a proposed class settlement is negotiated at arms'-length and presented for court approval, there is an initial presumption of fairness.  *See* Newberg and Conte, Newberg on Class Actions (4th ed. 2002), § 11:41, p. 90.

As the Ninth Circuit has explained, a decision "to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 458.  The function of final approval is merely to "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned."  *Officers for Justice*, 688 F.2d at 625; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (the question is "not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.").  As such, courts have taken a liberal approach towards approval of class action settlements.  Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms.*, 221 F.R.D. at 526.

Guidelines issued by this District also require Class Counsel to include in their motion for final approval of the settlement:

> information about the number of undeliverable class notices and claim packets, the number of class members who submitted valid claims, the number of class members who elected to opt out of the class, and the number of class members who objected to or commented on the settlement. In addition, the motion for final approval should respond to any objections.

*See* Procedural Guidance for Class Action Settlements (updated November 1, 2018 and December 5, 2018) at *https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements*.

Here, the Separate Settlement is fair, reasonable, and adequate, and is a highly favorable result for the class.  Indeed, the Separate Settlement compensates the Class of 105 Additional

Employees on the same *net* per-shift amount Apple agreed to pay pursuant to the November 2021 Settlement Agreement.  As further set forth in Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement (Dkt. 446), Class Counsel and the Class Representatives have adequately represented the class, having vigorously litigated this action for nearly nine years against one of the largest technology companies in the world.  To this end, Class Counsel and the Class Representatives overcame significant hurdles in ultimately prevailing on liability against Apple, leading to the significant November 2021 Settlement Agreement and the Separate Settlement. Additionally, the November 2021 Settlement Agreement was negotiated at arms'-length over the course of three different mediations, each of which were overseen by an experienced and well-respected mediator. The Separate Settlement was likewise negotiated at arms'-length between sophisticated counsel after learning of the Class of 105 Additional Employees.  To this end, Class Counsel negotiated the Separate Settlement to ensure the Class of 105 Additional Employees received the same *net* shift payment as the Settlement Class Members under the November 2021 Settlement Agreement, and further negotiated an additional payment of six months' simple interest at the rate of 10% per annum to further ensure the Class of 105 Additional Employees were not in any way prejudiced.

The proposal also treats class members equitably relative to each other based on an allocation that is driven by the number of shifts each Settlement Class Member worked. Additionally, notice of the Separate Settlement was the best notice practicable under the circumstances.  To this end, notice was distributed by Angeion, an experienced settlement claims administrator, in accordance with the Court's Order granting preliminary approval of the Separate Settlement Agreement (Dkt. 476), as further discussed in Part V, below.

 For these reasons, as further set forth below and in Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement (Dkt. 446), the Separate Settlement warrants final approval.

## IV.     THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

A district court may approve a proposed class settlement only upon finding that it is fair,

reasonable, and adequate, taking into account: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Blair*, 2020 WL 408970, at *2 (citing Fed. R. Civ. P. 23(e)).   Each of these factors were addressed at length in Plaintiffs' Motion for Preliminary Approval of the November 2021 Settlement Agreement – which the Court considered and found "weigh in favor of the settlement" (Dkt. 431 at p. 8) – and were expressly incorporated into Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement (Dkt. 446), which the Court granted (Dkt. 474).   Pursuant to Rule 23(e)(2), the Court should also consider whether (i) the class representatives and class counsel have adequately represented the class; (ii) the proposal was negotiated at arms'-length; (iii) the relief provided for the class is adequate; and (iv) the proposal treats class members equitably relative to each other.  *See* Fed. R. Civ. P. 23(e)(2)(A)-(D).

**A.  <u>The Class Representatives and Class Counsel Have Adequately Represented the Class</u>**

Class Counsel and the Class Representatives overcame significant hurdles for the benefit of the class, ultimately culminating in the substantial $30.5 million settlement, of which the Class of 105 Additional Employees will participate by way of the Separate Settlement Agreement.   The hurdles and the benefits achieved as a result of the efforts of Class Counsel and the Class Representatives are further set forth in Plaintiffs' Motion for Final Approval of the November 2021 Settlement Agreement (Dkt. 446).  Plaintiffs briefly highlight the pertinent facts here:

- Plaintiffs successfully defeated Apple's first motion for summary judgment (Dkt. 166);

- Plaintiffs successfully moved for class certification (Dkt 297);

- Plaintiffs were successful in defeating Apple's Rule 23(f) petition challenging the class certification order (Dkt. 333);

- Class notice was completed in September 2015.  Dkt. 378, ¶ 3.  Only 407 out of

14,291 class members (2.8%) opted out and no class member intervened. *Id.*; *see* Dkt. 416-1, ¶ 13;

- After class certification, the Court granted Apple's second motion for summary judgment and denied Plaintiffs' motion for summary judgment. Dkt. 339.  Through the substantial work and advocacy of Class Counsel, however, Plaintiffs achieved a complete victory before the California Supreme Court for the benefit of the class. Specifically, the Supreme Court held that all search-related time was compensable as a matter of law under the "control" test of Wage Order 7.  *Frlekin*, 8 Cal.5th at 1045-57.  Thereafter, Plaintiffs successfully opposed Apple's petition for rehearing, which the Supreme Court summarily denied on May 13, 2020.  The next day, the Court advised the Ninth Circuit by letter that its opinion was final.  U.S. Court of Appeals, Ninth Circuit, Case No. 15-17382, Dkt. 71; Dtk. 434-5;

- On September 2, 2020, the Ninth Circuit held that Apple's summary judgment motion should have been denied and that Plaintiffs' summary judgment motion should have been granted.  *Frlekin v. Apple, Inc.*, 973 F.3d 947 (9th Cir. 2020).  On April 14, 2021, in accordance with the Ninth Circuit's second opinion, this Court vacated the judgment in Apple's favor, denied Apple's summary judgment motion, granted plaintiffs' motion on liability, and vacated the $34,859.12 costs award.  Dkt. 407.

Soon after the California Supreme Court decision, the parties agreed to participate in mediation.  After lengthy and hard-fought negotiations, Apple agreed to pay $29.9 million to settle the case (which, as discussed further in Plaintiff's Motion for Final Approval of the November 2021 Settlement Agreement, was increased to approximately $30.5 million).

Additional significant hurdles remained if the case proceeded to trial.  On the issue of the base amount of unpaid wages owed for the time spent waiting for and undergoing bag checks ("Checks"), Apple repeatedly claimed that the amount of time spent undergoing Checks was *de minimis* and that the time is therefore non-compensable under California law.  Apple also repeatedly

{N0550709.1}                                    13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

argued that the unpaid wages should be calculated using the minimum wage rates in effect at the time of the Checks, rather than the contract rates. These arguments, if accepted, would significantly reduce, if not eliminate, the Class Members' claim for base unpaid wages and interest, including the claims of the Class of 105 Additional Employees. The average minimum wage during the relevant period ($8.26) is less than 40% of the estimated average contract rate ($20.89). Even assuming the Class Members, including the Class of 105 Additional Employees, overcame these hurdles, the derivative claims for waiting time and wage statement penalties under Labor Code sections 203 and 226(e), and for liquidated damages under Labor Code section 1194.2, would be subject to even more potential defenses. Throughout the litigation, Apple contended that waiting time and wage statement penalties both require proof that the employer's conduct was "willful" and in order to recover these penalties, the Class Members (including the Class of 105 Additional Employees) must have suffered a separate "injury" beyond their lost wages. Apple made clear its intention to argue that it believed in "good faith" that the Check time was not compensable under California law, which, according to Apple, represented a complete defense to the claims for waiting time and wage statement penalties, as well as liquidated damages. Any or all of these defenses might have wholly eliminated Class Members' and the Class of 105 Additional Employees' ability to recover these forms of relief, which represent the lion's share of their projected maximum potential damages.

Additionally, as the Court recognized in the Preliminary Approval Order, despite Plaintiffs prevailing on liability, "this case remains reasonably complex" and would require "one or more damages trials" during which class members would be subject to cross-examination regarding the estimated bag checks they suffered. Dkt. 431 at 7. In light of these potential impediments to recovery, and in recognition of the significant victories obtained by Class Counsel in the litigation, including a determination that Apple is liable to Class Members and the Class of 105 Additional Employees for the time spent undergoing Checks, Class Counsel negotiated the November 2021 Settlement Agreement and thereafter the Separate Settlement Agreement, which provides immediate and substantial relief to the class. Class Counsel and the Class Representatives have more than adequately represented the class.

1

### B. The Settlement Was Negotiated at Arms'-Length

The November 2021 Settlement Agreement was reached only after the parties engaged in three full-day mediation sessions before two well-respected mediators.  Specifically, the Parties first engaged in a Settlement Conference before Magistrate Judge Joseph C. Spero on October 1, 2015 (Dkt. 312), followed by two full-day mediation sessions with Hon. Jay C. Gandhi (Ret.) of JAMS on October 20, 2020 and December 12, 2020, and a full-day mediation session with Hon. Edward A. Infante (Ret.) of JAMS on May 6, 2021.  In fact, the November 2021 Settlement Agreement amount resulted from a mediator's proposal made by Judge Infante at the conclusion of the Parties' last mediation session.  The Court finally approved the November 2021 Settlement Agreement, holding that "the Settlement has been reached as the result of serious and non-collusive arms-length negotiations."  Dkt. 474 at p. 4.

The Separate Settlement was likewise reached as the result of serious and non-collusive arms-length negotiations.  Specifically, after learning of the Class of 105 Additional Employees, Class Counsel negotiated the terms of the Separate Settlement to ensure the Class of 105 Additional Employees received the same *net* shift payment as the Settlement Class Members under the November 2021 Settlement Agreement.  Additionally, to avoid prejudice to the Class of 105 Additional Employees, who should have been included in the Employee List provided to the Settlement Administrator in connection with the November 2021 Settlement Agreement, the parties agreed that Apple shall pay six months' simple interest at the rate of 10% per annum, for a total of $1,614.05 in interest.  Class Counsel further ensured that the Class of 105 Additional Employees received adequate notice of the Separate Settlement and an opportunity to object and opt-out, which none of the members of Class of 105 Additional Employees have done.

### C. The Relief for the Class is Adequate

The November 2021 Settlement Agreement and the Separate Settlement provide substantial relief for the class.  Specifically, taken together, the $30.5 million settlement is the largest bag check settlement in California history and compares extremely favorably to other bag check/security check cases, both in terms of the total dollar value and the average amount of recovery per class member.

*See Lao v. H&M Hennes & Morvitz, LP*, 16-cv-00333, Dkt. Nos. 163, 167 (N.D. Cal. 2016) ($3.8 million settlement approved on behalf of approximately 13,500 class members, representing 9.6% of total possible recovery and average $164.17 per class member); *Chavez v Converse Inc.*, 15-cv-3746, Dkt. Nos. 217, 219 (N.D. Cal. 2015) ($1.875 million settlement approved on behalf of approximately 1,500 class members, representing 7.6% of total possible recovery and average $363.63 per class member); *Greer v. Dick's Sporting Goods*, 15-cv-01063, Dkt. Nos. 81, 89 (C.D. Cal. 2015) ($2.9 million settlement approved on behalf of approximately 10,700 class members, with an average payment per class member of $155).

The Class of 105 Additional Employees are being compensated on the same net payment per shift as all other Settlement Class Members.  In addition to ensuring that the Class of 105 Additional Employees are being compensated on the same net payment per shift as all other Settlement Class Members, Apple shall pay six months' simple interest at the rate of 10% per annum and $477.06 to resolve the PAGA Claims pursued by Plaintiffs Kalin and Frlekin on behalf of the Class of 105 Additional PAGA Employees.  *See* Dkt. 449-1; Dkt. 470.  The Total Settlement Amount for the Separate Settlement Agreement is therefore $33,895.06.  *See id.*

The results achieved are exceptional and fully support approval of the Settlement.  *See, e.g.,* *Karl v. Zimmer Blomet Holdings, Inc.*, 2022 WL 658970, at *2 (N.D. Cal. Mar. 4, 2022) (Alsup, J.) (approving settlement representing 6.9% of defendant's total exposure); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1020-21 (E.D. Cal. 2019) (approving settlement where the class would recover 48% to 80% of estimate *gross* damages and 31% to 51% of estimated *net* damages); *In re Anthem, Inc. Data Breach Litigation*, 2018 WL 3960068, at *10 (N.D. Cal. Aug. 17, 2018) (approving settlement where the settlement fund represented 14.5% of the projected recovery that class members would be entitled to if they prevailed); *In re Critical Path, Inc.*, 2002 WL 32627559, at *5-6 (N.D. Cal. June 18, 2002) (Alsup, J.) (approving settlement representing 8.5% of estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (finding a settlement amount of one-sixth of the potential recovery to be fair and reasonable).

In addition to the monetary recovery, Plaintiffs obtained a published, binding California

Supreme Court opinion construing the "control" test for compensable "hours worked," and doing so broadly in favor of protecting the class. Apple discontinued its bag check policy in December 2015. Still, this opinion will preclude Apple from re-imposing an unpaid security search policy on any of its current and future retail store employees in California, functioning as a *de facto* injunction of such conduct and eliminating any purported "good faith" defense on Apple's part. Plaintiffs estimate that Apple's employees have either been paid or been spared over $4.7 million in average estimated unpaid search time as a result of the successful prosecution of this action. *See* Dkt. 434 at 16; *see also* Dkt. 416-1, ¶¶ 65-66 (explaining figures used to compute estimated average unpaid wages).

### D. <u>The Proposed Settlement Treats Class Members Equitably Relative to Each Other</u>

The Separate Settlement treats each member of the Class of 105 Additional Employees equitably relative to each other and to the Settlement Class Members under the November 2021 Settlement Agreement, as each Participating Settlement Class Member will receive payment calculated pro rata based on the number of shifts he or she worked at an Apple retail store in California during the Class Period (July 25, 2009 through December 31, 2015). *See* Separate Settlement Agreement at § 1.13. Specifically, each Participating Class Member will receive, from the Net Settlement Amount, his or her Individual Class Payment, calculated on a *pro rata* basis based on the number of shifts each Participating Settlement Class Member worked at an Apple retail store in California during the Class Period, calculated by dividing a Participating Settlement Class Member's individual shifts worked by the total of all shifts worked by all Participating Settlement Class Members during the Class Period, and multiplying this result by the Net Settlement Amount. *See id.* at §§ 1.14, 3.4.1.3. The number of shifts worked by each Participating Settlement Class Member for the purposes of calculating Individual Class Payments is based on Apple's business records as reflected in its Additional Employee List. *Id.* at §§ 1.14, 3.4.1.3. This is consistent with the November 2021 Settlement Agreement (Dkt. 416) and other judicially approved individual settlement class member payments in other bag check and security check class settlements. *See, e.g., Lao v. H&M Hennes & Morvitz*, LP, 16-cv-00333, Dkt. Nos. 158, 167 (N.D. Cal. 2016) ; *Greer v. Dick's Sporting Goods*, 15-cv-01063, Dkt. Nos. 73, 89 (C.D. Cal. 2015) ; *Tellez v. Ulta Salon,*

{N0550709.1}                                          17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

*Cosmetics & Fragrance Inc.*, 18-cv-02480, Dkt. Nos. 32, 41 (S.D. Cal. 2018); *Mejia v. Walgreen Co.*, 19-cv-00218, Dkt. Nos. 21, 30 (E.D. Cal. 2019); *Chavez v. Converse Inc.*, 15-cv3746, Dkt. Nos. 210, 219 (N.D. Cal. 2015).  In addition, the Class of 105 Additional PAGA Employees includes all members of the Class of 105 Additional Employees, each of whom will receive a share of the additional PAGA Settlement Amount.  *See* Separate Settlement at §§ 1.4, 1.14, 1.25.

### E.  **The Reaction of the Class Favors Approval**

In evaluating the fairness, reasonableness, and adequacy of a settlement, courts also consider the reaction of the class.  *See Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Reyes v. Bakery and Confectionery Union and Industry International Pension Fund*, 281 F. Supp. 3d 833, 848 (N.D. Cal. 2017) ("class members' positive reaction to a settlement weighs in favor of settlement approval"); *Arnold v. Fitflop USA, LLC*, 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (the reaction of the class to the proposed settlement "presents the most compelling argument favoring settlement.").  Indeed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Reyes*, 281 F. Supp. 3d at 848) (internal quotations omitted); *see also Hanlon*, 150 F.3d at 1027 ("the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.").

Here, the reaction of the class favors approval.  The Notices of Settlement advised the Class of 105 Additional Employees of the terms of the Separate Settlement and the plan of allocation.  *See* Dkt. 449-1.  As of the date of this filing, not a single member of the Class of 105 Additional Employees has filed an objection to the Separate Settlement and only one member has opted out. *See* Platt Dec., ¶¶ 33-34.  Accordingly, this factor weighs in favor of final approval of the Separate Settlement.

## V.  **NOTICE TO THE CLASS WAS ADEQUATE**

Notice of a class action settlement "must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

{N0550709.1}                                                 18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SEPARATE SETTLEMENT
Case No. 13-cv-03451 WHA

their objections.'" *Blair¸* 2020 WL 408970 at *2 (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The notice must describe "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard.'" *Luna v. Marvell Tech Grp.*, 2018 WL 1900150, at *2 (N.D. Cal. Apr. 20, 2018) (Alsup, J.) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). Notice by mail is sufficient to provide due process to known affected parties, so long as the notice is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *See Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 452 (E.D. Cal. 2013).

Notice of the Separate Settlement was effectuated in the same manner as notice of the November 2021 Settlement Agreement, which the Court approved. Dkt. 474. Specifically, notice of the Separate Settlement was effectuated by Angeion in accordance with the Separate Settlement Agreement (Dkt. 449-1) and the Court's Order granting preliminary approval of the Separate Settlement Agreement (Dkt. 476). To this end, upon the receipt of the Additional Employee List, Angeion used this information to calculate and individualize the Notices of Settlement to be sent to each member of the Class of 105 Additional Employees. *See* Platt Dec. at ¶ 4. Thereafter, Angeion conducted a national change of address search and skip trace to obtain the most recent mailing address for each member of the Class of 105 Additional Employees. *See id.* at ¶ 10. On August 29, 2022, Angeion caused the Notices of Settlement to be mailed to all members of the Class of 105 Additional Employees included on the Additional Employee List, via USPS first-class mail, postage prepaid. *See id.* at ¶ 11. Notices returned as undeliverable by the USPS without a forwarding address were processed through address verification searches and re-mailed to the updated addresses located through this process. *See id.* at ¶ 12. As a result of these efforts, all eight Notices that were originally returned as undeliverable were re-mailed. *See id.*

On August 29, 2022, Angeion also distributed the Notices of Settlement via email to the 71 valid email addresses included on the Additional Employee List. *See id.* at ¶ 9. The email was successfully delivered to all 71 email addresses. *Id.* In addition to mailing and emailing Notices,

Angeion also maintained a toll-free number and a website with links to documents relevant to the Action. *Id.* at ¶¶ 13-15.  Additionally, Class Counsel and Apple maintained a link to the settlement website on their respective websites. *See* Dkt. 443, 444, & 445.

The Notices of Settlement advised members of the Class of 105 Additional Employees of the essential terms of the Settlement, sets forth the procedure and deadline for submitting objections, identified contacts for additional information, and provided specifics regarding the date, time, and place of the final fairness hearing.  The Notices also included: (1) the estimated amount of the Separate Settlement the class member can expect to receive; (2) the name, telephone number, and address of Class Counsel who have been reasonably available to answer questions from class members; (3) a brief statement explaining the reasons why the parties are proposing the Separate Settlement; (4) the plan of allocation; and (5) a website dedicated to the Separate Settlement (www.applebagchecksettlement.com) with information and links to pertinent documents.  The content and manner of service of the Notices of Settlement satisfies Rule 23(c)(2)(B).  *See Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (quoting *Mendoza v. Tucson Sch. Dist. No. 1.*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

## VI.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court finally approve the Separate Settlement, enter a final approval order in the form attached to the Separate Settlement Agreement as Exhibit B, enter judgment substantially in the form attached to the Separate Settlement Agreement as Exhibit C, together with such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally blank]*

Dated: January 6, 2022

Respectfully submitted,

By:     */s/ Lee S. Shalov*
               Lee S. Shalov
               Brett R. Gallaway
               Jason S. Giaimo
               McLaughlin & Stern, LLP
               260 Madison Avenue
               New York, NY 10016
               Tel: (212) 448-1100
               lshalov@mclaughlinstern.com
               bgallaway@mclaughlinstern.com
               jgiaimo@mclaughlinstern.com

               */s/ Kimberly A. Kralowec*
               Kimberly A. Kralowec
               Kathleen Styles Rogers
               Kralowec Law, P.C.
               3132A 24th Street
               San Francisco, CA 94110
               Tel: (415) 546-6800
               kkralowec@kraloweclaw.com
               krogers@kraloweclaw.com

               *Class Counsel*